A      IN THE UNITED STATES DISTRICT COURT
        FOR THE DISTRICT OF COLORADO
        **Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00309-MSK-KMT

SUZANNE SHELL,

  Plaintiff,

v.

AMERICAN FAMILY RIGHTS ASSOCIATION,
WILLIAM O. TOWER,
ANN TOWER,
LEONARD HENDERSON,
SUSAN ADAMS JACKSON a/k/a SUSAN WOLVERTON,
CLETUS KIEFER,
FAMILIES AT RISK DEFNESE ALLIANCE,
MARK CYGAN,
ILLINOIS FAMILY ADVOCACY COALITION,
DOROTHY KERNAGHAN-BAEZ,
GEORGIA FAMILY RIGHTS, INC.,
DENNIS HINGER,
NATIONAL ASSOCIATION OF FAMILY ADVOCATES,
AIMEE DUTKIEWICZ,
THOMAS DUTKIEWICZ,
CONNECTICUT DCF WATCH,
WILLIAM WISEMAN,
WISEMAN STUDIOS,
ANN DURAND,
BRENDA SWALLOW,
KATHY TILLEY,
DEE CONTRERAS
RANDALL BLAIR,
LLOYD PHILLIPS,
RINGO KAMENS,
CHERYL BARNES,
CPSWATCH, INC.,

DESERE' CLABO aka HOWARD
SARAH THOMPSON and
Unknown defendants Doe 1-15,

     Defendants.

# ORDER

This matter is before the court on Dorothy's Kernaghan-Baez's "Motion to Reconsider" (Doc. No. 47, filed April 17, 2009). On April 16, 2009, this court entered an order (Doc. No. 45) striking the answer filed by Dorothy Kernaghan-Baez, appearing *pro se* on behalf of Defendant National Association of Family Advocates, because a corporation must be represented by an attorney to appear in federal court. *See Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006); *Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556 (10th Cir. 2001).

Ms. Kernaghan-Baez, who also has been named as a defendant in her individual capacity and is proceeding *pro se*, files a motion for this court to reconsider the order striking the answer filed on behalf of Defendant National Association of Family Advocates, stating "NAFA is not a corporation, but an unincorporated association." (Mot. ¶ 1.)

A nonprofit association is a legal entity separate from its members for the purposes of determining and enforcing rights, duties, and liabilities in contract and tort. Colo. Rev. Stat. § 7–30–106(1) (2009). An unincorporated association's representation by a non-attorney is prohibited by Colo. Rev. Stat. § 12–5–101, which states, in pertinent part, "No person shall be permitted to practice as an attorney- or counselor-at-law or to commence, conduct, or defend any action . . . either by using or subscribing his own name or the name of any other person, without

2

having previously obtained a license for that purpose from the supreme court." *See People ex rel. Meyer v. LaPorte Church of Christ,* 830 P.2d 1150, 1151 (Colo. App. 1992). Moreover, courts "have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, <u>or associations</u> to appear in federal court otherwise than through a licensed attorney." *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993) (emphasis added).

Therefore, it is

ORDERED that the "Motion to Reconsider" (Doc. No. 47) is DENIED.

Dated this 20th day of April, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge