IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00309-MSK-KMT

SUZANNE SHELL,

    Plaintiff,

v.

AMERICAN FAMILY RIGHTS ASSOCIATION,
WILLIAM O. TOWER,
ANN TOWER,
LEONARD HENDERSON,
SUSAN ADAMS JACKSON a/k/a SUSAN WOLVERTON,
CLETUS KIEFER,
FAMILIES AT RISK DEFENSE ALLIANCE,
MARK CYAN,
ILLINOIS FAMILY ADVOCACY COALITION,
DOROTHY KERNAGHAN-BAEZ,
GEORGIA FAMILY RIGHTS, INC.,
DENNIS HINGER,
NATIONAL ASSOCIATION OF FAMILY ADVOCATES,
AIMEE DUTKIEWICZ,
THOMAS DUTKIEWICZ,
CONNECTICUT DCF WATCH,
WILLIAM WISEMAN,
WISEMAN STUDIOS,
ANN DURAND,
BRENDA SWALLOW,
KATHY TILLEY,
DEE CONTRERAS
RANDALL BLAIR,
LLOYD PHILLIPS,
RINGO KAMENS,
CHERYL BARNES,
CPSWATCH, INC.,
DESERE' CLABO aka HOWARD,

SARAH THOMPSON and
Unknown defendants Doe 1-15,

    Defendants.

## ORDER

This matter is before the court on several pending motions: (1) Defendant Dutkiewicz's "Motion to Compel Plaintiff from Sending Emails to Compel Defendants" (Doc. No. 69, filed April 24, 2009); (2) Defendant Dutkiewicz's "Motion for the Production of Documents" (Doc. No. 70, filed April 24, 2009); (3) Defendant Wiseman's "Motion for Appointment of Counsel Under 42 U.S.C. § 20003-5" (Doc. No. 79, filed April 28, 2009); and (4) Defendant Henderson's "Motion for Reconsideration of Default Judgment and Motion to Dismiss and Request for Court Appointed Counsel" (Doc. No. 83, filed April 28, 2009).

To the extent Mr. Henderson requests reconsideration of "default judgment," the motion is DENIED as moot. The Clerk of Court did not enter default against Mr. Henderson. (*See* doc. no. 86.) To the extent Mr. Henderson has filed a motion to dismiss, the motion is DENIED without prejudice. Mr. Henderson is directed to re-file the motion to dismiss as a separate document.

Mr. Wiseman and Mr. Henderson both seek court-appointed counsel. 28 U.S.C. § 1915(e) provides that "[t]he court may request an attorney to represent any person unable to afford counsel." The appointment of counsel is within the sound discretion of the district court. *Miller v. Glanz*, 948 F.2d 1562 (10th Cir.1991). The Tenth Circuit holds that "'if it is apparent

to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to represent him.'" *Id.* (quoting *McCarthy v. Weinberg*, 753 F.2d 836 (10th Cir. 1985)).  The factors to be considered in deciding whether to appoint counsel include "the merits of the litigant's claims, the nature of the factual issues raised by the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978 (10th Cir. 1995)(quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir .1991)).  To the extent Mr. Dutkiewicz seeks counsel under 42 U.S.C. § 20003-5, the motion is DENIED, as it that statutory provision relates to equal employment opportunity cases.  To the extent the defendant seek court-appointed counsel under § 1915, the motions are DENIED without prejudice as premature.  Mr. Wiseman attached his bank statement to his motion; however this information does not provide a complete financial picture such that this court may appoint counsel.  Similarly, Mr. Dutkiewicz states he is indigent but provides no documentation to support his claim of indigence.  In addition, the court is unable at this early stage to make a determination as to the merits of defendants' claims or the defendants' ability to present their claims.

Mr. Dutkiewicz's motion to compel Plaintiff from sending emails and motion for the production of document are DENIED as premature.  No scheduling conference has taken place, no scheduling order is in place, and no the court has not set discovery parameters.  Furthermore, under Fed. R. Civ. P. 26(d) a party may not seek discovery from an source before the parties have conferred as required by Rule 26(f).

Therefore, it is ORDERED:

(1) Defendant Dutkiewicz's "Motion to Compel Plaintiff from Sending Emails to Compel Defendants" (Doc. No. 69) is DENIED without prejudice as premature;

(2) Defendant Dutkiewicz's "Motion for the Production of Documents" (Doc. No. 70) is DENIED without prejudice as premature;

(3) Defendant Wiseman's "Motion for Appointment of Counsel Under 42 U.S.C. § 20003-5" (Doc. No. 79) is DENIED as stated above; and

(4) Defendant Henderson's "Motion for Reconsideration of Default Judgment and Motion to Dismiss and Request for Court Appointed Counsel" (Doc. No. 83) is DENIED as stated above.

It is further ORDERED:

(5) The Scheduling Conference set for May 19, 2009, will commence at 10:15 a.m. (rather than 10:00 a.m.). Out-of-state defendants may attend the Scheduling Conference by telephone. Any defendants who wish to attend by telephone shall send an email to Magistrate Judge Tafoya's email address (not submitted for filing to the court) at *Tafoya_Chambers@cod.uscourts.gov* advising the court of a telephone number at which they may be reached at the time of the Scheduling Conference. The plaintiff is ORDERED to appear at the scheduling conference in person.

The parties are advised that the court will not entertain any further motions related to discovery or motions for appointment of counsel until after the Scheduling Conference.

Dated this 30th day of April, 2009.

                                      **BY THE COURT:**

                                      */s/ Kathleen M. Tafoya*

                                      Kathleen M. Tafoya
                                      United States Magistrate Judge