IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00309-MSK-KMT

SUZANNE SHELL,

    Plaintiff,

v.

AMERICAN FAMILY RIGHTS ASSOCIATION,
WILLIAM O. TOWER,
ANN TOWER,
LEONARD HENDERSON,
SUSAN ADAMS JACKSON a/k/a SUSAN WOLVERTON,
CLETUS KIEFER,
FAMILIES AT RISK DEFNESE ALLIANCE,
MARK CYGAN,
ILLINOIS FAMILY ADVOCACY COALITION,
DOROTHY KERNAGHAN-BAEZ,
GEORGIA FAMILY RIGHTS, INC.,
DENNIS HINGER,
NATIONAL ASSOCIATION OF FAMILY ADVOCATES,
AIMEE DUTKIEWICZ,
THOMAS DUTKIEWICZ,
CONNECTICUT DCF WATCH,
WILLIAM WISEMAN,
WISEMAN STUDIOS,
ANN DURAND,
BRENDA SWALLOW,
KATHY TILLEY,
DEE CONTRERAS
RANDALL BLAIR,
LLOYD PHILLIPS,
RINGO KAMENS,
CHERYL BARNES,
CPSWATCH, INC.,
DESERE' CLABO aka HOWARD,

SARAH THOMPSON and
Unknown defendants Doe 1-15,

    Defendants.

## ORDER

    This matter is before the court on the "Motion for Reconsideration of Default Judgment Against AFRA" (Doc. No. 114, filed May 8, 2009).  On April 20, 2009, Plaintiff filed a motion for entry of default against Defendant American Family Rights Association ("AFRA") (Doc. No. 53), and on April 24, 2009, the Clerk of Court entered default against Defendant AFRA (Doc. No. 71).  On May 6, 2009, the plaintiff filed a motion for default judgment as to Defendant AFRA which is pending before this court.  (Doc. No. 103.)  The current motion for reconsideration is filed by another *pro se* defendant in this case, Leonard Henderson, on behalf of Defendant AFRA, objecting to the motion for default judgment.  (Doc. No. 114.)

    It is a "long-standing rule that a corporation must be represented by an attorney to appear in federal court."  *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) (footnote and citations omitted).  A corporation cannot appear through a non-attorney corporate officer appearing *pro se*.  *Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556 (10th Cir. 2001).

    Mr. Henderson states AFRA is a nonprofit association.  (Doc. No. 114.)  A nonprofit association is a legal entity separate from its members for the purposes of determining and enforcing rights, duties, and liabilities in contract and tort.  Colo. Rev. Stat. § 7–30–106(1) (2009).  An unincorporated association's representation by a non-attorney is prohibited by Colo.

Rev. Stat. § 12–5–101, which states, in pertinent part, "No person shall be permitted to practice as an attorney- or counselor-at-law or to commence, conduct, or defend any action . . . either by using or subscribing his own name or the name of any other person, without having previously obtained a license for that purpose from the supreme court." *See People ex rel. Meyer v. LaPorte Church of Christ,* 830 P.2d 1150, 1151 (Colo. App. 1992). Moreover, courts "have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993) (emphasis added).

Therefore, it is

ORDERED that the the "Motion for Reconsideration of Default Judgment Against AFRA" (Doc. No. 114) is STRICKEN. *See* D.C.COLO.LCiv.R 11.1A. Mr. Henderson is advised he may not appear on behalf of Defendant AFRA at the scheduling conference set for May 19, 2009.

Dated this 11th day of May, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge

3