IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00309-MSK-KMT

SUZANNE SHELL,

    Plaintiff,

v.

AMERICAN FAMILY RIGHTS ASSOCIATION,
WILLIAM O. TOWER,
ANN TOWER,
LEONARD HENDERSON,
SUSAN ADAMS JACKSON a/k/a SUSAN WOLVERTON,
CLETUS KIEFER,
FAMILIES AT RISK DEFNESE ALLIANCE,
MARK CYGAN,
ILLINOIS FAMILY ADVOCACY COALITION,
DOROTHY KERNAGHAN-BAEZ,
GEORGIA FAMILY RIGHTS, INC.,
DENNIS HINGER,
NATIONAL ASSOCIATION OF FAMILY ADVOCATES,
AIMEE DUTKIEWICZ,
THOMAS DUTKIEWICZ,
CONNECTICUT DCF WATCH,
WILLIAM WISEMAN,
WISEMAN STUDIOS,
ANN DURAND,
BRENDA SWALLOW,
KATHY TILLEY,
DEE CONTRERAS
RANDALL BLAIR,
LLOYD PHILLIPS,
RINGO KAMENS,
CHERYL BARNES,
CPSWATCH, INC.,
DESERE' CLABO aka HOWARD,

SARAH THOMPSON and
Unknown defendants Doe 1-15,

      Defendants.

## MINUTE ORDER

**ORDER ENTERED BY MAGISTRATE JUDGE KATHLEEN M. TAFOYA**

This matter is before the court on Plaintiff's "Motion to Reinstate Service of Summons Returned Executed Upon Defendant Anne E. Tower" (Doc. No. 165, filed May 27, 2009). Plaintiff seeks reconsideration of this court's order finding that service of Defendant Ann Tower was deficient. Upon review of Plaintiff's motion, the Federal Rules of Civil Procedure, and the California Code of Civil Procedure, it appears Defendant Ann Tower was, indeed, properly served. Therefore, to the extent Plaintiff moves this court for an order vacating its previous order finding Defendant Ann Tower had not been served, the motion (Doc. No. 165) is **GRANTED**. The motion is **DENIED** in all other respects.

The Service Members Civil Relief Act, 50 U.S.C. App. §§ 501 to 596, known until 2003 as the Soldier's and Sailor's Civil Relief Act, 50 U.S.C. App. § 501, provides for the suspension of legal proceedings involving persons in military service when necessary to avoid prejudice to their civil rights. 50 U.S.C. App. § 510. Specifically, the Act allows for a stay of any civil action in which a service member is a party if certain conditions are met. To satisfy the conditions under which a stay may be granted, an application for stay must include the following:

    (A) A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.

    (B) A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

50 U.S.C. App. § 522(b)(2).

2

Accordingly, Defendant Ann Tower shall answer or otherwise respond to Plaintiff's Complaint no later than June 30, 2009. In the alternative, Defendant Ann Tower shall file an application for stay of proceedings pursuant to the Servicemembers Civil Relief Act of 2003, 50 U.S.C. App. § 522(b)(2).

Dated: May 29, 2009