IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00309-MSK-KMT

SUZANNE SHELL,

    Plaintiff,

v.

AMERICAN FAMILY RIGHTS ASSOCIATION,
WILLIAM O. TOWER,
ANN TOWER,
LEONARD HENDERSON,
SUSAN ADAMS JACKSON a/k/a SUSAN WOLVERTON,
CLETUS KIEFER,
FAMILIES AT RISK DEFNESE ALLIANCE,
MARK CYGAN,
ILLINOIS FAMILY ADVOCACY COALITION,
DOROTHY KERNAGHAN-BAEZ,
GEORGIA FAMILY RIGHTS, INC.,
DENNIS HINGER,
NATIONAL ASSOCIATION OF FAMILY ADVOCATES,
AIMEE DUTKIEWICZ,
THOMAS DUTKIEWICZ,
CONNECTICUT DCF WATCH,
WILLIAM WISEMAN,
WISEMAN STUDIOS,
ANN DURAND,
BRENDA SWALLOW,
KATHY TILLEY,
DEE CONTRERAS
RANDALL BLAIR,
LLOYD PHILLIPS,
RINGO KAMENS,
CHERYL BARNES,
CPSWATCH, INC.,
DESERE' CLABO aka HOWARD,

SARAH THOMPSON and
Unknown defendants Doe 1-15,

    Defendants.

# ORDER

This matter is before the court on Plaintiff's "Amended Motion for Extension of Time to Serve Defendants and for Determination of Service" (Doc. No. 183, filed June 8, 2009) and Defendant Aimee Dutkiewicz's "Motion to Strike and Vacate Service of Summons [Doc. 179, 172-2] for Improper Service and Fraud Perpetuated on the Court by the Plaintiff and Marshal, Arthur B. Cyr and Sanctions be Brought Against the Plaintiff" (Doc. No. 187, filed June 10, 2009).

First, Plaintiff requests a finding as to whether Defendant Aimee Dutkiewicz is properly served. (Doc. No. 183, ¶¶ 14–23.) A Declaration for Return of Service on Aimee Dutkiewicz was filed by the plaintiff on June 5, 2009. (Doc. No. 179 at 1.) The Declaration states that Ms. Dutkiewicz was served on April 20, 2009, at 134 Gridley Street, Bristol, Connecticut, "handed to Thomas Dutkiewicz who accepted service for Aimee Dutkiewicz, who is over the age of 18." (*Id.*) Defendant Aimee Dutkiewicz request that the court "strike" and "vacate" service of the summons and also requests sanctions against the plaintiff. (Doc. No. 187.)

Fed. R. Civ. P. 4(e)(1) states that an individual may be served by following state law for serving a summons in courts of general jurisdiction in the state where the district court is located or where service is made. Therefore, Plaintiff must follow Connecticut state law for serving a

summons.  Section 52–57(a), Conn. Gen. Statutes, provides that process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode.  Where the defendant can show that process was left at a place other than his usual place of abode, "the court must find that there was no service of process and that it acquired no jurisdiction over the person of the defendant which would authorize it to render a valid judgment against him."  *Uyen Phan v. Delgado*, 41 Conn. Sup. 367, 370 (1990).  "There is no substitute for in hand or abode service . . . where jurisdiction over the person of a resident individual is sought . . . ."  *White-Bowman Plumbing & Heating, Inc. v. Biafore*, 437 A.2d 833, 835 (Conn. 1980).

      It is undisputed that Defendant Aimee Dutkiewicz lived, at the applicable time, at 134 Gridley Street, Bristol, Connecticut.  It is also undisputed that service was made <u>to her ex-husband in his vehicle</u> parked in the street outside Ms. Dutkiewicz's abode.  There is no way this court can construe this as in-hand service to Ms. Dutkiewicz at Ms. Dutkiewicz's place of abode.  The court need not address the remaining arguments made by the parties regarding the attempted service of Defendant Dutkiewicz.  Plaintiff's motion is denied in this respect.

      Second, Plaintiff requests a determination from this court "on the status of William Wiseman and Wiseman Studios. . . ."  (Doc. No. 183 at 7.)  Defendant Wiseman has filed three emails docketed as "Notices" (Doc. Nos. 6, 8, 37), a motion for appointment of counsel (Doc. No. 79), a motion to seal his motion for appointment of counsel (Doc. No. 88), and a reply in support of his motion to appoint counsel (Doc. N0. 94) in this matter.  There has been no entry of appearance by Wiseman Studios.  To the extent Plaintiff seeks a determination that Defendant

Wiseman has entered his "general appearance," the Federal Rules have abandoned the concepts of "special" and "general" appearances. *See S.E.C. v. Ross*, 504 F.3d 1130, 1149 (9th Cir. 2007); *Chase v. Pan-Pacific Broadcasting, Inc.*, 750 F.2d 131 (D.C. Cir 1984); *Davenport v. Ralph N. Peters & Co.*, 386 F.2d 199, 204 (4th Cir. 1967). It does not appear that the plaintiff has made any attempts to personally serve Mr. Wiseman or Wiseman Studios, despite having an address at which to do so. However, the plaintiff seems to infer that Defendant Wiseman has waived service of process solely because he has filed motions with this court. Plaintiff has not supplied any statutory or case law in support of her theory; nor has this court been able to locate any law in support of Plaintiff's theory. Plaintiff's motion is denied in this respect.

Last, Plaintiff requests an extension of time to serve the unserved defendants in this matter. The motion is granted in this respect.

Accordingly, it is **ORDERED** that

1.  Plaintiff's "Amended Motion for Extension of Time to Serve Defendants and for Determination of Service" (Doc. No. 183) is GRANTED in part and DENIED in part as noted above.

2.  Defendant Aimee Dutkiewicz's "Motion to Strike and Vacate Service of Summons [Doc. 179, 172-2] for Improper Service and Fraud Perpetuated on the Court by the Plaintiff and Marshal, Arthur B. Cyr and Sanctions be Brought Against the Plaintiff" (Doc. No. 187) is GRANTED in part and DENIED in part. The court finds service on Defendant Aimee Dutkiewicz was not proper. However, the court will not strike the Declaration for Return of Service on Aimee Dutkiewicz (Doc. No. 179) or award sanctions.

3. Defendant Aimee Dutkiewicz and Defendant William Wiseman are ORDERED to advise Plaintiff no later than July 27, 2009, if they will accept service of the summons and complaint in this case pursuant to Fed. R. Civ. P. 4(d)(1). The court warns the defendants that their failure to waive service will result in this court imposing on the defendants the expenses later incurred by Plaintiff in making service pursuant to Fed. R. Civ. P. 4(d)(2).

4. Plaintiff is granted an extension to and including August 14, 2009, to serve all remaining defendants in this matter. No further extensions will be granted.

Dated this 7th day of July, 2009.

                                                **BY THE COURT:**

                                                Kathleen M. Tafoya
                                                United States Magistrate Judge