IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00309-MSK-KMT

SUZANNE SHELL,

    Plaintiff,

v.

AMERICAN FAMILY RIGHTS ASSOCIATION,
WILLIAM O. TOWER,
ANN TOWER,
LEONARD HENDERSON,
SUSAN ADAMS JACKSON a/k/a SUSAN WOLVERTON,
CLETUS KIEFER,
FAMILIES AT RISK DEFNESE ALLIANCE,
MARK CYGAN,
ILLINOIS FAMILY ADVOCACY COALITION,
DOROTHY KERNAGHAN-BAEZ,
GEORGIA FAMILY RIGHTS, INC.,
DENNIS HINGER,
NATIONAL ASSOCIATION OF FAMILY ADVOCATES,
AIMEE DUTKIEWICZ,
THOMAS DUTKIEWICZ,
CONNECTICUT DCF WATCH,
WILLIAM WISEMAN,
WISEMAN STUDIOS,
ANN DURAND,
BRENDA SWALLOW,
KATHY TILLEY,
DEE CONTRERAS
RANDALL BLAIR,
LLOYD PHILLIPS,
RINGO KAMENS,
CHERYL BARNES,
CPSWATCH, INC.,
DESERE' CLABO aka HOWARD,

SARAH THOMPSON and
Unknown defendants Doe 1-15,

      Defendants.

## ORDER

This matter is before the court on "Defendant William O. Tower's Request for Admonishment and/or Sanctions Against Plaintiff Shell for Continued Abuse." [Doc. No. 253, filed August 10, 2009.]

At a hearing held by this court on May 21, 2009, at which both William O. Tower and Suzanne Shell were present either in person or by telephone, this court Ordered, "No discovery and no further motions will be allowed pending ruling on all motions to dismiss." [Doc. No. 159 (hereinafter "Order") at 2.] The court further Ordered,

> The Court will limit filings from this date forward to Returns of Service or motions having to do with service, Answers, Counterclaims, Motions to Dismiss and responses and replies to the motions to dismiss. Any additional filings will be **STRICKEN** except for an Entry of Appearance by Counsel.

*Id.*

The court, of course, must make exceptions to the filing restrictions if a party is in imminent danger or in the case of other unexpected exigent circumstances. However, there are no dangerous, exigent circumstances presented in this motion. Mr. Tower complains of Ms.

Shell's alleged derogatory or insulting filings in the case, specifically complaining about Doc. Nos. 134, 135 and 251.  Both Doc. Nos. 134 and 135 were filed before the May 21, 2009 hearing and the court specifically advised Ms. Shell about appropriate language and communications with and about the defendants in this case at the hearing.  (See Order at 2, "[t]he Court advised Plaintiff her previous commentary to Defendant is inappropriate.")

Since the hearing, the Plaintiff has largely complied with the court's directives. Document number 251 is the Plaintiff's Response to a Motion to Dismiss and a Motion for Sanctions filed by Defendant Anne Tower.  Some animation and indignation is to be expected in a responsive pleading of this nature given the inherent adversarial position of the Motion.  The phase, "to argue one's position" does not use the word "argue" by accident.  The only wording in the Response which could be said to violate the court's previous directives to Ms. Shell occurs at paragraph 4, wherein Plaintiff states, "I remind the defendant she has a duty . . . ."  As this court previously reminded the Plaintiff, she is to direct her argument to the Court and avoid lecturing any defendant.  However, this one objectionable turn of phrase does not transform the Response itself into an unduly contentious or abusive filing.

At this point the only filing which violates the court's May 21, 2009 Order is Defendant William Tower's  Request for Admonishment and/or Sanctions Against Plaintiff Shell for Continued Abuse.

WHEREFORE, it is **ORDERED**

"Defendant William O. Tower's Request for Admonishment and/or Sanctions Against Plaintiff Shell for Continued Abuse." [Doc. No. 253] is and hereby will be **STRICKEN**.

Dated this 26th day of August, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge