UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00309 MSK-KMT

SUZANNE SHELL
    Plaintiff

    v.

AMERICAN FAMILY RIGHTS ASSOCIATION, et. al.

    Defendants

---

**PLAINTIFF'S RESPONSE TO DEFENDANT BLAIR'S MOTION TO QUASH SERVICE AND DISMISS [#277] FILED ON 8/21/2009**

---

    **COMES NOW** Plaintiff Suzanne Shell, in opposition to the Defendants' Motion to Quash Service and Dismiss pursuant to Fed.R.Civ.P. 12(b)(4) and 12(b)(5). I contend that service upon this defendant was proper.

    The defendant has not challenged any other aspect of my Complaint in his motion to dismiss, and I contend I have alleged sufficient facts in the Complaint to state claims for all causes of action in my complaint as to this defendant.

    I also contend that the facts cited in the defendant's motion are false, and this defendant is perpetrating a fraud upon the court by proffering false evidence. I have notified the defendant of my intention to file a motion for sanctions pursuant to Fed.R.Civ.P. 11 regarding the false items in his motion and regarding the content he submitted which is being presented for any improper purpose, such as to harass or to cause unnecessary delay or needlessly increase in the cost of litigation.

**Motion to Quash Service**

1. In his motion, the defendant cites the following facts in support of his request that the court quash service:

a. ¶5 "Defendant Blair was not physically present at that address at that time, and was not personally served."

b. ¶9 "Michigan Court Rules (MCR) govern the process of service for civil cases, which Defendant Blair assumes this is, not having been actually served with a copy of the summons and complaint."

c. ¶11 "Defendant Blair has proof through credit card receipts of not being physically present at that location at that time."

d. ¶12 "Defendant Blair is willing to provide copies of those receipts only if they are under seal, and not available for Plaintiff Donna Suzanne Shell's perusal for the following reasons."

   i. At this time I enter my standing objection to the defendants's[1] referring to me by a name by which I do not refer to myself. The defendants's use of this appellation is intended to be disrespectful, insulting and abusive. I request the court to instruct the defendants as to the proper respectful name by which to address me, as identified in the caption of this case.

   ii. I also object to the defendant submitting evidence (i.e. credit card receipts) to this court which I am not permitted to examine or investigate. The defendant's reasons for withholding the evidence from my examination are false. Should I commit any act that would violate his confidentiality as a direct result of having access to the evidence, I would expect to be held accountable pursuant to the law, but to prevent my access to the evidence to solely to preempt the absurd acts he professes to fear[2] is not supported by any law or rule of this court.

e. ¶ 80 "If This Honorable Court will not take Defendant Blair's word that he was not

---

[1] This applies to all the defendants who have addressed me in this manner in their pleadings and motions. This disrespect, insult and abuse has been practiced by the defendants for several years, and I should not be subject to this intended abuse during these court proceedings.

[2] The defendant has proffered no evidence supporting his baseless fears, just his unsupported allegations. He has a history of claiming victimization which is predicated on nothing more than being extraordinarily thin-skinned and easily offended to justify retaliating against anyone who offends him.

present during the time of service, he humbly requests that copies of those receipts be given to the court under seal."

  f. ¶74 "Defendant Blair was not served in this case."

2. Pursuant to Fed.R.Civ.P. 4(d) (1) & (2), service can be perfected in accordance with the rules of the state where service is effected, or the state where the court is situated or according to the Federal Rule.

3. Fed.R.Civ.P. 4(e) SERVICE UPON INDIVIDUALS WITHIN A JUDICIAL DISTRICT OF THE UNITED STATES. Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed. . .may be effected in any judicial district of the United States:(2) **by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode** with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

4. I submit by reference, the statement of the process server, Edward Ridalls[3] [#288], who knows the defendant by sight by virtue of a prior service on Blair's wife wherein the defendant pulled a rifle on Mr. Ridalls and was detained by law enforcement.

5. Furthermore, I provided TS Glenfield & Assoc. with a mug shot of the defendant[4] to assist with identifying who should be served.

6. Before attempting service, Mr. Ridalls ascertained from a neighbor that the defendant lived at that address and was home.

7. When Mr. Ridalls rang the doorbell, the defendant refused to open the door, but did look out a window adjacent to the door and acknowledged that he was Randall when asked.

---

[3] Mr. Ridalls is a process server for TS Glenfield & Assoc.

[4] Mug shot taken when the defendant was arrested for extortion of a judge.

8. All of these facts contradict the defendant's claims that he was not home at the time of service. These facts, taken with the defendant's proffer of "*credit card receipts of not being physically present at that location at that time*" show the defendant's intent to perpetrate a fraud upon this court.[5]

9. If the defendant still wishes to submit the proffered credit card receipts as evidence of his whereabouts at the time of service, I am entitled to unredacted copies of that evidence so as to conduct an investigation into the information provided. I would object to any *in camera* examination of that evidence without being given the opportunity to verify the legitimacy of the documents and the ascertain the facts surrounding them.

10. Service was properly effected pursuant to Fed.R.Civ.P. 4 (e) `(2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein . . ."`

11. Colorado Rules of Civil Procedure 4 (k) Refusal of Copy. `If a person to be served refuses to accept a copy of the process, service shall be sufficient if the person serving the process knows or has reason to identify the person who refuses to be served, identifies the documents being served, offers to deliver a copy of the documents to the person who refuses to be served, and thereafter leaves a copy in a conspicuous place.`

12. Return of service is prima facie evidence of the facts recited, and it may be only overcome by clear and convincing proof. *Gibbs v. Ison*, 76 Colo. 240, 230 P. 784 (1924); *In re Marriage of*

---

[5] "an intent to deceive or defraud the court, by means of a deliberately planned and carefully executed scheme." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir.1999)

*Thacker*, 701 P.2d 871 (Colo. App. 1985). The defendant has presented no proof to refute the facts in the return of service.

13. *Nikwei v. Ross Sch. of Aviation, Inc.*, 822 F.2d 939, 946 (10th Cir. 1987) ("a defendant cannot refuse or avoid service on a technical ground, and then exclaim he has not been correctly served"); see also 58 Am. Jur. 2d Notice § 33 (1989) ("A party may not escape the effect of the giving of a written notice by refusing to receive it when it is presented in person as a notice. . . . A person who refuses a notice is simply deemed to have knowledge of its contents."). In other contexts, courts have found actual notice when a party wrongfully refuses service, see *Patmon and Young Prof'l Corp. v. Commissioner*, 55 F.3d 216, 218 (6th Cir. 1995) (actual notice requirement for tax deficiency assessment satisfied by refusal of certified mail, noting that "a taxpayer should not be allowed to defeat actual notice by deliberately refusing delivery of the IRS's deficiency notice"); *Erhard v. Commissioner*, 87 F.3d 273, 274-75 (9th Cir. 1996) (same)

14. The purpose of process is to give notice as a prerequisite to jurisdiction. Where, therefore, the actual notice of the suit is received, Rule 4(d)(1), F.R.C.P. should be liberally construed to effectuate service. *Rovinski v. Rowe*, 6 Cir., 131 F.2d 687. This defendant has received adequate notice of the action against him.

    a. The defendant received a copy of the summons and complaint with a waiver of personal service and self-addressed return envelope pursuant to Fed.R.Civ.P. 4(d) via United States Postal Service on February 19, 2009. Copy of USPS delivery confirmation attached.

    b. The defendant refused to waive personal service.

    c. I then attempted to personally serve the defendant. Oakland County Sheriff attempted personal service several times, without success [Doc. # 52].

    d. I filed a motion for permission to serve defendant Blair by publication [#175]. The court denied that request but granted an extension of time to serve the defendant until August 14, 2009 [#178].

    e. I attempted service upon this defendant again using a private process server. Service

of process was perfected on Aug. 1, 2009 [#263].

15. The intent of service is to insure that a defendant has actual notice of an action against him. Under *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950), due process requires that any interested parties must be given notice of the proceedings that is reasonably calculated, under the circumstances, to apprise them of the action and give them an opportunity to present their objections. Id. at 314. While a mere gesture toward supplying notice is insufficient, personal service is not always required. Id. at 314-15. Thus the notice must "reasonably convey the required information" and afford a reasonable time for parties to appear. Id. at 314. Always the "practicalities and peculiarities of the case" weigh into the consideration of the appropriateness of the notice. Id.

16. In *Powder Mtn. Painting v. Peregrine Joint Venture*, 899 P.2d 279 (Colo.App. 12/15/1994) the court stated, "We conclude that 'actual notice' is such notice as is positively proved to have been given to a party directly and personally, or such as the party is presumed to have received personally because the evidence within the party's knowledge was sufficient to put the party upon inquiry. See Black's Law Dictionary 1061 (6th ed. 1990)." Defendant Blair has admitted in ¶3 of his motion that the other defendants have kept him apprised of this case.

17. Denying that service occurred after good service was effected helps only defendants who have no right to that kind of protection and those who default. This court should be mindful that service of process is not a slapdash affair, and this plaintiff, who has rigidly conformed to the rules and who has borne the burden of the expense of personal service when the defendant refused to waive personal service and actively concealed himself to evade service, should not be penalized for a defendant's specious claim of immunity from service of process which is completely lacking in legal authority or supporting evidence. I at least have the right to an evidentiary hearing regarding the validity of this service of process before the court declares the service invalid.

18. Should an evidentiary hearing be required, I ask that the defendant be personally present at

said hearing.

19. My service upon Randall Blair was not defective.

20. There is nothing in the record to refute my presumption of proper service.

21. The defendant is actively concealing himself, evading and refusing service and is, therefore, not entitled to claim improper service.

**Motion to Dismiss**

22. I do not validate or authenticate any of the documents submitted by this defendant with his motion to quash and dismiss. He has a history of fabricating and forging evidence to support his claims, complaints and reports against me, which conduct forms the basis of certain of the claims in my complaint. He also has a history of misusing the Internet and the courts to intimidate and threaten people he targets. He and his organization have been sued for "reckless" publications on the Internet and he was ordered to pay damages. He has made attempts to obtain protective orders against others as a means of gaining leverage in other legal proceedings.[6]

23. **I incorporate by reference documents and associated sub documents # 103, 110, 111, 117, 127, 142, 171, 174, 196, 234, 235, 252 and 266.**

24. I want the record to reflect that this defendant, like the other defendants, has attempted to redefine the issues in this case by virtue of his overreaching false claims and the irrelevant, redundant, immaterial, impertinent, and scandalous matters submitted to this Court in support of his claims. This case is about the claims in my complaint, and the defendants have strayed far beyond those issue and attempted to argue matters far outside the scope of this complaint, and even address the merits which is premature at this stage. "It is well-established . . . that in determining whether to grant a motion to dismiss, the district court, and consequently this court, are limited to assessing the legal sufficiency of the allegations contained within the four corners

---

[6] For example, he tried to obtain a protective order against the husband of the judge who the victim of his extortion for which he was arrested.

of the complaint." *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995); see also *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984). This defendant's challenges to the claims and elements are insufficient, and therefore he seeks to inappropriately influence the court with scandalous and immaterial and false claims.

25.   I have disregarded the inappropriate content and focused on the issues and arguments that are relative to my complaint in the context of a proper motion to dismiss, trusting that the court's duty at this stage is to do likewise. As the plaintiff, I define the issues in my complaint, and it is improper for the defendants to manhandle the court to consider any other issues. None of the defendants's tendered documents are specifically referred to in the Complaint, and thus, the Court must disregarded both the tendered exhibits and the factual averments in the defendants's briefs that depend upon them. Fed. R. Civ. P. 12(b) (court may disregard tendered evidentiary material).

26.   As the Court must, when reviewing a complaint's allegations on a motion to dismiss, the Court treats these allegations as true. The defendant's arguments that my claims are false or frivolous are scandalous and immaterial.

27.   Defendant Blair's assumptions and misinterpretations in ¶¶ 26-29, 32-34 notwithstanding, I have released certain selected intellectual property through my web site and other publications under certain conditions, and I have retained certain intellectual property as trade secrets, as is my right as the owner of that intellectual property. The defendant's attempts to lump them all together in an attempt to defeat the averments in my complaint are without basis in fact.

28.   The defendant's submissions to this court are designed to distract from the facts and issues by claiming his imagined victimhood as justification to commit his wrongs against me. By virtue of the purported wrongs, he appears to claim entitlement to infringe or misappropriate my property and violate the law. However, he does not cite any legal theory or supporting authority under which he has a legally recognized right to commit the wrongs against me as described in my complaint. To the best of my knowledge, there are no legal theories or authorities which

permit any person to commit wrongs against another in return for feeling they've been unfairly excluded or subjectively "abused."

**Personal Jurisdiction**

29. In ¶1 the defendant states, " Defendant Blair does not submit to the jurisdiction of this court in any form whatsoever." However, the defendant has failed to identify any elements of personal jurisdiction upon which he bases his challenge. The defendant cites no facts or legal authority for challenging this claim upon which I can base any specific response**.** This fact, construed in the light most favorable to the Plaintiff, is sufficient to defeat the defendant's challenge.

30. In the alternative, **Personal Jurisdiction** over the defendant is based on the following theories, Specific Jurisdiction, General Jurisdiction, Agency theory of personal jurisdiction, Personal Jurisdiction Based on a Conspiracy, and personal jurisdiction pursuant to a contractual Forum Selection Clause. **For brief on personal jurisdiction, I incorporate by reference document #235-2 with the following amendments: ¶51 is amended to read:** The copyrighted content which was published or allowed to be published on various online groups and forums owned by the defendants, including AFRA owned and operated groups and forums, by defendant Blair who was a member and moderator of the online groups and forums, and the proprietary trade secret content that he gained access to, and the contributory and vicarious infringement he is liable for by virtue of direct infringing content he (Complaint ¶111(b) & (m))  and others (Complaint ¶111 a-n) published on AFRA groups was all protected by contract terms that included a forum selection clause. I incorporate by reference document #252 ¶6 and associated reference to forum selection clause on the bottom of every page on my web site at http://www.profane-justice.org which states in relevant part, "Anyone visiting this site consents to jurisdiction and venue remaining in El Paso County, Colorado."

    a. I properly averred personal jurisdiction in my complaint at ¶38-41.
    b. This defendant directed his tortious actions at me in Colorado.

31. **Regarding AFRA Agency see Document # 235-3**. In Document #244, Defendant Henderson explains the issue of agents of AFRA by averring "When people volunteer for leadership roles in AFRA, they are perfectly free to create whatever title they wish." This is a judicial admission as to the extraordinarily broad degree of agency which AFRA grants to members. Most organizations would not be so expansive when granting anyone the authority to act on behalf of the organization, knowing that the actions of the agent bind the principle and incur corresponding liability to the principle. That AFRA does not limit the agency of its members is very generous, but does not absolve AFRA of the liability incurred by the actions of its agents. Defendant Blair was a leadership member of AFRA for the state of Michigan.

32. Defendant Blair has not mailed me copy of his motion to quash and dismiss [#277]. He is not signed up for the court's ECF system, yet his certificate of service indicates that is how he "served" me. This method of service is in violation of the rule. He has also not provided this me with the address to which I am supposed to serve this response to him.

**Conclusion.**

    a. I will concede that the complexity of this complaint may cause some confusion, which may be reflected in certain inadvertent errors in the complaint, which I am requesting the opportunity to correct should that be necessary. However, I contend that I have stated sufficient facts in my complaint to defeat the motion to dismiss.

    b. "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (internal quotation omitted).

    c. The complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

d. "To state a claim, a plaintiff's complaint must "show[] that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). This means that the plaintiff must allege enough factual matter, taken as true, to make his "claim to relief . . . plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). This is not to say that the factual allegations must themselves be plausible; after all, they are assumed to be true. It is just to say that relief must follow from the facts alleged. Robbins v. *Oklahoma ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008).

e. "If a complaint explicitly alleges every fact necessary to win at trial, it has necessarily satisfied this requirement. If it omits some necessary facts, however, it may still suffice so long as the court can plausibly infer the necessary unarticulated assumptions. . . .While a complaint must be "short and plain," it must also "show[]" (not merely assert) that relief is appropriate if it is true. Fed. R. Civ. P. 8(a)(2). Thus, '[d]espite the liberality of modern rules of pleading, a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.' In re *Plywood Antitrust Litigation*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 1981); see generally Charles B. Campbell, A 'Plausible' Showing After Bell Atlantic Corp. v. Twombly, 9 Nev. L.J. (forthcoming 2008). This is the compromise enacted by Rule 8's notice pleading. Technical fact pleading is not required, but the complaint must still provide enough factual allegations for a court to infer potential victory." *Bryson v. Gonzales*, 534 F.3d 1282 (10th Cir. 07/28/2008).

33. I request that the court will permit me to amend or correct any errors or deficiencies in the complaint. ". . .leave [to amend the complaint] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *Calderon v. Kan. Dept. of Social and Rehabilitation Services*, 181 F.3d 1180, 1185 (10th Cir. 1999).

a. "Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon." (quoting *Neitzke v. Williams*, 490 U.S. 319, 329

(1989)).

      b.  "[P]ro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings," *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

      **Accordingly,** the defendant's motion to quash and dismiss should be denied.

      Or, if my complaint is deficient, I request that I be afforded the opportunity to correct any errors or deficiencies.

      I also request that the court order the defendant to reimburse my costs of effecting personal service upon him pursuant to Fed.R.Civ.P. 4(d)(5) and any costs associated with an evidentiary hearing on this matter.

Respectfully submitted September 8, 2009

/s/ Suzanne Shell

Suzanne Shell
14053 Eastonville Rd.
Elbert, CO 80106
719-749-2971
dsshell@gmail.com

# CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the attached documents **PLAINTIFF'S RESPONSE TO DEFENDANT BLAIR'S MOTION TO QUASH SERVICE AND DISMISS [#277] FILED ON 8/21/2009** and attachments were placed in the United States Mail, first class mail, postage prepaid on September 9, 2009.

National Association of Family Advocates and
Dorothy Kernaghan-Baez and
Georgia Family Rights, Inc.
*each @* 811 Aumond Place East
Augusta, GA 30909

William Wiseman dba Wiseman Studios
PO Box 693
1625 Siskiyou St
Klamath Falls OR 97601-2046

Leonard Henderson
4773 Salmon River Highway
Otis, OR 97368

Susan Adams Jackson
40 Orlando Ave.
Winthrop, MA 02152

Anne E. Tower and
William O. Tower and
American Family Rights Association
*each @* 7334 Chivalry Way,
Citrus Heights, CA, 95621-4333

Brenda Swallow
815 Hilltop Road
Mary Esther, Florida 32569

Randall Blair (has not provided address to court)
5200 Mann Rd
413 Crimson King Circle
Clarkston MI 48346-4240

Illinois Family Advocacy Coalition and
Renee Cygan and
Mark Cygan
*each @* 329 N. Cornell Ave. #D
Villa Park, IL 61081

Thomas M. Dutkiewicz dba Connecticut DCF Watch
PO Box 9775
Bristol, CT 06011

Aimee Dutkiewicz
P.O. Box 3022
Bristol, CT 06011-3022

Dee Contreras
10571 Colorado Boulevard
Apartment B-101
Thornton, CO 80233

Cletus Kiefer and FAR Defense Alliance
292 East Ave. Ste 114
St. Louis, MO 63117

Daniel Slater
attorney for Cheryl Barnes, CPS Watch, Inc. and Sarah Thompson via Court's ECF system

Patrick D. Vellone and Jennifer E. Schlatter
attorney for Ringo Kamens/Alex Bryan via Court's ECF system

/s/ Suzanne Shell   September 8, 2009