IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00309-MSK-KMT

SUZANNE SHELL,

     Plaintiff,

v.

AMERICAN FAMILY RIGHTS ASSOCIATION,
WILLIAM O. TOWER,
ANN TOWER,
LEONARD HENDERSON,
SUSAN ADAMS JACKSON a/k/a SUSAN WOLVERTON,
CLETUS KIEFER,
FAMILIES AT RISK DEFNESE ALLIANCE,
MARK CYGAN,
ILLINOIS FAMILY ADVOCACY COALITION,
DOROTHY KERNAGHAN-BAEZ,
GEORGIA FAMILY RIGHTS, INC.,
DENNIS HINGER,
NATIONAL ASSOCIATION OF FAMILY ADVOCATES,
AIMEE DUTKIEWICZ,
THOMAS DUTKIEWICZ,
CONNECTICUT DCF WATCH,
WILLIAM WISEMAN,
WISEMAN STUDIOS,
ANN DURAND,
BRENDA SWALLOW,
KATHY TILLEY,
DEE CONTRERAS
RANDALL BLAIR,
LLOYD PHILLIPS,
RINGO KAMENS,
CHERYL BARNES,
CPSWATCH, INC.,
DESERE' CLABO aka HOWARD,

SARAH THOMPSON and
Unknown defendants Doe 1-15,

     Defendants.

---

## MINUTE ORDER

---

## ORDER ENTERED BY MAGISTRATE JUDGE KATHLEEN M. TAFOYA

Defendant Randall Blair's "Emergency Motion to Submit Exhibits Under Seal" (Doc. No. 313, filed September 18, 2009) is DENIED. The public's right of access to judicial records, while not absolute, is presumed paramount to a party's interest in sealing the record. *See, generally, Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597–99 (1978). Plaintiff has failed to articulate specific facts upon which to tip the scales in favor of sealing the exhibits. Speculation or conjecture as to what may happen if the exhibits are not sealed is not enough to overcome the presumption of public access. *Cf. United States v. Hickey*, 767 F.2d 705, 709 (10th Cir. 1985).

Defendant Blair may supplement his "Motion to Quash Service Due to Failure to Execute Personal Service Required by FRCP (4)(E)(1) and Dismiss Pursuant to FRCP 12(B)(4) and FRCP 12(B)(5)" with credit card receipts and sworn affidavits no later than October 5, 2009. The supplement shall not be filed under seal.

Dated: September 24, 2009