IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–00309-MSK-KMT

SUZANNE SHELL,

    Plaintiff,

v.

AMERICAN FAMILY RIGHTS ASSOCIATION,
WILLIAM O. TOWER,
ANN TOWER,
LEONARD HENDERSON,
SUSAN ADAMS JACKSON a/k/a SUSAN WOLVERTON,
CLETUS KIEFER,
FAMILIES AT RISK DEFNESE ALLIANCE,
MARK CYGAN,
ILLINOIS FAMILY ADVOCACY COALITION,
DOROTHY KERNAGHAN-BAEZ,
GEORGIA FAMILY RIGHTS, INC.,
DENNIS HINGER,
NATIONAL ASSOCIATION OF FAMILY ADVOCATES,
AIMEE DUTKIEWICZ,
THOMAS DUTKIEWICZ,
CONNECTICUT DCF WATCH,
WILLIAM WISEMAN,
WISEMAN STUDIOS,
ANN DURAND,
BRENDA SWALLOW,
KATHY TILLEY,
DEE CONTRERAS
RANDALL BLAIR,
LLOYD PHILLIPS,
RINGO KAMENS,
CHERYL BARNES,
CPSWATCH, INC.,
DESERE' CLABO aka HOWARD,

SARAH THOMPSON and
Unknown defendants Doe 1-15,

     Defendants.

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

**Magistrate Judge Kathleen M. Tafoya**

     This matter is before the court on Defendant Aimee Dutkiewicz's "Motion to Strike Service of Summons for Improper Service or In the Alternative a Request for Additional Time to Answer Complaint Pending the Outcome of the Motion to Strike" ("Mot.", Doc. No. 280, filed August 24, 2009). Plaintiff filed her response on September 28, 2009 ("Resp.", Doc. No. 298), and Defendant filed her reply on September 14, 2009 ("Reply", Doc. No. 308). The court construes the motion as one for dismissal under Fed. R. Civ. P. 12(b)(5) for insufficient service of process. This motion is ripe for review and recommendation.

*Motion to Strike*

     It is undisputed that "[b]efore a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). Service of process in a federal action is governed generally by Rule 4 of the Federal Rules of Civil Procedure. Rule 4(e) covers service upon individuals located within a judicial district. An individual may be served in any judicial district in the United States by:

2

>    (1)   following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; **or**
>    (2)   doing any of the following:
>          (A)   delivering a copy of the summons and of the complaint to the individual personally;
>          (B)   leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>          (C)   delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e) (emphasis added).

The defendant first argues service is defective because the process server is not licensed, as is required by Connecticut statute. (Mot. at 1.) This court need not decide, however, whether Connecticut state law precludes service by an unlicensed process server, as the plaintiff, in her response, relies on Rule 4(e)(2) to establish the validity of service upon the defendant. *See* 4A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1094, at 512 (3d ed. 2009) ("If the plaintiff chooses to follow one of the specific means of service set out in Rule 4(c)(2) or 4(e)(2) and complied with the prescribed procedure for doing so, service is effective regardless of whether or not that mode of service also is valid under the forum state's law").

The defendant next argues that the process server is not an impartial individual to this case because she and the plaintiff have done business together in Connecticut, are great friends, and is named in Plaintiff's complaint "about 39 times as an alleged victim . . . ." (Mot. at 1–2.) However, Rule 4 of the Federal Rules of Civil Procedure states that "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2). The

process server, Effie Belou, is not a party to the case, and there is no dispute that she is at least 18 years old. Therefore, Ms. Belou qualifies under Rule 4(c)(2) as a person authorized to effect service in a federal action.

Next, the defendant contends she did not receive a copy of the summons with the complaint as is required by Rule 4 of the Federal Rules of Civil Procedure. (Mot. at 2.) The Return of Service and Declaration signed by the process server indicate that a summons was served, and Plaintiff argues that a summons was served. (Doc. No. 290; Resp., ¶¶ 12.b., 13.)

The plaintiff bears the burden of establishing personal jurisdiction over the defendant. *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). Prior to trial, however, to demonstrate personal jurisdiction sufficient to defeat a motion to dismiss, a plaintiff need only make a *prima facie* showing. *Ten Mile Indus. Park v. W. Plains Serv. Corp.*, 810 F.2d 1518, 1524 (10th Cir. 1987). The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. *Id.* The complaint and any affidavits submitted are to be construed, and any doubts are to be resolved, in the light most favorable to the plaintiff. *Oaklawn Apartments*, 959 F.2d at 174. In view of this standard, the court has little trouble concluding Plaintiff has made a *prima facie* showing that she served Defendant Dutkiewicz with a summons along with the complaint. The return of service and the process declaration are sufficient to meet this burden.

Moreover, "[p]ersonal service under Rule 4 serves two purposes: notifying a defendant of the commencement of an action against him and providing a ritual that marks the court's assertion of jurisdiction over the lawsuit. Rule 4 service of process provides the mechanism by

4

which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served. *Hunsinger v. Gateway Mgmt. Assocs. v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992) (internal citation omitted). Defendant previously was served with the summons and complaint which this court found to be insufficient. (*See* Doc. Nos. 179, 205.) Plaintiff asserts she sent an email to Defendant on February 28, 2009, along with the summons and complaint and a request that Defendant waive service. (Resp., ¶ 15.a; *see also* Doc. No. 298-2.) Plaintiff asserts Defendant received another copy of the summons and complaint, along with a request that she waive service, delivered by the U.S. Postal Service on March 14, 2009. (Resp., ¶ 15.b; *see also* Doc. No. 298-3.) Defendant Dutkiewicz has been given at least three opportunities to waive service. (Resp., ¶¶ 12.a, 12.b, 12.e; *see also* Doc. No. 205.) Instead, Defendant continues to try to evade service. The court finds that Defendant has received more than adequate notice of the suit, as well as the basis for this suit.

To the extent Defendant Dutkiewicz asserts that service of the summons and complaint on her sixteen-year-old daughter is insufficient, the Federal Rules of Civil Procedure do not define the attributes of a person of "suitable age and discretion." However, leading treatises on federal practice have noted that the law changed long ago to permit service of an individual through service on a minor at the individual's dwelling place or usual place of abode. For instance, MOORE'S FEDERAL PRACTICE notes the following:

> In providing for delivery of the summons and complaint to "some person of suitable age and discretion then residing" in the party's dwelling house or usual place of abode, old Rule 4(d)(1) made some changes in federal law. Under former Equity Rule 13, delivery was to be made to "some adult person who is a member of or resident in the family." Old Rule 4(d)(1), however, permitted service upon a

person who was not an adult, but was "of suitable age and discretion," while it
forbids service upon an adult who has not "suitable discretion."

1-4 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE - CIVIL § 4 App. 105 (3d ed. 2009); *see also* 4A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1096 at 532 ("The person [ ] whom [accepts service] need not be an adult.")

"While 'there is a relative dearth of published opinions defining the contours of 'suitable discretion,' . . . it is clear that the amount of discretion necessary to satisfy the rule is rather low.'" *Perkins v. Johnson*, No. 06-cv-01503-REB-PAC, 2008 WL 275768, at *3 (D. Colo. Jan. 29, 2008) (unpublished opinion) (quoting *Flowers v. Klatick*, No. 93 C 6606, 2004 WL 2005814, at *2 (N.D.Ill. Sept. 1, 2004). The limited case precedent informs the court that a sixteen-year-old can be of suitable age and discretion. *See United Servs. Auto Ass'n v. Barger*, 910 F.2d 321, 324 (6th Cir. 1990) (thirteen-year-old son was of suitable age and discretion to effect service); *United States v. Persaud,* 235 F.R.D. 696, 698 (M.D. Fla. 2005) (service on 15-year-old daughter effective); *DeGeorge v. Mandata Poultry Co.*, 196 F. Supp. 192, 193 (E.D. Pa. 1961) (16-year-old girl of suitable age to accept service); *Holmen v. Miller*, 206 N.W.2d 916, 919-20 (Minn. 1973) (thirteen-year-old daughter was of suitable age); *Trammel v. Nat'l Bank*, 285 S.E.2d 590, 592 (Ga. Ct. App. 1981) (service on twelve-year-old son was effective service).

*Plaintiff's Request for Costs of Service*

In its Order dated July 7, 2009, this court warned Defendant Dutkiewicz that her failure to waive service would result in this court imposing on her the expenses later incurred by Plaintiff in making service pursuant to Fed. R. Civ. P. 4(d)(2). (Doc. No. 205 at 5.) Plaintiff

now seeks an award of costs totaling $400 for service of Defendant Aimee Dutkiewicz. (Doc. No. 299.) It is unclear to this court why Plaintiff requests $400. The Statement of Service of Fees included on the Return of Service signed by Ms. Belou totals $335, including $150 for travel and $185 for "Rush" service. (Doc. No. 290.) In addition, Plaintiff has failed to provide any documentation to support her assertion that she provided a valid request for waiver of service to the defendant pursuant to Fed. R. Civ. P. 4(d)(1)(A)–(E) and (G). Accordingly, it is

**ORDERED** that Plaintiff's request for costs is denied at this time. Twenty days from the date of this Order and Recommendation, Plaintiff may file a motion for fees and costs, including any documentation clarifying her compliance with Fed. R. Civ. P. 4(d)(1)(A)–(E) and (G).[1] The motion shall also include detailed documentation and receipts for the fees requested. Plaintiff is not required to confer with Defendant Aimee Dutkiewicz pursuant to D.C.COLO.LCivR 7.1A prior to filing the motion for fees and costs.

This court respectfully

**RECOMMENDS** that Defendant Aimee Dutkiewicz's "Motion to Strike Service of Summons for Improper Service or In the Alternative a Request for Additional Time to Answer Complaint Pending the Outcome of the Motion to Strike" (Doc. No. 280) be DENIED.

---

[1] The court waives the requirement that Plaintiff give the defendant 30 days after the request was sent to return the waiver as is required pursuant to Fed. R. Civ. P. 4(d)(1)(F), as the court set its own deadline by which Defendant was required to notify Plaintiff if she would accept service.

**ADVISEMENT TO THE PARTIES**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the 6district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the

ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 28th day of September, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge