IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–00309-MSK-KMT

SUZANNE SHELL,

      Plaintiff,

v.

AMERICAN FAMILY RIGHTS ASSOCIATION,
WILLIAM O. TOWER,
ANN TOWER,
LEONARD HENDERSON,
SUSAN ADAMS JACKSON a/k/a SUSAN WOLVERTON,
CLETUS KIEFER,
FAMILIES AT RISK DEFNESE ALLIANCE,
MARK CYGAN,
ILLINOIS FAMILY ADVOCACY COALITION,
DOROTHY KERNAGHAN-BAEZ,
GEORGIA FAMILY RIGHTS, INC.,
DENNIS HINGER,
NATIONAL ASSOCIATION OF FAMILY ADVOCATES,
AIMEE DUTKIEWICZ,
THOMAS DUTKIEWICZ,
CONNECTICUT DCF WATCH,
WILLIAM WISEMAN,
WISEMAN STUDIOS,
ANN DURAND,
BRENDA SWALLOW,
KATHY TILLEY,
DEE CONTRERAS
RANDALL BLAIR,
LLOYD PHILLIPS,
RINGO KAMENS,
CHERYL BARNES,
CPSWATCH, INC.,
DESERE' CLABO aka HOWARD,

SARAH THOMPSON and
Unknown defendants Doe 1-15,

    Defendants.

---

## RECOMMENDATION AND ORDER OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Kathleen M. Tafoya**

    This matter is before the court on Defendant Randall Blair's "Motion to Quash Service Due to Failure to Execute Personal Service Required by FRCP (4)(E)(1) [sic] and Dismiss Pursuant to FRCP 12(B)(4) [sic] and FRCP 12(B)(5) [sic]" ("Mot.", Doc. No. 277, filed August 21, 2009).  Plaintiff filed her response on September 8, 2009 ("Resp.", Doc. No. 298), and Defendant filed his reply on September 23, 2009 ("Reply", Doc. No. 326).  This motion is ripe for review and recommendation.

***Motion to Quash***

    It is undisputed that "[b]efore a . . . federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)).  Service of process in a federal action is governed generally by Rule 4 of the Federal Rules of Civil Procedure.  Rule 4(e) covers service upon individuals located within a judicial district.  An individual may be served in any judicial district in the United States by:

    (1)    following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; **or**

(2)     doing any of the following:
- (A)    delivering a copy of the summons and of the complaint to the individual personally;
- (B)    leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
- (C)    delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e) (emphasis added).

The defendant argues that service is defective because he was not served following Michigan law. (Mot. at 2.) This court need not decide, however, whether Michigan state law precludes service, as the plaintiff, in her response, relies on Rule 4(e)(2) to establish the validity of service upon the defendant. *See* 4A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1094, at 512 (3d ed. 2009) ("If the plaintiff chooses to follow one of the specific means of service set out in Rule 4(c)(2) or 4(e)(2) and complied with the prescribed procedure for doing so, service is effective regardless of whether or not that mode of service also is valid under the forum state's law").

The Return of Service regarding Defendant Blair states that Defendant Blair was served personally at 413 Crimson King Circle, Clarkston, MI 48346, on August 1, 2009 at 4:40 p.m.. (Doc. No. 263.) The defendant argues that he was not physically present at that address at the time of service, ant therefore could not have been personally served.

The plaintiff bears the burden of establishing personal jurisdiction over the defendant. *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). Prior to trial, however, to demonstrate personal jurisdiction sufficient to defeat a motion to dismiss, a plaintiff need only make a *prima facie* showing. *Ten Mile Indus. Park v. W. Plains Serv. Corp.*,

810 F.2d 1518, 1524 (10th Cir. 1987). The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. *Id.* The complaint and any affidavits submitted are to be construed, and any doubts are to be resolved, in the light most favorable to the plaintiff. *Oaklawn Apartments*, 959 F.2d at 174. On a Rule 12(b)(5) motion to dismiss, "the plaintiff 'has the advantage of having the facts resolved in its favor.'" *Allen v. United Properties and Const., Inc.*, Civil No. 07-cv-00214-LTB-CBS, 2008 WL 4080035, at *9 (D. Colo. Sept. 3, 2008) (quoting *Montgomery, Zukerman Davis, Inc. v. Diepenbrock*, 698 F. Supp. 1453, 1459 (S.D. Ind. 1988) (internal quotation omitted).

Plaintiff's Return of Service includes a Declaration of the process server, Edward Ridalls, signed under penalty of perjury and notarized. (Doc. No. 263.) The Return of Service also includes a physical description of the person upon whom service was executed. (*Id.*)

On September 18, 2009, Defendant Blair filed a motion to submit exhibits under seal. (Doc. No. 313.) In the motion, the defendant stated he could provide affidavits of over a half dozen individuals whom he was with on the day of the service to prove his whereabouts on that date. (*Id.* at 2–3.) Defendant also stated he could provide credit card receipts proving he was not near his home on the date of service. (*Id.* at 3–4.) The court denied the motion to seal the exhibits but gave Defendant Blair an opportunity to supplement his motion with credit card statements and sworn affidavits regarding his whereabouts at the time of the service on August 1, 2009. (Doc. No. 330.) Defendant filed a supplement on October 5, 2009, in which he attached

4

four unsworn "affidavits."[1]  (Doc. Nos. 333-3 at 2; 333-4 at 2; 333-5 at 2; 333-6 at 2.)  The first statement is by a neighbor of Defendant Blair who states the defendant told her "on Friday, July 31st that [Defendant] would be out of town for the whole weekend."  (Doc. No. 333-3 at 2.)  The neighbor then describes a man approaching the defendant's house at 4:30 p.m. and banging on the front door, getting no answer, and eventually leaving.  (*Id.*)  The remaining statements appear to be those of friends and family members of the defendant who state the defendant was with them, 150 miles from his home, on August 1, 2008.  (Doc. Nos. 333-4 at 2; 333-5 at 2; 333-6 at 2.)  Defendant Blair failed to provide any credit card receipts regarding his whereabouts on the day of service.

In view of the standard that affidavits are to be construed and doubts resolved in the light most favorable to the plaintiff, the court has little trouble concluding Plaintiff has made a *prima facie* showing that she properly served Defendant Blair.  *See Oaklawn Apartments*, 959 F.2d at 174; *Allen*, 2008 WL 4080035, at *9.  The court finds the Declaration of the private process server, who has no interest in this case, is *prima facie* proof of service.  On the other hand, the court finds the unsworn "affidavits" provided by Defendant Blair are self-serving and should not be given the same weight as the sworn and notarized Declaration of the process server.

Moreover, "[p]ersonal service under Rule 4 serves two purposes: notifying a defendant of the commencement of an action against him and providing a ritual that marks the court's

---

[1]An affidavit is a voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths.  *Black's Law Dictionary* 58 (7th ed. 1999).  Defendant's submissions do not meet this definition.

assertion of jurisdiction over the lawsuit.  Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served." *Hunsinger v. Gateway Mgmt. Assocs. v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992).  Plaintiff asserts Defendant received a copy of the summons and complaint, along with a request that he waive service, delivered by the U.S. Postal Service on February 19, 2009.  (Resp., ¶ 14; *see also* Doc. No. 294-3.)  Therefore, Defendant Blair has been given at least one opportunity to waive service.  Instead, it appears Defendant is trying to evade service.  (*See* Resp., ¶¶ 14.b, 14.c.)  The court finds that Defendant has received more than adequate notice of the suit, as well as the basis for this suit.

For the foregoing reasons, this court finds service on Defendant Blair was effective.  The remaining arguments in the defendant's motion do not go to the issue of whether service was sufficient, but only serve to inform the Court of Defendant's contentious history with Plaintiff and are not relevant to a motion filed under Rules 12(b)(4) or (5).

### Plaintiff's Request for Costs of Service

Plaintiff seeks an award of costs for service of Defendant Blair.  However, Plaintiff has failed to provide any documentation to support her assertion that her request for waiver of service to the defendant complied with Fed. R. Civ. P. 4(d)(1).  Accordingly, it is

**ORDERED** that Plaintiff's request for costs is denied at this time. Twenty days from the date of this Order and Recommendation, Plaintiff may file a motion for fees and costs, including any documentation clarifying her compliance with Fed. R. Civ. P. 4(d)(1).  Plaintiff is not

required to confer with Defendant Blair pursuant to D.C.COLO.LCivR 7.1A prior to filing the motion for fees and costs.

This court respectfully

**RECOMMENDS** that Defendant Blair's "Motion to Quash Service Due to Failure to Execute Personal Service Required by FRCP (4)(E)(1) [sic] and Dismiss Pursuant to FRCP 12(B)(4) [sic] and FRCP 12(B)(5) [sic]" (Doc. No. 277) be DENIED.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the 6district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection

7

does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 6th day of October, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge