IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00309-MSK-KMT

SUZANNE SHELL,

     Plaintiff,

v.

AMERICAN FAMILY RIGHTS ASSOCIATION,
WILLIAM O. TOWER,
ANN TOWER,
LEONARD HENDERSON,
SUSAN ADAMS JACKSON a/k/a SUSAN WOLVERTON,
CLETUS KIEFER,
FAMILIES AT RISK DEFNESE ALLIANCE,
MARK CYGAN,
ILLINOIS FAMILY ADVOCACY COALITION,
DOROTHY KERNAGHAN-BAEZ,
GEORGIA FAMILY RIGHTS, INC.,
DENNIS HINGER,
NATIONAL ASSOCIATION OF FAMILY ADVOCATES,
AIMEE DUTKIEWICZ,
THOMAS DUTKIEWICZ,
CONNECTICUT DCF WATCH,
WILLIAM WISEMAN,
WISEMAN STUDIOS,
ANN DURAND,
BRENDA SWALLOW,
KATHY TILLEY,
DEE CONTRERAS
RANDALL BLAIR,
LLOYD PHILLIPS,
RINGO KAMENS,
CHERYL BARNES,
CPSWATCH, INC.,
DESERE' CLABO aka HOWARD,

SARAH THOMPSON and
Unknown defendants Doe 1-15,

    Defendants.

---

## ORDER

    This matter is before the court on "Plaintiff's Verified Motion for Imposition of Costs of Personal Service Upon Defendant Aimee Dutkiewicz Pursuant to Fed.R.Civ.P. [sic] 4(d)(2) and for Sanctions" (Doc No. 335, filed October 15, 2009) and Plaintiff's "Verified Motion for Costs of Personal Service Upon Defendant Randall Blair" (Doc. No. 347, filed October 22, 2009). Defendant Aimee Dutkiewicz filed a response to the motion for costs on October 26, 2009 (Doc. No. 349), and Plaintiff filed her reply on October 30, 2009 (Doc. No. 350). Defendant Blair did not file a response.

    On September 28, 2009 and October 6, 2009, this court entered orders allowing Plaintiff to file motions for fees and costs for Defendants Dutkiewicz and Blair's failure to waive service pursuant to Fed. R. Civ. P. 4(d)(2). (Doc. No. 331 at 6–7; Doc. No. 334 at 6–7.) In the order related to the service of Defendant Dutkiewicz, the court noted Plaintiff had failed to provide any documentation to support her assertion that she provided a valid request for waiver of service to the defendant pursuant to Fed. R. Civ. P. 4(d)(1)(A)–(E) and (G) and ordered the plaintiff to include in any future motion for costs any documentation clarifying her compliance with same.[1]

---

[1]The court waived the requirement that Plaintiff give the defendant 30 days after the request was sent to return the waiver as is required pursuant to Fed. R. Civ. P. 4(d)(1)(F), as the court set its own deadline by which Defendant was required to notify Plaintiff if she would

(Doc. No. 331 at 6–7.)  In the order related to the service of Defendant Blair, the court again any noted Plaintiff had failed to provide any documentation to support her assertion that she provided a valid request for waiver of service to the defendant pursuant to Rule 4(d)(1) and ordered the plaintiff to include in any future motion for costs documentation clarifying her compliance with the rule.  (Doc. No. 334 at 6–7.)

Fed. R. Civ. P. 4(d)(1) states that a plaintiff may request "[a]n individual . . . that is subject to service under Rule 4(e), (f), or (h)" to waive service of a summons.  The request must be in writing and addressed to the individual defendant, must name the court where the complaint was filed, and must contain "a copy of the complaint, two copies of a waiver form, and a prepaid means for returning the form."  Fed. R. Civ. P. 4(d)(1)(A)–(C).  The request must also provide the date when it was sent and notice to the defendant "of the consequences of waiving and not waiving service."  *Id.*  In addition, the request must "give the defendant a reasonable time of at least 30 days" to waive service by returning the waiver.  Fed. R. Civ. P. 4(d)(1)(F).  The rule requires courts to assess costs against defendants who refuse to waive service of process without good cause.  Fed. R. Civ. P. 4(d)(2).  An important purpose of the rule is to impose the costs of formal process on defendants who do not show good cause for refusing waiver.  *Russell v. Chase Inv. Servs. Corp.*, No. 09-CV-360-GKF-TLW, 2009 WL 3254898, at *2 (N.D. Okla. Oct. 7, 2009).  "However, the procedural requirements of Rule 4(d)(2) are a 'condition precedent to a demand for costs for refusal to waive service.'" *Id.* (quoting *Spivey v.*

accept service.

3

*Bd. of Church Extension and Home Mission of the Church of God*, 160 F.R.D. 660 (M.D. Fla. 1995)).

### Costs Related to Service of Defendant Dutkiewicz

Plaintiff asserts she first mailed a request for waiver of service, including the documents required by Rule 4(d)(1), to Defendant Dutkiewicz on February 14, 2009, but the notice was returned to Plaintiff because the defendant had moved and left no forwarding address.  (Doc. No. 335, ¶¶ 5–7.)  After locating a new address for Defendant Dutkiewicz, Plaintiff again sent the same notice and attachments requesting that the defendant waive service on March 12, 2009. (*Id.*, ¶ 8.)  Plaintiff asserts that request was delivered on March 14, 2009.  (*Id.*; *see also* Doc. No. 298-3.)

The court notes that Plaintiff has not attached copies of the actual Notice and Request for Waiver of Service of Summons, but instead she has attached copies of a recreated Notice and Request dated February 14 with a notation that "the original was signed by me."  (Doc. No. 335-5.)  Plaintiff fails to explain why she has not provided copies of the original documents served on Defendant.  However, Defendant Dutkiewicz has not denied receipt of the request or the assertions by Plaintiff that her request for waiver complied with Rule 4(d).  Nor has she objected to the lack of documentation.  Defendant Dutkiewicz states that she "chose to not sign the waiver as a right under the law."  (Doc. No. 349, ¶ 15.)  Additionally, Defendant Dutkiewicz notified the Court on July 27, 2009, that she would not waive service of the summons and complaint, and that Plaintiff would be required to serve her.  (Doc. No. 245 at 1.)

4

The Notice and Request dated February 14 does not comply with Rule 4(d)(1)(E), which states that the request for waiver must state the date when the request is sent.  However, service of a request for waiver of formal service might be effective and achieve Rule 4's goals of minimizing the costs of litigation even if a plaintiff does not strictly comply with every formalistic requirement of the rule.  *Flores v. School Board of DeSoto Parish*, 116 Fed. App'x 504, 508 (5th Cir. 2004).  Moreover, several courts have held that where a plaintiff substantially complies with the requirements of Rule 4(d), an award of fees and costs may be warranted.  *See Stapo Indus., Inc.v. M/V Henry Hudson Bridge*, 190 F.R.D. 124, 124 (S.D.N.Y. 1999); *Trevino v. D.H. Kim Enters., Inc.*, 168 F.R.D. 181, 182–83 (D. Md. 1996)*; Dymits v. American Brands, Inc.*, No. C96-1897 CW, 1996 WL 751111, at *15–16 (N.D. Cal. Dec. 31, 1996).  Additionally, where the defendant was not prejudiced, a technical violation of Rule 4 may be overlooked. *Trevino*, 168 F.R.D. at 183.  Here, there is no prejudice from the incorrectly dated Notice, as Defendant would have refused to waive service regardless.  Accordingly, this court finds an award of costs for effecting personal service on Defendant Aimee Dutkiewicz is warranted.

In her original request for an award of costs for service on Defendant Dutkiewicz, Plaintiff sought $400.00.  (Doc. No. 299.)  This court, in its Order dated September 28, 2009, stated, "It is unclear to this court why Plaintiff requests $400.  The Statement of Service of Fees included on the Return of Service signed by [the process server] totals $335, including $150 for travel and $185 for 'Rush' service."  (Doc. No. 331 at 7.)  The court ordered Plaintiff to "include detailed documentation and receipts for the fees requested" in a future motion for costs.  (*Id.*)  Plaintiff states she has spent $542.06 "for locating and effecting personal service upon Aimee

Dutkiewicz" (Doc. No. 335, ¶ 17.e), but that she "does not amend the amount of that request" (*id.*, ¶ 18).

Plaintiff attempted to serve Defendant Dukiewicz on April 1, 2009, through Connecticut Marshal Arthur Cyr. (Doc. Nos. 179.) This court found that attempt at service was not effective. (*See* Doc. No. 205.) Moreover, according to Plaintiff, her second request for waiver of service was sent on March 14, 2009 (Doc. No. 335, ¶ 8), giving Defendant Dutkiewicz thirty days, until April 11, 2009, to return a signed waiver. Despite the April 11, 2009 deadline, Plaintiff nevertheless prematurely proceeded with efforts to personally serve Defendant Dutkiewicz. As such, an award of costs for the service by Marshal Cyr is not appropriate.

Plaintiff states that after the first service by Marshal Cyr was declared invalid, she hired him to re-serve the defendant. (Doc. No. 335, ¶ 17.a.) She states that "even though [he] did not effect personal service, I had to pay in advance for [his] investigation and attempts to effect service." (*Id.*) Plaintiff filed a return of service related to the unsuccessful attempts at service by Marshal Cyr in which she notes she paid $65.00 and gives a check number. (Doc. No. 287.) However, Plaintiff has failed to attach a copy of her canceled check, a bill from the Connecticut Marshal, or a receipt for her payment. The court finds Plaintiff's documentation to be insufficient to award costs for this service. However, the court will award $4.80 for the costs of mailing the service documents to the Connecticut State Marshal Service on July 24, 2009. (*See* Doc. No. 335, ¶ 17.a.i.)

Plaintiff states in her efforts to locate Defendant Dutkiewicz, she engaged in skip tracing and other investigations to obtain a home and work addresses. (*Id.*, ¶ 17c.) Plaintiff provides a

billing report in which it appears she paid $15.46 on August 5, 2009, to obtain "Background

Details" regarding Defendant Dutkiewicz.  (Doc. No. 335-4 at 1.)  Plaintiff also includes a

request confirmation from Aaron's Research Services in the amount of $49.95 on July 30, 2009,

to obtain an address for Defendant Dutkiewicz.  (*Id.* at 2.)  An award of these costs is

appropriate.

Plaintiff also attaches receipts from Intelius dated February 11, 2009, and August 5,

2009.  (*Id.* at 4–5.)  Plaintiff claims these searches were to obtain information regarding

Defendant Dutkiewicz based on her telephone number and email address.  (Doc. No. 335, ¶

17c.iii-iv.)  Neither receipt indicates the search was specifically related to Defendant

Dutkiewicz.  Moreover, the February 11, 2009, search was conducted prior to either request for

waiver being sent to the defendant.  An award of these costs is inappropriate.

Finally, Plaintiff attaches a bill from Effie Belou for the service of process effected on

Defendant Dutkiewizc on August 8, 2009.  (Doc. No. 335-4 at 4.)  The bill totals $335.00,

including $150.00 for travel fees and $185.00 for "RUSH Service Fees."  (*Id.*)  Ms. Belou

indicates she traveled 68.4 miles to serve the defendant.  For 2009, the federal standard mileage

rate is 55 cents per mile.  Accordingly, the court will award $37.62 for mileage.

On July 7, 2009, the court granted Plaintiff an extension to August 14, 2009, to serve all

remaining unserved defendants.  (Doc. No. 205 at 5.)  Defendant Dutkiewicz notified the Court

on July 27, 2009, that she would not waive service of the summons and complaint.  (Doc. No.

245.)  After July 27, 2009, Plaintiff had nearly three weeks within which to serve Defendant

Dutkiewicz.  At the date of service upon Defendant Dutkiewicz, Plaintiff had another six days by

which to serve all remaining unserved defendants.  There is no explanation why Ms. Belou's

service was considered "RUSH Service," nor is there any breakdown of the fees charged by Ms.

Belou for the service.  The court finds Plaintiff's documentation to be lacking, especially in light

of the fact that the court ordered the plaintiff to provide "detailed documentation and receipts for

the fees requested."  (Doc. No. 331 at 7.)  Moreover, Plaintiff has provided no canceled check or

other documentation that she has paid Ms. Belou.  Accordingly, the costs of the private process

server will be allowed, but in the amount of $65.00, which Plaintiff states the Marshal charged to

effect service.  (*See* Doc. No. 287.)

Plaintiff also seeks an award of sanctions against Defendant Dutkiewicz "for her

inappropriate conduct effecting personal service upon her . . . ."  (Doc. No. 335, ¶ 21.)  The court

construes this request for sanctions pursuant to Fed. R. Civ. P. 11.  The focus of Rule 11 is

narrow.  It relates to the time of signing of a document and imposes an affirmative duty on each

attorney and each party, represented or pro se, to conduct a reasonable inquiry into the validity

and accuracy of a document before it is signed.  *Eisenberg v. University of New Mexico*, 936

F.2d 1131, 1135 (10th Cir. 1991).  The moving party must submit the motion for sanctions

separately from other motions or requests and "describe the specific conduct that allegedly

violates Rule 11(b)."  Fed. R. Civ. P. 11(c)(2).  The Rule also contains a 21-day "safe harbor"

period of time for the offending party to withdraw the challenged document or conduct.  *Id.*  If

the offending party does not withdraw the challenged document or conduct after 21 days, the

moving party may file its motion for sanctions with the court.  The plain language of the rule

indicates that this notice and opportunity prior to filing is mandatory.

8

The court notes that most of the alleged conduct for which Plaintiff requests an award of sanctions is outside the focus of Rule 11.  Additionally, Plaintiff did not comply with the rule by filing her motion for sanctions separately from her motion for costs of service.  Moreover, the Plaintiff did not follow the safe harbor provision and allow the defendant 21 days within which to correct any allegedly sanctionable behavior before filing her motion for sanctions.  Plaintiff's motion for sanctions is denied.

***Costs Related to Service of Defendant Blair***

In her motion, Plaintiff states she emailed a copy of the summons and complaint with a notice and waiver to Defendant Blair on February 13, 2009.  (Doc. No. 347, ¶ 4.)  Plaintiff states she then mailed a copy of the summons and complaint, two copies of the Notice of Lawsuit and Request for Waiver of Personal Service to Defendant Blair on February 14, 2009.  (*Id.*, ¶ 5.)  Plaintiff asserts she sent a second copy of the summons and complaint with a "corrected waiver form" to Defendant Blair's email address on February 23, 2009.  (*Id.*, ¶ 7.)  Despite being previously ordered by this court to do so, Plaintiff has failed to provide any copies of the documents she served upon Defendant Blair to support her assertion that she provided a valid request for waiver of service to Defendant Blair and/or allowed him sufficient time to respond to a request pursuant to Rule 4(d)(1).  *Sherer v. City of Merriam*, No. 01-2092-KHV, 2001 WL 1718108, at *2 (D. Kan. July 5, 2001).  Accordingly, Plaintiff's motion for costs of personal service of Defendant Blair is denied.

Therefore, it is

**ORDERED**

1.      "Plaintiff's Verified Motion for Imposition of Costs of Personal Service Upon Defendant Aimee Dutkiewicz Pursuant to Fed.R.Civ.P. [sic] 4(d)(2) and for Sanctions" (Doc No. 335 ) is GRANTED in part.  Plaintiff is awarded costs for effecting personal service in the amount of $172.83, to be paid to Plaintiff no later than December 11, 2009.  Defendant shall file a Notice of Compliance with this Order no later than December 18, 2009.

2.      Plaintiff's "Verified Motion for Costs of Personal Service Upon Defendant Randall Blair" (Doc. No. 347) is DENIED.

Dated this 13th day of November, 2009.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge