IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00309–MSK–KMT

SUZANNE SHELL,

    Plaintiff,

v.

LEONARD HENDERSON,
FAMILIES AT RISK DEFENSE ALLIANCE,
FRANCINE RENEE CYGAN,
MARK CYGAN,
ILLINOIS FAMILY ADVOCACY COALITION,
GEORGIA FAMILY RIGHTS, INC.,
DENNIS HINGER,
NATIONAL ASSOCIATION OF FAMILY ADVOCATES
AIMEE DUTKIEWICZ,
CONNECTICUT DCF WATCH,
ANN DURAND,
BRENDA SWALLOW,
KATHY TILLEY,
RANDALL BLAIR,
LLOYD PHILLIPS,
DESERE' CLABO aka HOWARD, and
UNKNOWN DEFENDANTS DOE 1-15,

    Defendants.

## ORDER

**Magistrate Judge Kathleen M. Tafoya**

    This matter is before the court on the "United States' Motion to Intervene" (Doc. No. 449, filed June 25, 2010) filed by putative relator, Torm L. Howse, who is not a current party to this lawsuit.

## I. Motion To Intervene

Mr. Howse, the putative relator, moves for the United States to intervene in this action as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2) or, alternatively, by permissive intervention pursuant to Fed. R. Civ. P. (b)(2). As a threshold matter, the court notes that it would be warranted to deny Mr. Howse's motion based on his failure to file a pleading with his motion, pursuant to Rule 24(c), alone. *See Miami County Nat'l Bank v. Bancroft,* 121 F.2d 921, 926 (10th Cir. 1941)*; Hobson v. Hansen,* 44 F.R.D. 18, 25 n.6 (D.D.C. 1968). However, in the interest of judicial economy, the court elects instead to analyze Mr. Howse's arguments in favor of his proposed intervention as raised in his motion, and concludes that the motion should nevertheless be denied.[1] *See Gibson v. ABN Amro Mortg. Group, Inc.,* No. COV 03733L, 2005 WL 1354823, at *3 (W.D. Okla. June 6, 2005).

### A. Intervention as a Matter of Right

Federal Rule of Civil Procedure 24(a) dictates when a party must be permitted to intervene as of right. Rule 24(a) allows intervention as of right if (1) the application is timely; (2) the movant claims an interest related to the property or transaction which is the subject of the action; (3) the movant's interest may be impaired or impeded; and (4) the movant's interest is not adequately represented by existing parties. *United States v. Albert Inv. Co., Inc.*, No.

---

[1] The court finds that denying Mr Howse's Motion will not have a *res judicata* effect on his claims. *Public Serv. Co. of Colo. v. Bd. of County Comm's,* No. 04–cv-01828–REB–CBS, 2005 WL 2293650, at *2–3 (D. Colo. Sep. 19, 2005). Consequently, pursuant to 28 U.S.C. § 636, denying Ms. Howse's Motion is within the jurisdiction of this court to determine non-dispositive pre-trial matters. *Id.* Therefore, the court issues the following order in accordance with its findings.

08-6267, 2009 WL 3739424, at *3 (10th Cir. 2009). "Failure to satisfy even one of these requirements is sufficient to warrant denial of a motion to intervene as a matter of right." *Commodity Futures Trading Comm'n v. Heritage Capital Advisory Servs., Ltd.*, 736 F.2d 384, 386 (7th Cir. 1984) (citing *Nat'l Ass'n for Advancement of Colored People v. New York,* 413 U.S. 345, 369 (1973)).

Under Rule 24(a)(2), the intervenor must "claim[ ] . . . an interest relating to the property or transaction which is the subject of the action." While Rule 24(a) does not specify the nature of the interest required for intervention as a matter of right, the Supreme Court has held that "what is obviously meant . . . is a significantly protectable interest." *Donaldson v. United States*, 400 U.S. 517, 531 (1971). The Tenth Circuit requires that the interest be "'direct, substantial, and legally protectable.'" *Utah Assoc. of Counties v. Clinton*, 255 F.3d 1246, 1251 (10th Cir. 2001)(quoting *Coalition of Ariz./N.M. Counties*, 100 F.3d 837, 840 (10th Cir. 1996)).

The court finds that intervention as of right is not warranted in this case, where the plaintiff generally alleges that the Defendants unlawfully used or copied her proprietary information (web site contents) for their own financial benefit and in retaliation against her for protecting such information. Mr. Howse seeks intervention by the United States "for the limited purposes of enforcing its right to protect the Federal Government from frivolous and/or fraudulent abuses of its resources and services." (Mot. at 1.) Mr. Howse appears to assert that the failure of the District Court to dismiss Plaintiff's case is causing a drain on government resources. (*Id.* at 3.) Mr. Howse argues the United States has an interest because Plaintiff's "actions are tainted, fraudulent and frivolous, and, therefore, an unreasonably excessive drain

upon the Treasury without good cause." The court finds Mr. Howse's claims are not implicated in this case. Assuming the merits of this case are reached, the outcome of this case will not resolve whether Plaintiff's case has depleted any government resources. As such, any interests of the United States will not be impaired or impeded by the disposition of this action.

### B.  *Permissive Intervention*

The court also considers whether the putative relator's motion for the United States to permissively intervene under Federal Rule of Civil Procedure 24(b) should be allowed. Permissive intervention requires a petitioner to show a claim or defense that shares a common question of law or fact with the main action. Fed. R. Civ. P. 24(b). "The decision to grant or deny a motion for permissive intervention is wholly discretionary" with the district court. *South Dakota ex rel Barnett v. U.S. Dept. of Interior*, 317 F.3d 783, 787 (8th Cir. 2003) (citations omitted). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). As outlined above, any claims Mr. Howse asserts the putative intervenor would have do not share the same underlying questions of law or fact as the case at bar. Moreover, the court finds that the asserted claims would unduly delay the already lengthy proceedings of this case.

## II.  **Qui Tam** *Action*

Finally, to the extent Mr. Howse attempts to assert an action under the False Claims Act, the court finds Mr. Howse's Motion is properly denied. In 1863, during the Civil War, Congress enacted the FCA to "broadly . . . protect the funds and property of the Government from fraudulent claims . . . ." *Rainwater v. United States*, 356 U.S. 590, 592 (1958). The FCA allows

4

the United States to recover against "[a]ny person who knowingly presents, or causes to be presented, to . . . the United States Government . . . a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a). A FCA action may be brought by the United States or by a relator on behalf of the United States in a *qui tam* civil action. 31 U.S.C. § 3730(b)(1); *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765 (2000) (holding that the False Claims Act has in mind private persons who, on behalf of the Federal Government, bring suit against parties engaged in fraudulent conduct). If a relator brings the action, the relator must serve the United States with a copy of the complaint and any supporting information, and allow sixty days for the United States to intervene in the action. 31 U.S.C. § 3730(b)(2). If the United States chooses to intervene, the United States has the primary responsibility for prosecuting the action and the relator can continue as a participant in the case. 31 U.S.C. § 3730(c)(1). If the United States chooses not to intervene, the relator "shall have the right to conduct the action," subject to subsequent intervention by the United States, which a court may permit for good cause. 31 U.S.C. § 3730(c)(3). If the United States intervenes and is successful, the relator receives fifteen to twenty-five percent of the judgment, 31 U.S.C. § 3730(d)(1), and if the United States does not intervene and the relator is successful, the relator receives twenty-five to thirty percent of the judgment, 31 U.S.C. § 3730(d)(2).

Based on Plaintiff's Complaint, it does not appear any of the parties have made any allegations that implicate false or fraudulent claims have been presented to the United States for payment or approval. Moreover, Mr. Howse has failed to follow the procedures required to file a *qui tam* action.

WHEREFORE, for the foregoing reasons, it is

ORDERED that the "United States' Motion to Intervene" (Doc. No. 449) is DENIED.

Dated this 15th day of July, 2010.

BY THE COURT:

/s/ Kathleen M. Tafoya

Kathleen M. Tafoya
United States Magistrate Judge