IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–00309–MSK–KMT

SUZANNE SHELL,

    Plaintiff,

v.

LEONARD HENDERSON,
FAMILIES AT RISK DEFENSE ALLIANCE,
FRANCINE RENEE CYGAN,
MARK CYGAN,
ILLINOIS FAMILY ADVOCACY COALITION,
GEORGIA FAMILY RIGHTS, INC.,
DENNIS HINGER,
NATIONAL ASSOCIATION OF FAMILY ADVOCATES
AIMEE DUTKIEWICZ,
CONNECTICUT DCF WATCH,
ANN DURAND,
BRENDA SWALLOW,
KATHY TILLEY,
RANDALL BLAIR,
LLOYD PHILLIPS,
DESERE' CLABO aka HOWARD, and
UNKNOWN DEFENDANTS DOE 1-15,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Kathleen M. Tafoya**
**United States Magistrate Judge**

    This case comes before the court on the "Information and Motion for Emergency

Temporary Restraining Order" (Doc. No. 444, filed June 25, 2010 [hereinafter "Mot. for TRO"])

filed by putative relator, Torm L. Howse, who is not a current party to this lawsuit. Mr. Howse seeks "a limited, ninety (90) day blanket restraining order" enjoining the parties from engaging in "electronic warfare" regarding each other or the merits of this case. (Mot. at 1–2.)

Where the opposing party has notice, as is in this case, the procedure and standards for issuance of a restraining order mirror those for a preliminary injunction. *Emmis Commc'ns Corp. v. Media Strategies, Inc.*, 2001 WL 111229, *2 (D. Colo. Jan. 23, 2001). A party seeking preliminary injunction must meet the following four conditions:

> (1) the movant will suffer irreparable harm unless the injunction issues; (2) there is a substantial likelihood the movant ultimately will prevail on the merits; (3) the threatened injury to the movant outweighs any harm the proposed injunction may cause the opposing party; and (4) the injunction would not be contrary to the public interest.

*ACLU v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999). A party seeking injunctive relief must found his effort on specific factual allegations. *Longstreth v. Maynard*, 961 F.2d 895, 902 (10th Cir. 1992). Ultimately, because "a preliminary injunction is an extraordinary remedy," the moving party must establish that his "right to relief [is] clear and unequivocal." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). It is well established that "[b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted). Finally, if an injunction would "alter the status quo," the factors must "weigh heavily

and compellingly" in the movant's favor in order for an injunction to enter. *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098-99 (10th Cir. 1991).

In this case, Plaintiff Shell generally alleges that the Defendants unlawfully used or copied her proprietary information (web site contents) for their own financial benefit and in retaliation against her for protecting such information. Mr. Howse, as a putative relator, filed the "United States' Motion to Intervene" in which he moved for the United States to intervene in this action pursuant to Fed. R. Civ. P. 24. (Doc. No. 449.) Mr. Howse sought intervention by the United States "for the limited purposes of enforcing its right to protect the Federal Government from frivolous and/or fraudulent abuses of its resources and services." (*Id.* at 1.) Mr. Howse asserted that the failure of the District Court to dismiss Plaintiff's case is causing a drain on government resources. (*Id.* at 3.) Mr. Howse also argued the United States has an interest because Plaintiff's "actions are tainted, fraudulent and frivolous, and, therefore, an unreasonably excessive drain upon the Treasury without good cause." This court denied Mr. Howse's Motion to Intervene, finding intervention as of right is not warranted in this case; that Mr. Howse failed to show a claim or defense that shares a common question of law or fact with the main action to allow permissive intervention; that, to the Mr. Howse attempted to assert an action under the False Claims Act, none of the parties had made any allegations that implicate false or fraudulent claims have been presented to the United States for payment or approval; and that Mr. Howse failed to follow the procedures required to file a *qui tam* action. (*See* Doc. No. 455.)

In his Motion for TRO, Mr. Howse fails to address any of the requisite factors for the Court to issue a restraining order. Moreover, as Mr. Howse's Motion to Intervene was denied, the court cannot find that he has any likelihood of success on the merits.

WHEREFORE, as Mr. Howse has failed to satisfy the four prerequisites for obtaining a temporary restraining order, the court respectfully

RECOMMENDS "Information and Motion for Emergency Temporary Restraining Order" (Doc. No. 444) be DENIED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir.

4

1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 15th day of July, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge