IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00309-MSK-KMT

SUZANNE SHELL,

    Plaintiff,

v.

AMERICAN FAMILY RIGHTS ASSOCIATION,
LEONARD HENDERSON,
FAMILIES AT RISK DEFENSE ALLIANCE,
FRANCINE RENEE CYGAN,
MARK CYGAN,
ILLINOIS FAMILY ADVOCACY COALITION,
GEORGIA FAMILY RIGHTS, INC.,
DENNIS HINGER,
NATIONAL ASSOCIATION OF FAMILY ADVOCATES,
CONNECTICUT DCF WATCH,
ANN DURAND,
BRENDA SWALLOW,
KATHY TILLEY,
RANDALL BLAIR,
LLOYD PHILLIPS,
DESERE' CLABO aka HOWARD, and
UNKNOWN DEFENDANTS DOE 1-15,

    Defendants.

# ORDER

This matter is before the court on "Plaintiff's Motion to Amend Complaint and Supplement Complaint" (Doc. No. 463, filed April 7, 2011). Defendant Ring Kamens filed his Response on April 21, 2011 (Doc. No. 467 [Resp.]), and Plaintiff filed her Reply on May 2, 2011 (Doc. No. 469 [Reply]). This Motion is ripe for ruling.

This court adopts the detailed recitation of the facts asserted by Plaintiff in her original Complaint (Doc. No. 1) set forth in District Judge Marcia S. Krieger's Order dated March 31, 2010. (Doc. No. 397 [March 2010 Order].) Essentially, Plaintiff asserts the defendants have infringed her copyrighted works that she has posted on her website and/or used at her speaking events, and, therefore, breached the contract for use of her copyrighted works. Plaintiff also contends that the defendants have engaged in a conspiracy of copyright infringement against her, violated antitrust statutes, engaged in deceptive and unfair trade practices and advertising, and violated the Racketeer Influenced and Corrupt Organizations Act (RICO).

Plaintiff filed her Complaint (Doc. No. 1) on February 13, 2009. Multiple defendants moved to dismiss, based on lack of personal jurisdiction and/or due to failure to state a claim. In the March 2010 Order, Judge Krieger denied the motions to dismiss filed by Defendant Henderson (Doc. No. 168) and Defendant Aimee Dutkiewicz (Doc. No. 336). Defendants Jackson (Doc. No. 55), Thomas Dutkiewicz (Doc. No. 66), Barnes (Doc. No. 171), CPS Watch, Inc. (Doc. No. 171), Thompson (Doc. No. 171), Swallow (Doc. No. 172), Anne Tower (Doc. No. 199), Kernaghan-Baez (Doc. No. 206), William Tower (Doc. No. 217), Wiseman (Doc. No. 571), and Keifer (Doc. No. 247) moved to dismiss the claims against them for lack of personal jurisdiction due to insufficiency of contacts with Colorado. In the March 2010 Order, Judge Krieger granted each of these Defendants' motions and dismissed the claims against them without prejudice.

Defendant William Tower also sought dismissal of the claims against American Family Rights Association (AFRA) (Doc. No. 217). Based on Defendant Tower's representation that he

and AFRA are synonymous, and the absence of any opposition by Ms. Shell, Judge Krieger deleted AFRA from the caption of the case.

Judge Krieger granted Defendant Bryan (Doc. No. 211) and Defendant Contreras's (Doc. No. 58) motions to dismiss the claims against them for failure to state a claim. As to claims against Defendant Bryan, Plaintiff requested the opportunity to replead. Judge Krieger granted Plaintiff fourteen days to "replead, with specific factual allegations, claims against [Mr. Bryan], but no other Defendant currently named." As to claims against Defendant Contreras, Plaintiff did not request an opportunity to replead. Therefore, Judge Krieger directed that Plaintiff have fourteen days in which to request an opportunity to replead.

After obtaining an extension of time in which to replead, on May 4, 2010, Plaintiff filed a Motion to Amend (Doc. No. 415), along with an Amended Complaint (Doc. No. 415-1), which contains many more allegations and claims than those which were authorized against Defendant Bryan and Defendant Contreras. Certain defendants filed new motions to dismiss. (Doc. Nos. 404, 405, 431, 445.)

On March 24, 2011, Judge Krieger issued an Order (March 2011 Order) granting in part Plaintiff's Motion for Reconsideration, insofar as it sought reconsideration of her objections and to reinstate AFRA as a defendant and denying the Motion for Reconsideration insofar as it sought any other change to the Court's March 2010 Order. Judge Krieger also granted Defendant Aimee Dutkiewicz's Motion to Dismiss. Judge Krieger also amended the caption to include American Family Rights Association as a defendant. Finally, Judge Krieger denied Plaintiff's Motion to Amend (Doc. No. 415) with leave to renew.

On April 7, 2011, within the time set by Judge Krieger, Plaintiff filed her current Motion to Amend (Doc. No. 463), along with a proposed Amended Complaint (Doc. No. 464). The proposed Amended Complaint contains significantly many more allegations and claims than Judge Krieger authorized Plaintiff to make against Defendant Bryan and Defendant Contreras. Additionally, the caption of the proposed Amended Complaint includes the names of each defendant previously dismissed by Judge Krieger, as well as claims against each of the previously dismissed defendants. Plaintiff's original Complaint was 69 pages long, with 350 numbered paragraphs. (*See* Doc. No. 1.) Plaintiff's proposed Amended Complaint is 398 pages long, with 1,682 numbered paragraphs and 67 pages of exhibits. (*See* Doc. Nos. 464 and 464-1.)

In Plaintiff's Motion, she concedes she was granted leave to replead as to Defendant Bryan, but states "this is impossible without including the other defendants who participated in the conspiracy." (Mot., ¶ 2.) Plaintiff also concedes she was granted leave to file a motion to replead as to Defendant Contreras, but again states this is "impossible without including the other defendants who participated in the conspiracy." (*Id.*, ¶ 3.) Plaintiff states that the defendants are so inextricably intertwined that she could not effectively extricate any one defendant for independent causes of action that would address her grievances. (*Id.*, ¶ 4.) Plaintiff also argues that filing a new complaint including only some of the defendants will force her to have to duplicate efforts by litigating some claims with the same witnesses at different times and in possibly different lawsuits, which would result in detrimental legal effects and legal costs to her. (*Id.*, ¶ 5.) Plaintiff also continues to argue that the dismissed defendants were

dismissed because of improper conduct by them, and that allowing Plaintiff to replead to include them as defendants again "will come the closest to restoring all parties to the legal status they held before the chaos was created by [their] inappropriate conduct and resultant confusion." (*Id.*, ¶¶ 7–9.) Finally, Plaintiff argues she should be allowed to supplement her complaint with additional "tortious and wrongful conduct both against me and against the consumer market since the filing of the original complaint." (*Id.*, ¶ 14.) Plaintiff, in part, wishes to supplement claims against previously dismissed Defendants Anne Tower, William Tower, Aimee Dutkiewicz. (*Id.*, ¶¶ 18.b.-e.)

The Federal Rules of Civil Procedure provide that a party may amend a pleading by leave of court, and that leave shall be given freely when justice so requires. Fed. R. Civ. P. 15(a). Although the federal rules permit and require liberal construction and amendment of pleadings, the rules do not grant the parties unlimited rights of amendment. A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff's Motion to Amend is clearly not in compliance with Judge Krieger's March 2010 orders allowing her "replead, with specific factual allegations, claims against [Defendant Bryan], but no other Defendant currently named" and to move to replead as to Defendant Contreras. (*See* March 2010 Order at 38.) As such, portions of her proposed Amended Complaint would be subject to dismissal as futile. This court is not inclined to conduct a thorough analysis of Plaintiff's proposed Amended Complaint under Rule 15(a) until Plaintiff has met the threshold requirement of complying with Judge Krieger's Orders. Therefore, it is

**ORDERED** that "Plaintiff's Motion to Amend Complaint and Supplement Complaint" (Doc. No. 463) is DENIED without prejudice.  Plaintiff may, no later than May 26, 2011, file her motion to amend and proposed amended complaint that complies with Judge Krieger's March 2010 and March 2011 Orders.

Dated this 12th day of May, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge