UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00309 MSK-KMT

SUZANNE SHELL
    Plaintiff

    v.

AMERICAN FAMILY RIGHTS ASSOCIATION, et. al.

    Defendants

### PLAINTIFF'S OBJECTION TO MINUTE ORDER #481
Filed on December , 2011 and
### MOTION TO FILE A MOTION

COMES NOW Plaintiff Suzanne Shell, *pro se*, to object to certain provisions of the court's Minute Order #481 and in support thereof I state as follows:

1. I object to the court's finding that "none of the remaining defendants has filed an answer to the Complaint." This finding is in error. Defendant Leonard Henderson did file an answer before he filed his motions to dismiss, document #95 filed on 05/01/2009. I moved to strike [#146] portions of this answer, which the court denied [#159]. I object to Defendant Henderson being given another chance to answer the complaint, especially since I have not been afforded the same leniency with amending my complaint.

2. I object to the court not instituting protective orders regarding the pro se defendants filing of their answers. When the motions to dismiss were being filed, the pro se defendants used the motions to dismiss filed by counsel for represented defendants as the model for their own motions to dismiss and copied it virtually verbatim as their own motions to dismiss. By this mechanism, the pro se defendants in effect received the benefit of counsel without actually hiring counsel. It is patently unfair to allow the defendants to receive the benefits of counsel, when they

are not represented by counsel. Since the attorney whose pleadings were copied verbatim has not objected to the other defendants using his documents to advance their own legal interests, and since giving legal advice to a party without that party hiring the attorney could be construed as unauthorized practice of law, I request the court to order that any party represented by counsel shall file their own answer after the deadline for pro se parties to file their respective answers. I also respectfully request that the court issue protective orders prohibiting counsel for represented defendants from sharing any of their documents with pro se defendants during the time that the pro se defendants are preparing their own answers and other documents until after the represented defendants to file their documents with the court.

3. I also object to the court directing the defendants to file their answers without providing any instruction to the pro se defendants as to what they are permitted to put in their answers, and instructing what kind of content is not permitted. Given the history of the pro se defendants engaging in unrestrained paper brawls[1] replete with scandalous, scurrilous, immaterial and irrelevant statements, and their abject inability to conduct the business of this litigation in with businesslike decorum, I contend that the pro se defendants will use this opportunity to engage in more of the same personal attacks and vitriol. I contend that such conduct is improper, unnecessary and abusive both of me personally and of my and the court's time and consideration as well as being disrespectful of the decorum of these proceedings. Accordingly, I request the court instruct the pro se defendants as to the proper conduct and decorum that is required, if any, in their submissions to this court.

4. I object most strenuously to the court giving the defendants who have not filed responsive pleadings yet another extension to file their answers. I have already suffered grievous prejudice

---

[1] Defendants filing frivolous documents, defendants responding to documents filed about or by other defendants, defendants filing abusive, scurrilous and irrelevant documents, defendants seeking sanctions for invalid or false reasons, defendants seeking and obtaining special permission to refuse to communicate and conduct the business of this litigation, etc.

and harm to my legal interests when the court set aside the defaults[2][#159] I had legitimately obtained in 2009 against defendants who had failed to file a responsive pleading within the time frame established by the Rules. At the time the court set aside the defaults, the court also ordered that parties could not file any motions, and I was thereby prohibited from filing/re-filing motions for defaults. However, the court did not restrict the filing of answers or other responsive documents, therefore, the defendants who have failed to respond within the twenty days[3] mandated by the rules are subject to default.

    I am currently operating under another onerous and prejudicial order–to which I have already objected– whereby I am required to file a motion to file a motion, and I was preparing such a motion to request leave to file for defaults against the defendants who have failed to submit a responsive pleading when this Order was filed. The court has now forestalled my ability to obtain these defaults to which I am legitimately entitled as of mid-2009. I contend that two years is more than sufficient time for the defaulting defendants to have obtained counsel[4] if needed, and to submit their answers according to the court's order [159] at the last scheduling conference. To give the defendants this notice and permission to make up for their gross error, especially without good cause, is patently unfair, especially given that this court has been so lenient with the defendants[5] and so singularly rigid with enforcing the requirements I must

---

[2] Default entered as to American Family Rights Association [#71], to Francine Renee Cygan, Mark Cygan, William O. Tower, Ann Tower [#90], Sarah Thompson [#107] before I was ordered to stop filing for defaults. The defaults were set aside.

[3] None of the defendants waived personal service when I sent them the summons and complaint, therefore I had to have them all personally served. In fact, they complained to the court about my attempts to seek waiver of personal service.

[4] NAFA ordered to obtain counsel by 5/15/2009

[5] Defendant Baez filed two motions to dismiss after consenting to jurisdiction, failing to raise necessary issues in the first, and after participating in the litigation by filing no less than four documents seeking the court to dismiss this action, seeking remedies and serving all parties on her requests. Defendants Tower and Dutkiewicz filed motions [##78, 148] and documents on behalf of their (ex)wives, which the court did not strike, but used as a basis to grant their requests. The court dismissed Defendant Wiseman/Wiseman Studios motion that was authored by other defendants after he consented to

follow[6] in that this court has not granted my motion to amend my complaint, nor offered instruction regarding what I must do when I was permitted to amend my complaint.

  In lieu of allowing non-responding defendants to answer *two years after they were served*, I request this court to construe this as a motion to file a motion to file defaults as appropriate and permit me to submit my motion for default against the defendants who have not filed a responsive pleading, and order the clerk grant the defaults *nunc pro tunc* to the date of it's order noticing the defendants of their failure respond and its order permitting the defendants to answer.

5.  I also object to the court's order that I am permitted to serve any unserved defendant on or before January 3, 2012, as being an exercise in futility. This court has made it abundantly clear that my complaint is deficient, and has also not permitted me to amend my complaint. Therefore, if I serve the unserved defendants without being allowed to amend my complaint to cure the deficiencies, anyone I serve will just be dismissed upon their motion to dismiss being considered, regardless of my response to it. This is an unnecessary expense I cannot afford, and a waste of my time and resources and of the court's time and resources to merely engage in a *pro forma* exercise of paper shuffling. I do appreciate the gesture, but unless I can amend my complaint, the

---

jurisdiction by participating in this litigation [##6, 8, 37, 79, 88, 94] seeking remedies and objecting to jurisdiction [#8] without raising personal jurisdiction, thereby waiving it. Defendant Kamens/Bryan filed an answer, making a judicial admission to copying, and this court improperly granted his post-answer motion to dismiss for failure to state a claim. Defendant Susan Jackson appeared [#28] and filed two motions to dismiss,

[6] The court denied my motion to assert personal jurisdiction [#11], claiming I had not conferred when I had, but the defendants refused to confer and my motion contained a statement to that effect. At this time, the subject defendants had participated in this litigation, but were refusing to comply with the rules. Instead of admonishing the defendants for their improper conduct, the court sided with them, and issued an order that there would be no conferring. This order has proven prejudicial to me, and has been administered so as to be prejudicial to me by denying me the right to submit motions which are not opposed, thereby giving the court the opportunity to deny my motions. The court has consistently exhibited a remarkable ability to not see what I expressly stated, and to find key issues in defendants' motions that they had not stated The court admonishing me for one minor complaint by a defendant and issuing protective orders that harm my legal interests and refusing my repeated request for sanctions, or to strike immaterial, scandalous, redundant or irrelevant content, and refusing to keep the defendants from being abusive or harassing me. The court denied[222] my motion to seal documents and for protective order [203, 204] filed by defendants which contained trade secrets when it didn't have the discretion to deny that motion. The court denied my motion [106] to prevent my competitors from representing the defendants, who are also my competitors.

gesture lacks substance and affords me no meaningful remedy. I renew my request to amend my complaint.

6. I am also reiterating my objection to the court's order that parties cannot engage in any settlement discussions. I have been contacted by telephone and by mail repeatedly by the wife of Defendant Leonard Henderson. On December 2, she called my home twice, after business hours, during my private family time. When setting aside her preaching, harassment and personal attacks and placing the most favorable construction on the statements in the message she left, her overture could be reasonably construed as an offer to discuss settlement. I have always been open to settlement discussions with the defendants, regardless of the defendants's opposition to any such discussions. The court's prohibition on that normal practice has severely harmed my legal interests in this case, increased my expenses unnecessarily, and placed me at a distinct disadvantage compared to the defendants, who all benefit by having the court order that I cannot attempt to settle this case. I find I cannot even respond to Mrs. Henderson because of the prohibitions put in place by this court, nor make any attempt to resolve this matter as efficiently as possible. I also realize that any attempt to seek protective orders for any defendants's violation of the no-communication order is futile, as my prior requests for protective orders and sanctions have been denied. This order is so inconsistent with the normal requirements of civil proceedings to resolve these disputes as soon as possible, with least expense, and without having to go to trial, that I contend it is plain error.

7. I also object to the unfair administration of the restrictive orders limiting my ability to litigate my claims and conduct the business of this litigation. By these orders, I cannot file an unopposed motion like defendants with counsel can. I cannot negotiate settlement even when it appears it is ripe to do so. I must file a motion to file a motion when the defendants who don't follow that order get their motions granted and when defendants represented by counsel don't have that restriction. I must wait for permission to respond to motions improperly filed by defendants and when such permission is not forthcoming I lose the motion for failure to respond. I am sanctioned for conducting the normal business of this litigation in a polite and businesslike

manner and the defendants are rewarded for their bad faith and granted special permission to obstruct my ability to conduct the business of this litigation by not being required to confer. Defendants violate the very protective orders they sought against me regarding communication, and when I seek sanctions for those violations, my requests are denied. Defendants cry that I am abusing them, then engage in harassment and abuse against me with impunity. They conduct themselves like batterers and bullies, refusing to communicate directly, engaging in tattling and lying, and obstructing all efforts to deal professionally and reasonably with me and with the court and when I respond fairly and reasonably and limit my responses to the law and the merits, I am penalized and the offending defendants are rewarded.

I am not afforded as much respect for my efforts to comply with the rules, to maintain proper decorum and respect for the court, to studiously avoid exaggerations or misleading statements and to learn the law and the rules as the defendants have been in their refusals to even learn the law or the rules, their unseemly conduct, their false statements and their obstructionism. I confess dismay that, given all the complaints about pro se parties espoused by the courts, I would find my good faith efforts to overcome the pro se issues that the courts complain of to be so much less worthy to the court than the antics of the pro se defendants. It would almost seem that bothering to learn the law and procedures is not as necessary as I have been led to believe.

Wherefore, I submit my objections as stated, and reiterate my request to be afforded the same consideration and leniency for their submissions and errors that the defendants have enjoyed, including the court's liberally favorable construction which resulted in disregarding their consents to and waivers of personal jurisdiction, and that I be permitted to amend my complaint as liberally as the defendants were permitted to submit multiple motions to dismiss even after consenting to or waiving arguments against personal jurisdiction.

I also request the court to grant my motion to file a motion for defaults against non-responding defendants who have appeared or been served, to be granted *nunc pro tunc* as of the date of the court's notice to the defendants in default.

Respectfully Submitted December 5, 2011

/s/ Suzanne Shell

Suzanne Shell
14053 Eastonville Rd.
Elbert, CO 80106
719-749-1303

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the attached documents **PLAINTIFF'S OBJECTION TO MINUTE ORDER #481 Filed on December , 2011 and MOTION FOR PROTECTIVE ORDERS** and attachments were placed in the United States Mail, first class mail, postage prepaid on December 6, 2011

National Association of Family Advocates and
Dorothy Kernaghan-Baez and
Georgia Family Rights, Inc.
*each @* 811 Aumond Place East
Augusta, GA 30909

William Wiseman dba Wiseman Studios
10228 Norwich Avenue
Mission Hills, CA 91345-2712

Susan Adams Jackson
40 Orlando Ave.
Winthrop, MA 02152

Anne E. Tower and
William O. Tower and
American Family Rights Association
*each @* 7334 Chivalry Way,
Citrus Heights, CA, 95621-4333

Brenda Swallow
815 Hilltop Road
Mary Esther, Florida 32569

Randall Blair
via Court's ECF system

Patrick D. Vellone and Jennifer E. Schlatter
attorney for Ringo Kamens/Alex Bryan via Court's ECF system

~~Illinois Family Advocacy Coalition and Renee Cygan~~ and *Mail being returned undeliverable*
Mark Cygan
*each @* 329 N. Cornell Ave. #D
Villa Park, IL 61081

Thomas M. Dutkiewicz dba Connecticut DCF Watch
PO Box 9775
Bristol, CT 06011

Aimee Dutkiewicz
P.O. Box 3022
Bristol, CT 06011-3022

Dee Contreras
7652 Zuni St
Denver, CO 80221

Cletus Kiefer and FAR Defense Alliance
292 East Ave. Ste 114
St. Louis, MO 63117

Leonard Henderson
4773 Salmon River Highway
Otis, OR 97368

Daniel Slater
attorney for Cheryl Barnes, CPS Watch, Inc. and Sarah Thompson via Court's ECF system

/s/ Suzanne Shell December 5, 2011