UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00309 MSK-KMT

SUZANNE SHELL
    Plaintiff

v.

AMERICAN FAMILY RIGHTS ASSOCIATION, et. al.

    Defendants

**PLAINTIFF'S MOTION TO FILE A MOTION**

COMES NOW Plaintiff Suzanne Shell, *pro se*, requesting permission to file a motion pursuant to the Court's direction in Order [#484]. As it is not clear to me whether the court was advising me to file a motion or to file a motion to file a motion, I am complying with the standing order [#359] that parties must file a motion to file a motion, under the objection that in complying with this order I am prevented from seeking remedies with the same efficiency and access to this court as represented parties and pro se parties who did not comply with this order have received.

    **Duty to Confer:** I am also unclear as to the status of orders regarding conferring with defendants before filing a motion, and the court's Order [#484] has served to increase my confusion in that regard. I seek the court's instruction regarding conferring. If the court finds that I must confer, I request the court's instruction to pro se defendants regarding their duty when I attempt to confer.

    I am seeking remedies  associated with the Scheduling Order [#481] as follows.

**Regarding Granting Defendants Time to File Answers**

1.   I have entered an objection to the court's order [#481] that permits defendants to file answers to the complaint, including defendants who have not filed a responsive pleading.

2. Since all of the defendants refused to waive personal service and I had to serve them personally, Fed. R. Civ. P. 4 mandated they file a responsive pleading within 20 days.

3. It has been over two years since the defendants were personally serve or appeared. The defendants have offered no good cause for their respective failures to file an Answer, and the court is not requiring good cause.

4. I have already suffered grievous prejudice and harm to my legal interests when the court set aside the defaults$_2$[#159] I had legitimately obtained in 2009 against defendants who had failed to file a responsive pleading within the time frame established by the Rules. At the time the court set aside the defaults, the court also ordered that parties could not file any motions, and I was thereby prohibited from filing/re-filing motions for defaults. However, the court **did not restrict** the filing of answers or other responsive documents, therefore, the defendants who have failed to respond within the twenty days mandated by the rules are subject to default.

5. I am currently operating under another onerous and prejudicial order besides not being permitted to file motions prior to Motions to Dismiss being ruled up–to which I have already objected– whereby I am required to file a motion to file a motion, and I was preparing such a motion to request leave to file for defaults against the defendants who have failed to submit a responsive pleading when this Order was filed. The defendants do not have to go through any delaying process of filing a motion to file a motion before submitting their Answers, therefore the court has now effectively forestalled my ability to obtain these defaults to which I am legitimately entitled as of mid-2009. I contend that two years is more than sufficient time for the defaulting defendants to have obtained counsel if needed, and to submit their answers according to the court's order [159] at the last scheduling conference. To give the defendants this notice and permission to make up for their gross error when I was preparing defaults, especially without good cause, is patently unfair, especially in view of the way this case has been administered.

6.   While I have been drafting these motions to file a motion, one of the defaulting defendants, American Family Rights Association, has already taken advantage of the prejudicial notice given by the court and filed a motion to dismiss[ 482, 485-1] without complying with the order to file a motion to file a motion [359].  AFRA's motion must be stricken according to the court's order.

7.   To correct the prejudice I have suffered by the court's notice and order, I request the court to vacate it's order allowing defendants who have appeared or been served and have not filed responsive pleadings, and in lieu of allowing non-responding defendants to answer *two years after they were served*  without good cause for the extreme delay, I will request this court to order that I may file defaults as appropriate and permit me to submit my motion for defaults against the defendants who have not filed a responsive pleading, and order the clerk grant the defaults *nunc pro tunc* to the date of it's order noticing the defendants of their failure respond and its order permitting the defendants to answer.

**Wherefore**, I respectfully  request the court to grant my motion and allow me to file motions for defaults against nonresponding defendants who have appeared or been served, which defaults to be granted *nunc pro tunc* as of the date of the court's notice–December 3, 2011.

Respectfully Submitted December 6, 2011

/s/ Suzanne Shell

Suzanne Shell
14053 Eastonville Rd.
Elbert, CO 80106
719-749-1303

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the attached 2 documents **PLAINTIFF'S MOTIONS TO FILE A MOTION** and attachments were placed in the United States Mail, first class mail, postage prepaid on December 7, 2011

National Association of Family Advocates and
Dorothy Kernaghan-Baez and
Georgia Family Rights, Inc.
*each @* 811 Aumond Place East
Augusta, GA 30909

William Wiseman dba Wiseman Studios
10228 Norwich Avenue
Mission Hills, CA 91345-2712

Susan Adams Jackson
40 Orlando Ave.
Winthrop, MA 02152

Anne E. Tower and
William O. Tower and
American Family Rights Association
*each @* 7334 Chivalry Way,
Citrus Heights, CA, 95621-4333

Brenda Swallow
815 Hilltop Road
Mary Esther, Florida 32569

Randall Blair
via Court's ECF system

Patrick D. Vellone and Jennifer E. Schlatter
attorney for Ringo Kamens/Alex Bryan via
Court's ECF system

~~Illinois Family Advocacy Coalition and Renee Cygan~~ and *Mail being returned undeliverable*
Mark Cygan
*each @* 329 N. Cornell Ave. #D
Villa Park, IL 61081

Thomas M. Dutkiewicz dba Connecticut DCF Watch
PO Box 9775
Bristol, CT 06011

Aimee Dutkiewicz
P.O. Box 3022
Bristol, CT 06011-3022

Dee Contreras
7652 Zuni St
Denver, CO 80221

Cletus Kiefer and FAR Defense Alliance
292 East Ave. Ste 114
St. Louis, MO 63117

Leonard Henderson
4773 Salmon River Highway
Otis, OR 97368

Daniel Slater
attorney for Cheryl Barnes, CPS Watch, Inc. and
Sarah Thompson via Court's ECF system

/s/ Suzanne Shell December 6, 2011