# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00309 MSK-KMT

SUZANNE SHELL
    Plaintiff

  v.

AMERICAN FAMILY RIGHTS ASSOCIATION, et. al.

  Defendants

## PLAINTIFF'S MOTION TO FILE A MOTION

COMES NOW Plaintiff Suzanne Shell, *pro se*, requesting permission to file a motion pursuant to the Court's direction in Order [#484]. As it is not clear to me whether the court was advising me to file a motion or to file a motion to file a motion, I am complying with the standing order [#359] that pro se parties must file a motion to file a motion, under the objection that in complying with this order I am prevented from seeking remedies with the same efficiency and access to this court as represented parties can, and as pro se parties who did not comply with this order have received.

    **Duty to Confer:** I am also unclear as to the status of orders regarding conferring with defendants before filing a motion, and the court's Order [#484] has served to increase my confusion in that regard. I seek the court's instruction regarding conferring. If the court finds that I must confer, I seek the court's instruction to pro se defendants regarding their duty when I attempt to confer.

    I am seeking remedies associated with the Scheduling Order [#481] as follows:

1. I have objected [483] to the court's order that I am permitted to serve any unserved defendant on or before January 3, 2012, as being an exercise in futility.

2. This court has made it abundantly clear that my complaint is deficient, and has also denied

my motion to amend my complaint. Therefore, if I serve the unserved defendants without being allowed to amend my complaint to cure the deficiencies, anyone I serve will just be dismissed upon their motion to dismiss being considered, regardless of my response to it. In fact, one non-responsive defendant has already filed a motion to dismiss, without filing a motion to file a motion in compliance with the standing order [#359].

3.   Serving defendants with a deficient Complaint is an unnecessary expense I cannot afford. It is a waste of my time and resources and of the court's time and resources to merely engage in a *pro forma* exercise of paper shuffling. I do appreciate the gesture, but unless I can amend my complaint before serving the unserved defendants, the gesture lacks substance and affords me no meaningful remedy.

4.   In view of this issue, and of my denial of access to the court by virtue of it's order prohibiting me from filing a motion to amend my complaint at the proper time, I wish to renew my request to amend my complaint.

5.   I explained that my errors were due to my confusion in resolving the conflict between pleading requirements in Rule 8 and Twombly. I made my complaint too plain and simple. When attempting to amend to satisfy Twombly, I made it too prolix. The court did nothing to instruct me in the correct balance, even when I expressed difficulty with understanding or finding that balance. It's not that I cannot state the necessary facts for any of the requirements, including personal jurisdiction, because I can.[1] Mine was a technical pleading error, not an lack of substance.

6.   I have given extensive and careful consideration to the status of my Complaint, with respect to the dismissed defendants. I contend that defendants were dismissed improperly. Some who had made appearances and either consented to or waived personal jurisdiction were dismissed, some were granted multiple bites at the dismissal apple, one was dismissed due to my denial of

---

[1] A reading of the proposed amended complaint will reveal I can cite the necessary facts in support of my claims.

access to the court to respond to the unsigned motion (which should have been stricken), and some were dismissed by virtue of my denial of access to the court to amend my complaint, as well as due to prejudicial administration of the case. These events in this case have been highly prejudicial to me.

7. Including the dismissed defendants in an amended complaint is necessary because each of the defendants has committed multiple acts in the furtherance of the conspiracy which is alleged in the Complaint. These acts, taken together,[2] constitute an unbroken chain of wrongful acts that bind the acts and the defendants together. If the defendants who have been dismissed are not reinstated due to a technical pleading error, or due to being dismissed for wrongful reasons as I contend, this chain of wrongful acts is broken as are the connections between the defendants. This leaves gaping holes which will require me to litigate my claims piecemeal, to abandon certain claims and which will weaken my remaining claims dramatically, if not render them meaningless. This is what I mean when I say the defendants and the defendants's conduct are all inextricably[3] intertwined.

8. In amending my complaint, I will abide by any reasonable restrictions the court wishes to place on the length of the complaint, consistent with pleading over nine hundred wrongful acts that are within the statutes of limitations. I will not include the RICO cause of action. However, I beg to add an cause of action under the Digital Millennium Copyright Act for copyright infringement acts that are already cited, which will not include addition acts, but just include another remedy for certain of those acts.

**Wherefore,** I respectfully request this court to grant my motion to file a motion to amend my complaint before serving unserved defendants.

Respectfully Submitted December 7, 2011

---

[2] As they should be taken together because they were committed by different parties with a clearly defined unified purpose in mind.

[3] inextricable >adjective  1 impossible to disentangle or separate.

/s/ Suzanne Shell

Suzanne Shell
14053 Eastonville Rd.
Elbert, CO 80106
719-749-1303

# CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the attached documents **PLAINTIFF'S MOTION TO FILE A MOTION** and attachments were placed in the United States Mail, first class mail, postage prepaid on December 8, 2011

National Association of Family Advocates and
Dorothy Kernaghan-Baez and
Georgia Family Rights, Inc.
*each @* 811 Aumond Place East
Augusta, GA 30909

William Wiseman dba Wiseman Studios
10228 Norwich Avenue
Mission Hills, CA 91345-2712

Susan Adams Jackson
40 Orlando Ave.
Winthrop, MA 02152

Anne E. Tower and
William O. Tower and
American Family Rights Association
*each @* 7334 Chivalry Way,
Citrus Heights, CA, 95621-4333

Brenda Swallow
815 Hilltop Road
Mary Esther, Florida 32569

Randall Blair
via Court's ECF system

Patrick D. Vellone and Jennifer E. Schlatter
attorney for Ringo Kamens/Alex Bryan via Court's ECF system

~~Illinois Family Advocacy Coalition and Renee Cygan~~ and *Mail being returned undeliverable*
Mark Cygan
*each @* 329 N. Cornell Ave. #D
Villa Park, IL 61081

Thomas M. Dutkiewicz dba Connecticut DCF Watch
PO Box 9775
Bristol, CT 06011

Aimee Dutkiewicz
P.O. Box 3022
Bristol, CT 06011-3022

Dee Contreras
7652 Zuni St
Denver, CO 80221

Cletus Kiefer and FAR Defense Alliance
292 East Ave. Ste 114
St. Louis, MO 63117

Leonard Henderson
4773 Salmon River Highway
Otis, OR 97368

Daniel Slater
attorney for Cheryl Barnes, CPS Watch, Inc. and Sarah Thompson via Court's ECF system

/s/ Suzanne Shell December 7, 2011