UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00309 MSK-KMT

SUZANNE SHELL
    Plaintiff

    v.

AMERICAN FAMILY RIGHTS ASSOCIATION, et. al.

    Defendants

**PLAINTIFF'S MOTION TO FILE A MOTION TO STRIKE DEFENDANT AFRA'S MOTION TO DISMISS [485 & 485-1] filed on December 6, 2011
and,
MOTION TO FILE A MOTION TO AMEND COMPLAINT**

COMES NOW Plaintiff Suzanne Shell, *pro se*, requesting permission to file a motion to strike Defendant American Family Rights Association's (AFRA's) motion to dismiss [385] and to file a motion to amend my complaint prior to responding to the motion to dismiss. I am complying with the standing order [359] that parties must file a motion to file a motion, under the STRENUOUS objection that in complying with this order I am prevented from seeking remedies with the same efficiency and access to this court as represented parties and as pro se parties who did not comply with this order have received.

    **Fed. R. Civ. P. 11 notice.** Due to the highly prejudicial nature of Defendant AFRA's motion, which prejudice was instituted by the court giving notice to parties when it gave permission for them to file answers [481], and to which I objected to [483] and which the court denied [484], and due to counsel's improper conduct in submitting this motion to dismiss and including his attempts to penetrate fraud upon this court and to ignore the judicial admissions of his client, I have prepared and served the required notice to counsel for AFRA that I intend to seek sanctions.

1. Defendant AFRA's motion to dismiss is highly prejudicial to me for several reasons.

2. AFRA was served on 3/30/2009 [26], and the responsive pleading was due 4/8/2009. No responsive pleading was submitted.

3. I filed a motion for default [53] on 4/20/2009. I legitimately obtained default [71] against AFRA which the court set aside [159].

4. AFRA is a party subject to default, for whom I have filed a motion to file a motion [487] to obtain that default. Defendant's motion to dismiss in response to the notice the court gave non-responding defendants, and provided an opportunity to act quickly to avoid default.

5. Two defendants appeared on behalf of AFRA multiple times, Defendants Leonard Henderson and William Tower. Defendant Dee Contreras (Colorado resident) also submitted documents and arguments [345, 214, 59] on behalf of AFRA. This kind of representation of AFRA is consistent with AFRA's policy that AFRA members speak for AFRA.

6. Henderson filed a Motion to reconsider [114] his prior motion [83] and raised issues pertaining to AFRA. The court denied his motion and ordered [116] that AFRA had to be represented by counsel. Defendant Henderson file a motion for reconsideration of this order [133] which the court denied [137]. In his motion for reconsideration, Defendant Henderson stated, "Defendant Henderson is confused how he may not appear on behalf of AFRA. which is a DOT COM website, as Henderson IS AFRA. It was conceived by Henderson. created by Henderson, operated by Henderson, and AFRA still IS Henderson. . .Without Henderson, there is no AFRA, and never would have been."[1] He goes on to state that ". . .Henderson and AFRA are inseverable, and Henderson's answers are AFRA's answers, Henderson is concerned how he can appear in court and be allowed to say anything." The court recognized that the defendant was requesting that Henderson's Answer [95] be considered AFRA's Answer, and denied it [116], stating AFRA must be represented by counsel.

7. When Defendant Henderson answered [95] the complaint, he made the critical judicial

---

[1] Observing that these statements on the record contradict counsel's assertion that he represents AFRA under the authority of Defendant William Tower.

admissions that one of the defendants is an AFRA member who lives in Colorado (¶¶2, 38-40), indicating that AFRA has a presence in and conducts business in Colorado. He also qualified that AFRA has no "current"[2] associates in Colorado, however, the time frame of the Complaint goes back to 2002, which he does not address in his Answer. During the time frame of the complaint, Christine Korn was the AFRA state leader for Colorado.[3]

8.  Defendant William Tower appeared on behalf of AFRA with a motion to vacate the default [148]. In this motion, he made no objection to Defendant Henderson's appearances on behalf of AFRA.

9.  Defendant W. Tower then filed a motion [212] on behalf of AFRA, opposing my motion to seal. This motion was not related to any submission by AFRA or W. Tower, but was in response to a motion filed by Defendant Swallow. He signed it "Tower and AFRA Defendants."

10.  Defendant W. Tower then filed a motion to dismiss [217, 218] himself and AFRA, despite the court's order that AFRA be represented by counsel. He proffered false averments to the court about the status of AFRA being an alter-ego for W. Tower, and the court granted the motion and dismissed AFRA [397]. I filed a motion for reconsideration [403, supplemented 433, 459] showing that he had lied in his motion to dismiss, and showing that he had made a subsequent judicial admission that AFRA was an association[4] in a U.S. Supreme Court case. The court granted [460 3/24/2009] my motion in part, and reinstated AFRA as a defendant. Defendant W. Tower's bad faith acts in his representations of AFRA have been prejudicial to my legal interests, and the court repeatedly accepted multiple fraudulent and false representations of AFRA at face value by different defendants, despite my arguments and proof to the contrary, including the

---

[2] As of 2009, which his website shows to be untrue. AFRA has many Colorado members/associates. Note: Associates is a new term used by Henderson for the purposes of this litigation. He never made such a distinction before, and neither has Tower or AFRA.

[3] Again observing the false averments made by defendants in this case.

[4] I point out that Defendant Henderson also made judicial admissions that AFRA was an association, upon which the court ordered AFRA must be represented by counsel [116].

defendants's own published statements.

During the first Scheduling Conference in 2009, W. Tower appeared by telephone and was seeking an extension of time to file a responsive pleading. In his request he offered reasons, and I asked the court for proof of his excuses because he had a history of lying in another court case. The court denied my request for proof, but admonished Defendant W. Tower that if he was lying, it would go very badly for him. Yet, when it was proven he engaged in multiple instances of lying to this court, and in violation of Fed. R. Civ. P. 11, the court not only did not sanction him, but rewarded him for his lies by granting the relief he requested. His acts were done in bad faith, and do not warrant the repeated leniency this court has granted him to my detriment. These multiple acts of fraud and bad faith that earned him the remedies he was seeking must be subject to appropriate sanctions.

11. Defendant AFRA was given a second chance to avoid default when the court ordered [460] AFRA to obtain counsel by 4/24/2011, and I was ordered not to seek any remedies against AFRA during that time. Dan Slater entered his appearance on behalf of AFRA on 4/12/2011 [466]. He unscrupulously used his notice of entry of appearance to forward the fraudulent premise that AFRA was an alter-ego of William Tower after the court ruled twice that it was an association. I objected [468] to this gross misrepresentation by counsel, to which the court did not respond.

12. Defendant AFRA's motion to dismiss is untimely. The deadline for filing motions to dismiss was set at 7/7/2009. AFRA was ordered to be represented by counsel during this time frame, but did not obtain counsel. Instead, W. Tower perpetrated his fraud upon this court by appearing on behalf of AFRA in violation of the court order, and prevailed, temporarily. Only after I exposed the fraud and he failed in his attempt to defraud the court did AFRA obtain counsel. And now, AFRA and William Tower unreasonably expect to exercise the right to file a motion to dismiss after deliberately refusing to obtain counsel, after perpetrating their fraud upon this court, failing in their prior attempts to circumvent the court's orders and ultimately failing to

successfully obtain the dismissal using the fraud, and attempting to perpetrate *another* fraud upon this court.

13.   Mr. Slater's first submission to this court on behalf of AFRA was to reply to my objections [468], arguing on behalf of Defendant W. Tower's fraud upon this court. Mr. Slater waited nearly seven months before filing this abusive and untimely motion to dismiss.

14.   The court ordered defendants to file answers, not motions to dismiss. This motion is in direct violation of the court's order to file an answer.

15.   Contrary to what counsel for AFRA thinks, AFRA is a party subject to the court's order [395] which states, "*However, **any party** wishing to file a motion must file a Motion to File a Motion. The motion to file a motion must give explanation of the motion to be filed without any attachments or documentation. If the Court grants the filing of a motion, the Court will not allow any party to file responses unless the Court orders them. Any motions, responses or other briefing filed without leave of the Court will be stricken*." In defying the order to file a motion to file a motion, the court must enforce its order and strike Defendant AFRA's motion to dismiss.

**Wherefore**, I respectfully request the court to allow me to file a motion to strike AFRA's motion to dismiss [485] as untimely, prejudicial, in violation of two court orders, and due to extensive bad faith and fraud on the part of the defendants, and due to my motion to file a motion for default against this defendant[487], and due to my prior objection [481] and to allow me to file a motion to amend my complaint before requiring me to respond to the motion to dismiss.

Respectfully Submitted December 8, 2011

/s/ Suzanne Shell

Suzanne Shell  
14053 Eastonville Rd.  
Elbert, CO 80106  
719-749-1303

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the attached documents **PLAINTIFF'S MOTION TO FILE A MOTION** and attachments were placed in the United States Mail, first class mail, postage prepaid on December 9, 2011.

National Association of Family Advocates and
Dorothy Kernaghan-Baez and
Georgia Family Rights, Inc.
*each @* 811 Aumond Place East
Augusta, GA 30909

William Wiseman dba Wiseman Studios
10228 Norwich Avenue
Mission Hills, CA 91345-2712

Susan Adams Jackson
40 Orlando Ave.
Winthrop, MA 02152

Anne E. Tower and
William O. Tower and
American Family Rights Association
*each @* 7334 Chivalry Way,
Citrus Heights, CA, 95621-4333

Brenda Swallow
815 Hilltop Road
Mary Esther, Florida 32569

Randall Blair
via Court's ECF system

Patrick D. Vellone and Jennifer E. Schlatter
attorney for Ringo Kamens/Alex Bryan via
Court's ECF system

~~Illinois Family Advocacy Coalition and~~
~~Renee Cygan~~ and *Mail being returned undeliverable*
Mark Cygan
*each @* 329 N. Cornell Ave. #D
Villa Park, IL 61081

Thomas M. Dutkiewicz dba Connecticut DCF Watch
PO Box 9775
Bristol, CT 06011

Aimee Dutkiewicz
P.O. Box 3022
Bristol, CT 06011-3022

Dee Contreras
7652 Zuni St
Denver, CO 80221

Cletus Kiefer and FAR Defense Alliance
292 East Ave. Ste 114
St. Louis, MO 63117

Leonard Henderson
4773 Salmon River Highway
Otis, OR 97368

Daniel Slater
attorney for Cheryl Barnes, CPS Watch, Inc. and
Sarah Thompson via Court's ECF system

/s/ Suzanne Shell December 8, 2011