# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

SUZANNE SHELL

Docket No: 09-CV-00309 MSK-KMT

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 13 2011

GREGORY C. LANGHAM

v.

BRENDA SWALLOW
AMERICAN FAMILY
RIGHTS ASSOCIATION, et al.

December 12, 2011

## RESPONSE TO COMPLAINT BY DEFENDANT BRENDA SWALLOW

Comes now, Defendant Brenda Swallow, Pro Se, and submits this Response to the Complaint filed against her.. **Defendant Swallow hereby states that by filing this response she is not waiving her previously filed motion to quash service of summons for lack of personal jurisdiction, nor is she granting this court jurisdiction.** In response to the complaint Defendant Swallow states as follows:

## FACTS

Defendant Swallow in order to meet the deadline placed by the court to file a response to the complaint against her, and admittedly the Defendant states that she has no earthly clue as to which rewrite, amendment or supplement filed by the Plaintiff is currently the court's accepted version and since all of the above are just tired rewrites of the same thing has decided to respond to the original complaint by paragraph number just for the sake of clarity and ease of reference. The Defendant will attempt to clarify as to what accusations she is responding and if

Document: Response to Complaint for Defendant Brenda Swallow
Page 1 of 7
Case Name: Shell v. American Family Rights Assc., et al Defendant: Brenda Swallow
Case Number: 09-CV-00309-MSK-KMT 12/10/2011

DEC-13-2011 15:16 99% P.02

the court is confused about any response begs leave to correct any deficiencies either legal or factual.

1-20. Items 1-20 of the complaint are names and addresses of the other defendants, Defendant Swallow lacks sufficient knowledge of this information to respond including as to which defendants are still involved in the case.

21. Item 21 is the defendant herself, yes that is my name and a former address, the defendant denies ever being an agent of AFRA. The defendant does admit that she was an agent of FRAI and under the direct orders of Plaintiff Shell and Karen (Kay) Henson did act as an instigator in other groups they saw as competition to cause dissension and confusion in order to eliminate those groups. The Defendant did this because the Plaintiff told her they would get her grandchildren back for her if she did what they told her to do.

22-31. Items 22-31 are the names and addresses of the rest of the defendants and the defendant lacks sufficient knowledge to respond.

32-39. Items 32-39 are blanket statements as to why this court has jurisdiction, the Defendant categorically denies all.

40. Item 40 is a jurisdictional statement pertaining to the forum selection clause of her supposed contract, the Defendant denies this statement.

41. Item 41 is another jurisdictional statement, the Defendant denies this claim.

42. Item 42 is a statement that the Defendants advertize their services mostly on the internet, the Defendant denies for herself, but lacks any sufficient knowledge of the other defendants activities.

43-47. Item 43-47 are blanket statements about the Plaintiff and the Defendant's advertising

Document: Response to Complaint for Defendant Brenda Swallow
Page 2 of 7
Case Name: Shell v. American Family Rights Assc., et al Defendant: Brenda Swallow
Case Number: 09-CV-00309-MSK-KMT 12/10/2011

DEC-13-2011 15:16 99% P.03

|  |  |
|---|---|
|  | practices, the Defendant lacks sufficient knowledge of anyone's business practices to respond. The Defendant hasn't been involved in this movement since 2006 so she has not advertised anything. |
| 48-67. | Items 48-67 are a history of the Plaintiff, the defendant lacks sufficient knowledge of the Plaintiff to respond. |
| 68. | Item 68 the plaintiff repeats and reaffirms her allegations, the defendant repeats and reaffirms her responses. |
| 69-75. | Items 69-75, are accusations of theft of her trade secrets, however these accusations are too vague for the defendant to respond. |
| 76. | Item 76 is a statement about another defendant, Defendant Swallow lacks sufficient knowledge of this matter to respond. |
| 77-82 | Items 77-82 are statements about Defendant's Swallow and Durand's attendance at a training seminar, contract situation and supposed release of trade secrets by the defendants. The Defendant denies the allegations as set forth by the Plaintiff. Specifically, defendant Swallow states: she never signed any contract, but kept the blank copy, was not attending but only acting as security along with Ms. Durand, neither needed to attend to steal any information as they were both freely given the information four months earlier and that Ann Durand demanded her copy of the contract back and when denied left the seminar. |
| 83-90 | Items 83-90 are vague statements claiming all the defendants and *Wiseman Studios* in particular knew her "materials" were being stolen. As Mr. Wiseman and *Wiseman Studios* have been terminated this question is irrelevant, however the defendant does not have sufficient knowledge to know what all the defendants could have known or not known, but |

Document: Response to Complaint for Defendant Brenda Swallow
Page 3 of 7
Case Name: Shell v American Family Rights Assc., et al Defendant: Brenda Swallow
Case Number: 09-CV-00309-MSK-KMT 12/10/2011

DEC-13-2011 15:16                                                                 99%                    P.04

denies the allegation for herself.

91. Item 91 the plaintiff repeats and reaffirms her allegations, the defendant repeats and reaffirms her responses.

92. Item 92 states that all the defendants except 1 are liable for her claim of copyright infringement, the defendant denies this claim as to herself and lacks sufficient knowledge about the other defendants.

93-116. Items 93-116 are statements about her alleged copyrights and the alleged infringement by other defendants, defendant Swallow lacks sufficient knowledge of these claims to respond.

117. Item 117 the plaintiff repeats and reaffirms her allegations, the defendant repeats and reaffirms her responses.

118-124. Items 118-124 are statements about Contributed Copyright Infringement, but are too vague for this defendant to respond.

125. Item 125 the plaintiff repeats and reaffirms her allegations, the defendant repeats and reaffirms her responses.

126-129 Items 126-129 are statements about Vicarious Copyright Infringement, but are too vague for this defendant to respond.

130. Item 130 the plaintiff repeats and reaffirms her allegations, the defendant repeats and reaffirms her responses.

131. Item 131 is a statement about her breach of contract claims; the defendant states as per the case against her alleged breach in 2005 to preserve the claim of breach of contract, the plaintiff would have had to file a complaint by 2007. Since the plaintiff did not file suit until 2009, her claim fails, because it falls outside the applicable statute of limitations.

Document: Response to Complaint for Defendant Brenda Swallow
Page 4 of 7
Case Name: Shell v. American Family Rights Assc., et al Defendant: Brenda Swallow
Case Number: 09-CV-00309-MSK-KMT 12/10/2011

DEC-13-2011 15:17 98% P.05

132-134. Items 132-134 are statements about Ann Durand's alleged attendance at her seminar and alleged breach of contract. It is this defendant's understanding that the same statute of limitations stated above in paragraph 24 is applicable and I this defendant witnessed Ms. Durand exercise her option under that contract clause 8 by leaving above said seminar thereby stating she was not agreeing to the terms. Otherwise this defendant has no knowledge of any breach of the contract by Ms. Durand.

135-137. Items 135-137 are statements alleging this defendant's entering into and breaching a contract with plaintiff. The defendant denies this allegation as stated by the plaintiff and adds that the applicable statute of limitations on this alleged breach has expired.

138. Item 138 is a statement about her copyright and alleged violations that is too vague for the defendant to respond.

139-151. Items 139-151 are statements about the alleged violations of other defendants and this defendant lacks sufficient knowledge to respond to these statements.

152. Item 152 the plaintiff repeats and reaffirms her allegations, the defendant repeats and reaffirms her responses.

153-156. Items 153-156 are rather vague accusations about this defendant and Ms. Durand being induced to interfere with her business and allegedly doing so, this Defendant denies all allegations and has no knowledge of Ms. Durand's involvement. This Defendant does know that Ms. Durand always calmed her down and induced her to remain calm when the plaintiff and her associates stalked her from group to group and maligned the defendant's character, and family on their web pages such as BadAdvocates.com.

157. Item 157 claims breach of contract by the defendant and Ms. Durand, the defendant denies

Document: Response to Complaint for Defendant Brenda Swallow
Page 5 of 7
Case Name: Shell v. American Family Rights Assc., et al Defendant: Brenda Swallow
Case Number: 09-CV-00309-MSK-KMT 12/10/2011

this and once again states the claim is outside the statute of limitations.

158-160    Items 158-160 are vague claims about tortious interference of her business and are too vague for the defendant to respond.

161-215.   Items 161-215 are the Plaintiff's RICO claims which have been dismissed by this court (Doc#397 page 22) and therefore the defendant is not required to respond, however the defendant denies these claims.

216-290.   Items 216-290 are claims of misleading advertising and require the defendant to be a commercial business entity and the defendant submits they should be dismissed as to individual defendants and denies the allegations.

291-327.   Items 291-327 are claims of unfair business practices and require the defendant to be a commercial business entity in competition with the plaintiff's business and the defendant submits they should be dismissed as to individual defendants and denies the allegations.

328-339.   Items 328-339 are the plaintiff's claims of conspiracy and have been dismissed by the court (Doc#397 age 20). the defendant of course denies the allegations.

340-350    Items 340-350 are claims of antitrust activities and require the defendant to be a commercial business entity and the defendant submits they should be dismissed as to individual defendants and denies the allegations.

Defendant Swallow submits that the following Affirmative Defenses are applicable to her defense under F.R.C.P. Rule 12(b):

   A) Laches

   B) Lack of Personal Jurisdiction

   C) Lack of Subject Matter Jurisdiction

Document: Response to Complaint for Defendant Brenda Swallow
Page 6 of 7
Case Name: Shell v. American Family Rights Assc., et al Defendant: Brenda Swallow
Case Number: 09-CV-00309-MSK-KMT 12/10/2011

DEC-13-2011 15:17                                                 98%                              P.07

D) Statute of Limitations

E) Doctrine of Unclean Hands

F) Statute of Frauds

WHEREFORE. Defendant Brenda Swallow, hereby requests that this Court DISMISS all claims against said Defendant. The aforementioned Defendant further request that this Court award sanctions against Plaintiff and in favor of Defendant in the form of attorneys' fees, costs, and such other relief as the Court may deem necessary due to the groundless, frivolous, and vexatious nature of this litigation. DATED this 12th day of December, 2011.

*Brenda Swallow* (signature)

Brenda Swallow

Certificate of Service:

I hereby certify that a copy of this pleading was served on Plaintiff via the Court's ECF system on December 13, 2011.

Brenda Swallow
Document: Response to Complaint for Defendant Brenda Swallow
Page 7 of 7
Case Name: Shell v. American Family Rights Assc., et al Defendant: Brenda Swallow
Case Number: 09-CV-00309-MSK-KMT  12/10/2011

DEC-13-2011  15:17                                98%                              P.08

# UNITED STATES DISTRICT COURT DISTRICT OF COLORADO FACSIMILE COVER SHEET

Pursuant to D. C. CO LO .LCivR 5.1, this cover sheet must be submitted with any facsimile filing. A pleading or paper not requiring a filing fee and no longer than ten pages, including all attachments, may be filed with the clerk by means of facsimile during a business day. Facsimiles received by the clerk after 5:00 pm. (Mountain Time) will be considered filed as of the next business day.
Clerk's Office facsimile telephone number: 303-335-2714

1. Date of transmission: 12-13-2011
2. Name of attorney or pro se party making the transmission: Brenda Swallow
3. Facsimile number: 303-335-2714
4. Telephone number: 850-428-4524
5. Case number, caption, and title of pleading or paper: 09CV-00309-MSK-KMT Response to Complaint By Brenda Swallow
6. Number of pages being transmitted, including the facsimile cover sheet: 8
7. Instructions, if any: