IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00309-MSK-KMT

SUZANNE SHELL,

    Plaintiff,

v.

AMERICAN FAMILY RIGHTS ASSOCIATION,
LEONARD HENDERSON,
FAMILIES AT RISK DEFENSE ALLIANCE,
FRANCINE RENEE CYGAN,
MARK CYGAN,
ILLINOIS FAMILY ADVOCACY COALITION,
GEORGIA FAMILY RIGHTS, INC.,
DENNIS HINGER,
NATIONAL ASSOCIATION OF FAMILY ADVOCATES,
CONNECTICUT DCF WATCH,
ANN DURAND,
BRENDA SWALLOW,
KATHY TILLEY,
RANDALL BLAIR,
LLOYD PHILLIPS,
DESERE' CLABO aka HOWARD, and
UNKNOWN DEFENDANTS DOE 1-15,

    Defendants.

## MINUTE ORDER

**ORDER ENTERED BY MAGISTRATE JUDGE KATHLEEN M. TAFOYA**

"Plaintiff's Partially Unopposed Motion to Stay Discovery and for Extension of Time on Discovery and to Complete Disclosures" (Doc. No. 601, filed March 1, 2012) is GRANTED in part and DENIED in part. To the extent Plaintiff requests a stay of all discovery pending ruling on the outstanding motions, her motion fails to address the four factors ordinarily considered in this district pursuant to a motion to stay. Generally, in considering the propriety of a stay under

any circumstances, the court will consider "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, 2 (D. Colo. 2006). Nevertheless, the court is not inclined to grant a stay of discovery, as there is no showing that any party will be benefitted by a stay or conversely, that either party would prejudiced if a stay is not granted. Moreover, this case has been pending for over three years, and to stay the case any further would cause the court further inconvenience. Finally, Plaintiff has not argued that any non-party interests or the public will be benefitted by a stay.

However, the court notes the large number of motions filed by the parties since the Scheduling Conference on January 18, 2012, and finds Plaintiff's argument regarding the time spent on motions practice convincing. Thus, all parties are granted an extension to March 13, 2012, to make initial disclosures pursuant to Rule 26(a)(1).

Dated: March 6, 2012