IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00309-MSK-KMT

SUZANNE SHELL,

    Plaintiff,

v.

AMERICAN FAMILY RIGHTS ASSOCIATION,
LEONARD HENDERSON,
FAMILIES AT RISK DEFENSE ALLIANCE,
FRANCINE RENEE CYGAN,
MARK CYGAN,
ILLINOIS FAMILY ADVOCACY COALITION,
GEORGIA FAMILY RIGHTS, INC.,
DENNIS HINGER,
NATIONAL ASSOCIATION OF FAMILY ADVOCATES,
CONNECTICUT DCF WATCH,
ANN DURAND,
BRENDA SWALLOW,
KATHY TILLEY,
RANDALL BLAIR,
LLOYD PHILLIPS,
DESERE' CLABO aka HOWARD, and
UNKNOWN DEFENDANTS DOE 1-15,

    Defendants.

## ORDER

This matter is before the court on "Plaintiff's Motion for Protective Order and Sanctions Against Defendant Renee Cygan" (Doc. No. 617, filed March 11, 2012).

In the Scheduling Conference in this case, the court ordered the parties to confer by e-mail only, pursuant to D.C.COLO.LCivR 7.1A, prior to filing motions. The local rule requires that parties confer in good faith before they file a motion. The rule states:

> The court will not consider any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a pro se party, before filing the motion, has conferred or made reasonable, good faith efforts to confer with opposing counsel or a pro se party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule.

"The purpose of Rule 7.1A is to require the parties to confer and to attempt to resolve a dispute before incurring the expense of filing a motion and before requiring the court to address a disputed issue." *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635 (D. Colo.2003). Further, Rule 7.1A requires "meaningful negotiations" by the parties. *Hoelzel*, 214 F.R.D. at 635. The rule generally is not satisfied by one party sending a single e-mail to another party indicating an intention to file a motion without suggesting any negotiation or compromise. 214 F.R.D. at 635. However, in this case, the court is well aware of the adverse stance held by each of the parties and the lack of cooperation between the adverse parties. Thus, in this case, the court will not require multiple attempts at conferral prior to any party's filing a motion. Rather, the court will allow for the filing of a motion if a party makes a good faith conferral by e-mail and receives a response by e-mail that the motion is opposed. The conferral should be straightforward and address only issues for which the party proposes to seek relief from the court. The parties should <u>not</u> confer about matters outside the issues in this case. The parties are advised that when sending an e-mail conferral request, if they do not receive a response within twenty-four hours,

they should consider the motion opposed and so state in their motion.  Thus, the parties need not make multiple requests at conferral if the opposing parties have not responded.  Additionally, the parties are advised that the conferral requirement is not satisfied by a party making a demand for compliance or compromise.

Finally, at this time there is no protective order in place that precludes the parties from sending documents to anyone they choose.  The documents as filed are part of the public record.  Again, this court will not deal with issues extraneous to the issues in this case.

Therefore, it is

**ORDERED** that "Plaintiff's Motion for Protective Order and Sanctions Against Defendant Renee Cygan" (Doc. No. 617) is GRANTED in part and DENIED in part.  To the extent Plaintiff seeks an order prohibiting Defendant Renee Cygan or any other defendant from communicating with her regarding issues extraneous to this case, and to the extent Plaintiff requests clarification of the conferral process, the motion is granted consistent with this Order.  All other relief requested by Plaintiff is denied.

Dated this 16th day of March, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge