IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00309-MSK-KMT

SUZANNE SHELL,

    Plaintiff,

v.

AMERICAN FAMILY RIGHTS ASSOCIATION,
LEONARD HENDERSON,
FAMILIES AT RISK DEFENSE ALLIANCE,
FRANCINE RENEE CYGAN,
MARK CYGAN,
ILLINOIS FAMILY ADVOCACY COALITION,
GEORGIA FAMILY RIGHTS, INC.,
NATIONAL ASSOCIATION OF FAMILY ADVOCATES,
CONNECTICUT DCF WATCH,
BRENDA SWALLOW,
RANDALL BLAIR, and
UNKNOWN DEFENDANTS DOE 1-15,

    Defendants.

## ORDER

This matter is before the court on Defendant Renee Cygan's "Resubmitted Motion to Quash Service and Vacate Default Judgment"[1] (Doc. No. 620 [Mot.], filed March 13, 2012). Plaintiff filed her response on March 22, 2012 (Doc. No. 298 [Resp.]), and Defendant filed her reply on March 30, 2012 (Doc. No. 671 [Reply]).

---

[1] Both parties have made arguments that are extraneous to the issues in this case. The court has repeatedly advised the parties that it will not deal with issues outside those in this case. (*See* Doc. No. 641, 668.) The court also declines to address those issues in this Order.

*Motion to Quash*

Defendant Cygan moves to quash service. Service of process in a federal action is governed generally by Rule 4 of the Federal Rules of Civil Procedure. Rule 4(e) covers service upon individuals located within a judicial district. An individual may be served in any judicial district in the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
(2) doing any of the following:
    (A) delivering a copy of the summons and of the complaint to the individual personally;
    (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
    (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Defendant Cygan claims service was effected on her then-estranged husband, from whom Defendant Cygan had been separated since April 2008. (Mot., ¶¶ 1–3.) Defendant Cygan asserts she had not lived with Mark Cygan for a year and has never lived at the address at which service was effected. (*Id.*, ¶ 2.) The notarized Return of Service filed by Plaintiff shows that Defendant Cygan was served on April 3, 2009, by a deputy sheriff, who left a copy of the summons and complaint at "the Defendant's usual place of abode with some person of the family or person residing there, of the age of 13 years or upwards, and informing that person of the contents thereof." (Doc. No. 35.) The deputy sheriff also noted that the summons was served on Defendant Cygan's husband, Mark Cygan, a 40-year-old male. (*Id.*)

2

Defendant Cygan asserts that service of the summons and complaint on her now-ex-husband is insufficient because he is deaf and "incapable of communicating with another individual without assistance such as a qualified interpreter." (Mot., ¶ 2.) However, there is no special provision in the Federal Rules of Civil Procedure for service on a deaf individual. Defendant Cygan opines that "it is likely [the deputy sheriff] simply handed [the documents] to [Mr. Cygan], said his typical speech for service and left," and that "[Mr. Cygan] couldn't possibly understand what was happening and without [Defendant Cygan] or a qualified interpreter present was left holding documents in a clueless state." (*Id.*) Nevertheless, Defendant Cygan has not provided an affidavit from either the deputy sheriff or from Mr. Cygan to verify these assertions.

As the party challenging the service of process, Defendant Cygan has the burden to prove that the service was inadequate. *Costin Engineering Consultants, Inc. v. Latham*, 164 F.R.D. 521, 523 (D. Colo. 1996). When considering a motion to quash service, the serving party need only make a *prima facie* case of proper service in order to defeat the motion. *United States v. Ziegler Bolt and Parts Co.*, 111 F.3d 878, 881 (Fed. Cir.1997); *Wagner International, Inc. v. Mandal Alt Co., Ltd.*, No. 03–CV–00195–JLK, 2005 WL 1606900, at *2 (D. Colo. July 8, 2005). Any affidavits submitted are to be construed, and any doubts are to be resolved, in the light most favorable to the plaintiff. *Oaklawn Apartments*, 959 F.2d at 174. In view of this standard and the evidence submitted by Plaintiff, and because Defendant Cygan has failed to provide any evidence to the contrary, the court has little trouble concluding Plaintiff has made a *prima facie* showing that she properly served Defendant Cygan.

Moreover, "[p]ersonal service under Rule 4 serves two purposes: notifying a defendant of the commencement of an action against him and providing a ritual that marks the court's assertion of jurisdiction over the lawsuit. Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served. *Hunsinger v. Gateway Mgmt. Assocs. v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992) (internal citation omitted). Plaintiff has submitted evidence of emails she sent to Defendant on February 24, 2009, and February 26, 2009, in which Plaintiff attached the summons and complaint and requests that Defendant Cygan waive service. (Resp., Ex. A at 1, 4.) Defendant Cygan responded to Plaintiff's first email on February 25, 2009, requesting that Plaintiff cease further contact with her. (*Id.* at 3.) Additionally, Plaintiff attaches to her response receipts for twenty items sent by mail between February 2009 and March 2010 to Defendant Cygan at the same address where it is alleged she was served with the summons and complaint in this case.[2] (Mot., Ex. B.) Plaintiff affirms in her Affidavit that one of the letters mailed to Defendant Cygan included the summons and complaint and waiver of personal service. (*Id.*, Aff. of Suzanne Shell, ¶ 4; Ex. B at 9–10.) Plaintiff states that the first item returned as undeliverable with no forwarding address was an item sent to Defendant Cygan on March 8, 2010. (*Id.*, ¶ 21; Ex. D Aff. of Suzanne Shell, ¶¶ 4, 5.) Thus, the court finds it was reasonable for Plaintiff to have believed that Defendant Cygan resided at the address at which

---

[2]Plaintiff asserts the dates on her postage comes from an Internet server that hosts a postage program. (Resp., ¶ 18.) Plaintiff also asserts she is unable to alter the dates or history for the postage receipts. (*Id.*)

she was served. *Cf. Witt v. Roadway Express*, 136 F.3d 1424, 1429–30 (10th Cir.1998) (noting that "a rebuttable presumption of receipt does arise on evidence that a properly addressed piece of mail is placed in the care of the postal service").

"The rules governing service of process are not designed to create an obstacle course for [serving parties] to navigate, or a cat-and-mouse game for defendants who are otherwise subject to the court's jurisdiction." *TRW, Inc. v. Derbyshire*, 157 F.R.D. 59, 60 (D. Colo. 1994). Given Defendant Cygan's conduct, and her failure to at least twice waive service and accept the summons and complaint, it appears to the court that she attempted to evade service in this case. Nevertheless, the court finds that Defendant Cygan has received more than adequate notice of the suit, as well as the basis for this suit. For the foregoing reasons, Defendant Cygan's motion to quash service is denied.

### *Motion to Vacate Entry of Default*

Defendant Cygan also moves the court to vacate "default judgment." (Mot. at 1.) The court construes the motion as a motion to vacate the Clerk's entry of default against her.[3] The court may set aside an entry of default for good cause. *See* Fed. R. Civ. P. 55(c). This good cause standard is a less demanding standard than the excusable neglect standard which must be

---

[3]Rule 55 of the Federal Rules of Civil Procedure mandates a two-step process for a party seeking a default judgment in its favor. *Williams v. Smithson*, No. 95–7019, 1995 WL 365988, at *1 (10th Cir. June 20, 1995). First, the party must request that the Clerk enter default on the docket. Fed. R. Civ.P. 55(a); *see also id.* (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)). Second, following the entry of default by the Clerk, "the party entitled to a judgment by default shall apply to the court therefore." Fed. R. Civ. P. 55(b)(2); *see also Williams*, 1995 WL 365988, at *1. Plaintiff has not yet moved for default judgment.

shown for relief from judgment under Fed. R. Civ. P. 60(b).  *Id.*; *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997).  In determining whether to vacate the Clerk's entry of default, the court may consider the following factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the plaintiff will be prejudiced by setting aside the entries of default; and (3) whether the defendant has a meritorious defense. *See Hunt v. Ford Motor Co.*, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995) (citing *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)).  The court need not consider each of these three factors and may consider other facts in its discretion.  *Id.*  Guiding the court's analysis is the time-honored principle that "[t]he preferred disposition of any case is upon its merits and not by default judgment."  *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970); *see also Katzson Bros. v. E.P.A.*, 839 F.2d 1396, 1399 (10th Cir. 1988) (noting that "default judgments are not favored by courts").  It is, however, within this court's discretion to balance the judicial preference against default judgments with considerations of social goals, justice, and expediency.  *Gomes*, 420 F.2d at 1366.

    Here, the court finds that Defendant Cygan is culpable for the conduct that led to the entry of default.  The court further finds that Plaintiff would be prejudiced by setting aside the entry of default, as this case has been pending for over three years, discovery has been ongoing for over six months, and the court has made extensive rulings on other defendants' motions to dismiss.  Finally, Defendant Cygan has failed to provide a proposed answer or argument that she has a meritorious defense.  Therefore, Defendant Cygan's motion to vacate the entry of default is denied.

WHEREFORE, for the foregoing reasons, it is

ORDERED that Defendant Renee Cygan's "Resubmitted Motion to Quash Service and Vacate Default Judgment" (Doc. No. 620) is **DENIED**.

Dated this 22nd day of June, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge