**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Kathleen M. Tafoya**

| | |
|---|---|
| **Civil Action No.** 09-cv-00309-MSK-KMT | FTR - Courtroom C-201 |
| **Date:** June 29, 2012 | Deputy Clerk, Nick Richards |

| | |
|---|---|
| SUZANNE SHELL, | Pro Se |
|     Plaintiff, | |
| v. | |
| AMERICAN FAMILY RIGHTS ASSOCIATION, | Daniel Bernard Slater |
| LEONARD HENDERSON, | Pro Se |
| FAMILIES AT RISK DEFENSE ALLIANCE, | |
| FRANCINE RENEE CYGAN, | |
| MARK CYGAN, | |
| ILLINOIS FAMILY ADVOCACY COALITION, | |
| GEORGIA FAMILY RIGHTS, INC., | |
| NATIONAL ASSOCIATION OF FAMILY ADVOCATES, | |
| CONNECTICUT DCF WATCH, | |
| BRENDA SWALLOW, | Pro Se |
| RANDALL BLAIR, and | Pro Se |
| UNKNOWN DEFENDANTS DOE 1-15, | |
|     Defendants. | |

**COURTROOM MINUTES / MINUTE ORDER**

**MOTION HEARING**
**Court in session: 9:31 a.m.**
Court calls case. Appearances of counsel. Defendant's Leonard Henderson, Brenda Swallow, and Randall Blair appear via telephone.

Motion Hearing is called regarding Defendant's Corrected Motion to Amend Answer to Add Counterclaim [Doc. No. 572, filed February 15, 2012], Plaintiff's Request for Leave to File Plaintiff's Emergency Partially Unopposed Motion for Orders Regarding Witness Intimidation Under Restriction Level 2 [Doc. No. 605, filed March 5, 2012], Defendant Tower's (Alter Ego for American Family Rights Association) Rule 26(c) Motion for Protective Order [Doc. No. 684, filed April 16, 2012], Defendant Swallow's Rule 26(c) Motion for Protective Order [Doc. No. 686, filed April 17, 2012], Defendant Henderson's Motion for Protective Order [Doc. No. 691, filed April 17, 2012], Defendant Blair's Rule

26 (c) Motion for Protective Order [Doc. No. 693, filed April 19, 2012], Henderson Motion to Withdraw Document #657 [Doc. No. 696, filed April 20, 2012], Defendant Tower's (Alter Ego for American Family Rights Association) Rule 37 Motion to Compel [Doc. No. 714, filed May 23, 2012], and Plaintiff's Motion for Leave to File Document Under Restriction [Doc. No. 719, filed June 18, 2012].

Oral argument from defendants.
Oral argument from plaintiff.

> It is **ORDERED**: To the extent Plaintiff's Request for Leave to File Plaintiff's Emergency Partially Unopposed Motion for Orders Regarding Witness Intimidation Under Restriction Level 2 [605] is a Motion to Restrict Document No. 606, the motion is **DENIED**. Document No. 606 is no longer restricted. However, Document No. 606 is **STRICKEN** from the record as being an improper ex parte communication. The parties are prohibited from filing any document addressing the contents of Document No. 606. Plaintiff's request for relief in Document No. 605 is **DENIED**, as the matter is a law enforcement issue.
>
> It is **ORDERED**: Plaintiff's Motion for Leave to File Document Under Restriction [719] is **GRANTED IN PART**. Document 718 shall be placed under Restriction - Level 3.

Defendant's Corrected Motion to Amend Answer to Add Counterclaim [572] will **NOT** be ruled on during this hearing and will be ruled on by written order.

> It is **ORDERED**: Defendant Henderson's Motion to Withdraw Document #657 [696] is **DENIED**. Document No. 650 will be considered an attachment or exhibit to Document No. 649. 650 will not be considered an answer, amended or otherwise. Mr. Henderson may file a Motion to File an Amended Answer and, if he chooses to do so, it will be briefed and ruled on at an appropriate time. Mr. Henderson is **NOT** allowed to file, for any purpose, an amended answer without a motion.
>
> It is **ORDERED**: Defendant Swallow's Rule 26(c) Motion for Protective Order [686], Defendant Henderson's Motion for Protective Order [691], and Defendant Blair's Rule 26 (c) Motion for Protective Order [693] are **GRANTED IN PART AND DENIED IN PART**. Objections to Plaintiff's Interrogatory No. 2 pertaining to marital and domestic relationship history, residence history, criminal history, civil court history, businesses owned or operated, organizations/fellowships/ congregations/associations or any other political, civic, religious, social, or other organizations are **SUSTAINED** and the Defendants

>are protected from annoyance, embarrassment, oppression, or undue burden or expense in accordance with Fed. R. Civ. P. 26(c) and need not respond to those portions of the question.
>
>Defendants Henderson, Swallow, and Blair must answer Interrogatory No. 2 as to any names ever used, employment history from June 29, 2002 to present, post-high school education history, and associations relevant to claims in this action.
>
>To the extent defendant's Henderson, Swallow, and Blair have legitimate fears of their employment history leading to harassment, the defendants shall submit their responses to employment history for an in-camera review. The court will determine the relevancy of the history and determine if Plaintiff, pro se, may view the employment histories of each defendant. Submission from defendants, both to Plaintiff and through the court, must be made on or before July 13, 2012.
>
>As to Interrogatory No. 2's request for intellectual property or any inventions or any methods defendants may have created, the parties are not required to respond. Ms. Shell may rephrase the request to defendants Henderson and Swallow ONLY to the extent she is seeking information about certain and specific documents which were alleged to have been created by one or both of the defendants.
>
>The motion is **GRANTED** as Interrogatory No. 3. However, Ms. Shell may raise specific issues with further interrogatories.
>
>The motion is **DENIED** as to Interrogatory No. 1. If anyone outside of Mr. Henderson, Ms. Swallow, or Mr. Blair prepared or assisted in the preparation of responses, the parties must provide names of those who prepared or assisted in the preparation of responses.

It is **ORDERED**:  Defendant Henderson's Oral Motion to Dismiss is **DENIED** without prejudice. Defendant may file his motion as a written motion.

Mr. Blair and Ms. Swallow inform the court they do not wish to attend the remainder of the hearing.

**Court in Recess: 11:24 a.m.**
**Court in session: 1:21 p.m.**

Mr. Henderson remains on the telephone as an observer only.

Oral argument from defendant.
Oral argument from plaintiff.

It is **ORDERED**:    Defendant American Family Rights Association Rule 26(c) Motion for Protective Order [684] is **GRANTED IN PART AND DENIED IN PART**. Defendant American Family Rights Association is not required to respond to questions pertaining to marital history, residence history, employment history, intellectual property, civil court history, businesses owned or operated, and any other political, civic, religious, social, or other organizations belonged to with respect to the persons requested to be identified in Interrogatory No. 2.

Defendant American Family Rights Association must respond to identity questions pertaining to AFRA Board of Director's, AFRA state leaders, and AFRA members from December of 2003 to February 13, 2009, any names used by members, leadership positions held, how long the position was held, and by what authority it was granted. Plaintiff withdraws her requests for any organizations or associations pertaining to claims in this matter.

The motion is **DENIED** as to Interrogatory No. 1 and defendant must respond as to who prepared or assisted in the preparation of responses. The response is limited to non-privileged information.

The motion is **GRANTED** as to Interrogatory No. 3. However, Plaintiff may raise specific issues with further interrogatories. Should more interrogatories be required, they will count against Plaintiff's total.

The motion is **DENIED** as to attorney's fees and costs.

The court notes it routinely issues protective orders in accordance with *Gillard v. Boulder Valley School District* 196 F.R.D. 382 (D. Colo. 2000). Mr. Slater offers to compose a proposed protective order in this matter and circulate it amongst Plaintiff and the remaining defendants.

It is **ORDERED**:    Mr. Slater shall draft a first proposed protective order and circulate it amongst the remaining parties in this matter on or before July 13, 2012. Plaintiff shall respond on or before July 27, 2012. The parties shall either file a joint proposed protective order OR inform the court they cannot reach agreement on a protective order on or before August 3, 2012.

At this time, the protective order will be entered between Plaintiff and AFRA. The court informs the parties that if a protective order cannot be agreed upon, the court will enter a protective order without input from the parties which will pertain to all remaining parties.

Oral argument from defendant.
Oral argument from plaintiff.

It is **ORDERED**:   Defendant American Family Rights Association's Rule 37 Motion to Compel [714] is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** as to Request for Production Nos. 2 and 3 and Interrogatory No. 1. Plaintiff shall produce documents pertaining to income and tax returns to defendant AFRA and subject to the protective order as discussed earlier.  To the extent any other defendant agrees with the protective order and agrees to abide by it, other defendants may then view the financial information. If no other party agrees to the protective order, they are not to receive the information from Plaintiff and Mr. Slater shall not allow to disseminate the information he receives amongst other defendants nor shall he provide copies of the information to former defendants, including former defendant Tower.

Mr. Slater informs the court he withdraws his motion as to Interrogatory No. 9.

The motion is **GRANTED IN PART AND DENIED IN PART** as to Request for Production No. 6. Plaintiff shall provide a list of trade secrets plaintiff claims were wrongfully disseminated. Only those defendants who agree to the proposed Protective Order shall receive the information. Plaintiff shall provide the pertinent information on or before August 17, 2012.

The motion is **DENIED** as to attorney's fees.

It is **ORDERED**:   Status Conference is set for August 15, 2012 at 1:30 p.m.

**Court in Recess: 2:48 p.m.**
Hearing concluded.
Total In-Court Time     03:20

*To obtain a transcript of this proceeding, please contact Avery Woods Reporting at (303) 825-6119.