UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00309 MSK-KMT

SUZANNE SHELL
    Plaintiff

    v.

AMERICAN FAMILY RIGHTS ASSOCIATION, et. al.

    Defendants

**PLAINTIFF'S NOTICE TO THE COURT REGARDING DEFENDANT AFRA's STATUS REPORT DOC [732]**

COMES NOW Plaintiff Suzanne Shell, *pro se,* to include information relevant to the defendant's status report which the defendant did not include in its report:

1. Counsel cites concerns that he will not be permitted to confer with his client (¶4) regarding defenses to my claims, including trade secret claims. Counsel never raised this concern during our conferral.

2. Counsel insisted upon arguing the legal rights of the pro se defendants during our conferral. I could not argue their rights with him, that would be improper, because he does not represent them.

3. Counsel refused to answer my direct question as to whether or not he opposed the dual designation for confidential documents as far as **his client**, AFRA, was concerned and what those concerns were. I also requested the authority upon which he relied that compelled me to accept a protective order that other trade secret litigants were not compelled to accept. I posed the question twice, he refused to respond both times.

4. Instead, counsel asked for authorities in support of my insistence upon the dual designation of confidentiality and stated, "Furthermore, you've alleged that my client

5.     I responded, expressing my concern that he considered my trade secrets such a minor issue and his minimizing the harm I have suffered, and continued:

> As I stated, there are many individuals that AFRA vested with great power to act and speak on behalf of AFRA. I don't know if all them have seen my misappropriated trade secret information. Are you inferring they all have seen it? If so, I need to know their names so they can be added to this lawsuit. Their identities notwithstanding, it would be wholly inappropriate to provide this information to anyone who hasn't seen it.
>
> The following trade secret cases in this district have protective orders with dual confidentiality designations, tending to show this is NOT a customary trade secret protective order:
>
> *Security Service Federal Credit v. First American Mortgage Funding, LLC, et al,* No. 08-cv-00955-WYD-CBS
>
> *L-3 Communications Corporation v. Jaxon Engineering & Maintenance, Inc.;* Joni Ann White, No. 10-cv-02868-MSK-KMT
>
> Additionally, in *In Re: Application of Michael Wilson & Partners, Limited, For Judicial Assistance Pursuant* To 28, No. 06-cv-02575-MSK-KMT (D.Colo. 08/15/2011) Judge Krieger noted: Under Rule 26, the court is vested with considerable discretion to specify conditions and limits for discovery, particularly electronic discovery, and has sanction power under Rule 37; either of these rules conceivably provides additional authority for the Magistrate Judge's decision. See *In re Remington Arms Co.*, Inc., 952 F.2d 1029 (8th Cir. 1991) (protective order governing discovery of trade secret material could include bond to protect against risk of injury resulting from disclosure of trade secret).
>
> So, either I want a dual designation, or if I must accept a single designation, I want a bond to compensate me for injury if AFRA violates the protective order.

6.     Counsel did not reply to my response to his express request for citations of authority. I patiently awaited his response, which was never forthcoming. This is becoming a pattern with Mr. Slater, his asking for information then leaving me hanging when I provide it, and ultimately filing a document with the court that misrepresents the facts in favor of his client.

7. He also did not include me in drafting the language of his status report, which is misleading. I offered several different solutions, all of which Mr. Slater refused without providing a reason. It was my understanding that this notice was to be provided by both of us, not just Mr. Slater and defendant AFRA.

8. I concur that we are at an impasse, due largely to Mr. Slater's utter refusal to respond to my direct requests for his client's position and the authority supporting his position, and his utter refusal to consider any compromise or partial solution that I proposed, including:

    We have a number of options that can be considered, if you care to think outside the box.

    1. We can draft a proposed order that addresses your client and me regarding all matters and not arrive at a solution for the pro se parties that involves your client. At which point I can still attempt to work out an order regarding me and the pro se parties.

    2. We can draft a proposed order that address all parties as to the confidential matters and a separate proposed order that addresses trade secret information as to your client and me, without coming to a solution as to the pro se defendants and me.

    3. We can draft an order that addresses all issues, and include language that unrepresented parties have the choice of hiring an attorney for access to the "HIghly confidential" materials or requiring them to post some form of bond as a pledge of their personal compliance with the protective order or the bond is forfeit, or some other creative solution that will provide a similar kind of protection presumably afforded by attorney ethical restraints. If you don't like these ideas, put your thinking cap on and contribute, don't just refuse. Remember MY risk in providing this information to these people. They should share in the risk if they want access.

    4. We can let the court draft an order, to which I can object if it isn't sufficient to protect my trade secrets.

    Mr. Slater, my concerns are based on your and the other defendants's refusal to treat my trade secret claims with the least amount of respect or presumption of validity. If you and defendants insist upon showing such utter contempt for my rights and the legal presumptions I possess, I would be a fool to place any confidence in an inadequate protective order.

9. For the record, the pro se defendants's responses during this process were all mocking, derisive and adamant that I do not posses trade secrets, stating they saw no need for any

protective order. This causes me great concern, in view of the very real risk of loss and harm I have to take in providing this information to them. I contend they should also take similar very real risk of loss and harm should they fail to obey the protective order.

Respectfully Submitted July 20, 2012

/s/ Suzanne Shell
14053 Eastonville Rd.
Elbert, CO 80106
dsshell@gmail.com
719-749-1303

## CERTIFICATE OF SERVICE

This is to certify that **PLAINTIFF'S NOTICE TO THE COURT REGARDING DEFENDANT AFRA's STATUS REPORT DOC [732]** were emailed to the defendants on July 20, 2012

Brenda Swallow
breakingfear2u2004@yahoo.com

Leonard Henderson
leonard@familyrights.us

Randall Blair
via Court's ECF system

Daniel Slater
attorney for AFRA via Court's ECF system

/s/ Suzanne Shell June July 20, 2012