UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00309 MSK-KMT

SUZANNE SHELL
    Plaintiff

    v.

AMERICAN FAMILY RIGHTS ASSOCIATION, et. al.

    Defendants

## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER PURSUANT TO D.C.COLO.LCIVR 30.3 C

COMES NOW Plaintiff Suzanne Shell, *pro se*, requesting a protective order from this court to order that Plaintiff's deposition of Defendant Blair be conducted at the U.S. District Court for the District of Colorado courthouse in Denver, and in support of this request, I state the following:

**Certification pursuant to D.C.Colo.LCivR 7.1.** I certify that I conferred with the defendant and he opposes this motion.

1. D.C.Colo.LCivR 30.3 C provides **Location of Deposition**. If deposition abuse is anticipated, a judicial officer may order that any deposition be taken at the courthouse or special master's office so that, at the request of any party, witness, or counsel, any dispute may be heard and decided immediately by a judicial officer or special master.

2. In my prior motion to compel [734], I explained the defendant's refusal to serve proper or complete responses to my discovery requests.

3. The defendant's demeanor was flippant, and his refusal to provide proper responses was unyielding, which necessitated my filing a motion to compel his responses.

4. Discovery abuse is part of the defendant's strategy to unnecessarily increase the my costs and expenses.

5. I respectfully remind the court that this defendant has, during these proceedings, wasted my time with settlement negotiations that he conducted in bad faith in an attempt to elicit evidence to use against me in these proceedings.

6. I also respectfully remind the court that this defendant also attempted to have service of summons and complaint quashed citing that he was not at home when he was served.[1] This deception was refuted by the process server who saw the defendant look out the window. This process server remembered this defendant because when he had previously served this defendant, Mr. Blair brandished a gun at the process server during the prior service.

7. I also respectfully remind the court that this defendant has submitted documents to this court that he did not draft nor sign, as described in my motion [660], and has been deceptive and evasive in his participation in this case.

8. Given this history, I do not feel safe deposing this defendant in an unsecured location.

9. Given the defendant's non-cooperative posture regarding his improper responses to discovery, and his pattern of discovery abuse, I anticipate that he will be equally uncooperative during any scheduled deposition, and he will engage in deposition abuse.

10. Given the defendant's propensity to engage in bad faith conduct associated with this case, I anticipate that he will engage in further abuses intended to increase my expenses and to thwart my discovery efforts.

---

[1] The defendant went to great lengths to provide questionable evidence in support of his claim.

**Wherefore,** I respectfully request this court to order that the plaintiff's deposition of defendant Blair be conducted at the U.S. District Courthouse in Denver, Colorado, at a date and time to be scheduled by the plaintiff, and that defendant Blair be ordered to be responsible for all of his own travel expenses to appear at said deposition.

Respectfully Submitted  July 21, 2012

/s/ Suzanne Shell

Suzanne Shell
14053 Eastonville Rd.
Elbert, CO 80106
dsshell@gmail.com
719-749-1303

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the attached documents **PLAINTIFF'S MOTION TO COMPEL DEFENDANT BLAIR TO RESPOND TO PLAINTIFF'S DISCOVERY REQUESTS** and attachments were served via email on July 21, 2012

| | |
|---|---|
| Brenda Swallow<br>breakingfear2u2004@yahoo.com | Leonard Henderson<br>leonard@familyrights.us |
| Randall Blair<br>via Court's ECF system | Daniel Slater<br>attorney for AFRA via Court's ECF system |

/s/ Suzanne Shell  July 21, 2012