## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Honorable Marcia S. Krieger

Civil Action No. 09-CV-00309 MSK-KMT

SUZANNE SHELL,
        Plaintiff,

v.

AMERICAN FAMILY RIGHTS ASSOCIATION, et al.,
        Defendants.

### DEFENDANT AFRA'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT AFRA'S SECOND RULE 26 (C) MOTION FOR PROTECTIVE ORDER

COMES NOW, Defendant American Family Rights Association[1], by and through its counsel, Daniel B. Slater, and hereby Replies to the Plaintiff's Response to AFRA's Second Motion for Protective Order. In support of this Reply, Defendant states as follows:

1.    Plaintiff's Response is both devoid of response to the issues raised in the Motion and full of personal invective[2].

2.    Plaintiff spends the bulk of the Response complaining about the conferral. Plaintiff spent dozens of paragraphs, and includes a sixteen-page e-mail exhibit showing the communications between the parties regarding this issue. In the end, Plaintiff did not get what Plaintiff wanted,

---

[1] While the Court has determined that there is enough prima facie evidence presented by Plaintiff to show that there is a triable case as to the existence of AFRA as an entity separate and apart from any individual, Defendant continues to contend that AFRA is not an entity, but instead is simply a website owned by William Tower, and will require Plaintiff to prove the existence of AFRA as an entity at trial in this matter.

[2] In particular, Plaintiff assaults the character of the undersigned, as well as continues to argue that Defendant may not argue the existence of AFRA as an entity, showing a misunderstanding of the Court's rulings to date in that regard. With respect to the undersigned's character, arguments have already been made on that point (and the Court

and thus, is unhappy with the conferral. But there can be no argument an attempt to resolve this matter occurred.

3.	Plaintiff does not dispute that she provided Defendant AFRA with notices for four separate depositions.

4.	Plaintiff does not dispute that Rule 30 permits her one deposition per deponent.

5.	Plaintiff does not dispute that AFRA is a deponent.

6.	Accordingly, the proposed discovery is unduly burdensome *on its face*. Plaintiff contends that some sort of affidavit or other proof is required; however, Plaintiff has provided notices of depositions that, as a whole, patently violate the Federal Rules of Civil Procedure.

WHEREFORE, Defendant requests that the Court issue a protective order under Rule 26 (c) (A) forbidding the Plaintiff's proposed discovery or otherwise limiting the scope of Plaintiff's proposed discovery. Defendant further requests an award of reasonable fees and costs in the pursuance of this Motion.

Date: _August 13, 2012____

/s Daniel B. Slater
Daniel B. Slater
1415 Main Street, Suite A
Cañon City, CO 81212
(719) 269-3315
Attorney for Defendant Tower d/b/a AFRA

---

has ruled upon those arguments), and the Defendant incorporates Document # 118 herein.

**Certificate of Service:**

I hereby certify that a copy of this pleading was served on Plaintiff via the Court's ECF system, and on the remaining co-Defendants via e-mail, on August 13, 2012.

/s Daniel B. Slater
For Law Office of Dan Slater