IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–00309-MSK-KMT

SUZANNE SHELL,

      Plaintiff,

v.

AMERICAN FAMILY RIGHTS ASSOCIATION,
LEONARD HENDERSON,
FAMILIES AT RISK DEFENSE ALLIANCE,
FRANCINE RENEE CYGAN,
MARK CYGAN,
ILLINOIS FAMILY ADVOCACY COALITION,
GEORGIA FAMILY RIGHTS, INC.,
NATIONAL ASSOCIATION OF FAMILY ADVOCATES,
CONNECTICUT DCF WATCH,
BRENDA SWALLOW,
RANDALL BLAIR, and
UNKNOWN DEFENDANTS DOE 1-15,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

      This matter is before the court on Defendant Blair's "Corrected Motion to Amend Answer to Add Counterclaim" (Doc. No. 572 [Mot.], filed February 15, 2012). Plaintiff filed her response on February 28, 2012 (Doc. No. 598 [Resp.]), and Defendant filed his reply on March 9, 2012 (Doc. No. 615 [Reply]). The motion is ripe for recommendation and ruling.

## BACKGROUND

Plaintiff's original Complaint filed February 12, 2009 (Doc. No. 1) was the subject of multiple motions to dismiss, some of which District Judge Marcia S. Krieger granted. Plaintiff filed motions to replead as to some of the Defendants, which Judge Krieger granted. Plaintiff then filed a Motion to Amend, along with an Amended Complaint, which Judge Krieger denied. Judge Krieger ordered that a Scheduling Conference take place. On January 18, 2012, this court held a Scheduling Conference, during which this court advised Defendant Blair that if he wished to amend his answer to assert a counterclaim, he would need to file a motion to amend.

Defendant Blair filed his present Motion to Amend Answer to Add Counterclaim, seeking to add counterclaims for Plaintiff's alleged violations of the Colorado Organized Crime Control Act ("COCCA"), Colo. Rev. Stat. § 18-17-104, and violations of the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962(c) (Doc. No. 572-1 at 6–18); a counterclaim for conspiracy (*id.* at 18–23), counterclaims for fraud, extortion, and blackmail pursuant to Colo. Rev. Stat. 18-3-207 (*id.* at 23–25), a counterclaim for a violation of Colorado's Computer Crime statute, Colo. Rev. Stat. § 18-5.5-102 (*id.* at 26–27), a counterclaim for invasion of privacy/intrusion into seclusion (*id.* at 27–28), a counterclaim for intentional infliction of emotional distress (*id.* at 28–30), and a counterclaim for harassment (*id.* at 30–31).

Plaintiff opposes the Motion to Amend on the bases that (1) the statutes of limitations have run; (2) the motion is untimely; (3) the amendments are futile; (4) Defendant is estopped from asserting the counterclaims; (5) Plaintiff is entitled to immunity from Defendant's

counterclaims; (6) Defendant did not draft, sign, or submit the motion and proposed amendments. (Resp.)

## LEGAL STANDARD

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend the pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

### *Undue Delay*

Plaintiff asserts Defendant's Motion is untimely. (Resp. at 4–9.) The Tenth Circuit has held that the "denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.' " *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1206 (quoting *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365–66 (10th Cir. 1993)). Though Defendant sought his amendment two years after this case was initiated, Defendant argues "[t]his matter has

been tied up in uncertainty as to which Complaint the Defendants would ultimately be required to Answer." (Mot., ¶ 1.) The court notes that the Scheduling Order was not entered until January 18, 2012, as the case had been stayed pending ruling on motions to dismiss, Plaintiff's motion to amend her complaint, and Plaintiff's objections to this court's recommendation to deny Plaintiff's last motion to amend her complaint. Judge Krieger issued her order denying Plaintiff's final motion to amend her complaint on November 18, 2011. (Doc. No. 477.) This court issued an order requiring all defendants who previously had not answered to file their answers on or before December 16, 2011 (Doc. No. 481), and Defendant timely filed his Answer to the Complaint on December 16, 2011 (Doc. No. 500). Defendant Blair also argues that he was "uncertain as to whether it would be proper to include a counterclaim with the answer, since the order regarding the Answers, specifically stated that [the defendants] were required to file Answers, and were still under orders not to file anything but motions and the Answers." (*Id.*, ¶ 4.) Consistent with the Tenth Circuit, this court finds Defendant's explanations adequate. Thus, the court finds that the Motion is timely.

### *Statutes of Limitations*

Plaintiff argues the statutes of limitations have run on Defendant Blair's counterclaims. Defendant Blair's RICO and COCCA claims are subject to a four-year statute of limitations period. *Agency Holding Corp. v. Malley-Duff & Assocs,*, 483 U.S. 143, 152 (1987). *See Brooks v. Bank of Boulder*, 891 F. Supp. 1469, 1481 (D. Colo.1995) (impliedly holding the four-year limitations period applicable to RICO claims also applies to COCCA claims). A two-year statute of limitations defined in Colo. Rev. Stat. § 13-80-102(1)(a) applies to Defendant Blair's

state law tort claims, and a three-year statute of limitations defined in Colo. Rev. Stat. § 13-80-101(c) applies to Defendant Blair's civil claims for "for fraud, misrepresentation, concealment, or deceit . . . ." *Id.* Here, liberally construing Defendant Blair's claims, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it appears he only references alleged incidents affecting him that occurred from 2003 through 2005.[1] (*See* Doc. No. 572-1, ¶¶ 60–79.) Thus, the statute of limitations on Defendant Blair's RICO and COCCA claims expired, at the latest, in 2009, and thus are time barred.

Colorado law allows for the statute of limitations to toll on compulsory counterclaims only. *Full Draw Prods. v. Easton Sports*, 85 F. Supp.2d 1001, 1008-09 (D. Colo. 2000). *See* Colo .Rev. Stat. § 13-80-109. Compulsory counterclaims "arise[ ] out of the same transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1)(A). *Allen v. Martin*, 203 P.3d 546, 555 (Colo. App. 2008). Any counterclaim which does not arise out of the same transaction or occurrence as the opposing claim is a permissive counterclaim. Rule 13(b).

The accepted method for determining whether a claim arises out of the same transaction or occurrence as the first claim is the logical relationship test: whether the subject matter of the counterclaim is logically related to the subject matter of the initial claim. *Allen*, 203 P.3d at 555–56. Here, there appears to be no dispute that the claims asserted by Defendant Blair arise

---

[1] To the extent Defendant Blair seeks to assert claims on behalf of other current and previously-dismissed co-defendants, he has no standing to do so. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975) (a claimant "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties").

out of the same transactions or occurrences that are the subject matter of Plaintiff's claims.

Colorado's counterclaim revival statute provides in pertinent part:

> A counterclaim or setoff arising out of the transaction or occurrence which is the subject matter of the opposing party's claim shall be commenced within one year after service of the complaint by the opposing party and not thereafter.

§ 13–80–109.

Plaintiff served Defendant Blair with her complaint on August 1, 2009. (Doc. No. 263.) Though under Colorado law the filing of a complaint does toll the statute of limitations on counterclaims arising out of the same transaction or occurrence, the plain language of § 13-80-109 gave Defendant Blair one year from August 1, 2009, and no longer, to file his counterclaims. § 13-80-109. Defendant did not file his motion to assert a counterclaim until February 15, 2012—over eighteen months after the deadline in which he was allowed to do so under Colorado law.[2] Thus, Defendant Blair's counterclaims are barred by the applicable statutes of limitations, and his proposed counterclaims would be subject to dismissal as futile.

Therefore, Defendant Blair's motion to amend his answer and assert counterclaims should be denied. The court need not address Plaintiff's remaining arguments.

---

[2]The court also notes that under Rule 13(a), a party waives counterclaims that arise out of the same transaction or occurrence if they are not asserted in the first responsive pleading. 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 1417 (3d ed. 2010). Defendant Blair filed his first responsive pleading on December 16, 2011, and failed to assert any counterclaims. (Doc. No. 500.)

WHEREFORE, for the foregoing reasons, this court respectfully

**RECOMMENDS** that Plaintiff's "Corrected Motion to Amend Answer to Add Counterclaim" (Doc. No. 572) be DENIED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate

review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 15th day of August, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge