IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00309-MSK-KMT

SUZANNE SHELL,

    Plaintiff,

v.

AMERICAN FAMILY RIGHTS ASSOCIATION,
LEONARD HENDERSON,
FAMILIES AT RISK DEFENSE ALLIANCE,
FRANCINE RENEE CYGAN,
MARK CYGAN,
ILLINOIS FAMILY ADVOCACY COALITION,
GEORGIA FAMILY RIGHTS, INC.,
NATIONAL ASSOCIATION OF FAMILY ADVOCATES,
CONNECTICUT DCF WATCH,
BRENDA SWALLOW,
RANDALL BLAIR, and
UNKNOWN DEFENDANTS DOE 1-15,

    Defendants.

---

**PROTECTIVE ORDER**

---

This matter is before the court on Defendant American Family rights Association ("AFRA")'s "Status Report" concerning stipulated Protective Order [Doc. No. 732, filed July 20, 2012] and on "Plaintiff's Notice to the Court regarding Defendant AFRA's Status Report Doc [732]" also concerning attempts to submit a stipulated Protective Order [Doc. No. 733, filed July 20, 2012]. The court heard oral argument regarding the form and contents of a Protective Order

for confidential materials at a hearing on August 15, 2012. Being fully advised the court finds and holds as follows.

Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required. The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders. *Id.*

Upon a showing of good cause and as justice may require "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," a court may, among other things, enter a protective order specifying terms for the disclosure of materials and designating the persons who may access the materials during the discovery process. Fed. R. Civ. P. 26(c)(1). Blanket protective orders routinely are approved by courts in civil cases, frequently on the stipulated request of the parties. *Gillard v. Boulder Valley Sch. Dist. Re-2*, 196 F.R.D. 382, 386 (D. Colo. 2000). The agreement of all parties is not required for the entry of a blanket protective order, however, so long as certain conditions are met. *Id.* (citing *Parkway Gallery Furniture, Inc. v. Kittinger/Pennsylvania House Group, Inc.*, 121 F.R.D. 264, 268 (M.D.N.C. 1988)).

First, a party must make a threshold showing of good cause to believe that discovery will involve confidential or protected information, which may be done on a generalized as opposed to a document-by-document basis. *Id.* Moreover, even though a blanket protective order permits all documents to be designated as confidential, a party must agree to invoke the designation only

in good faith. *Id.* Also, after receiving documents, the opposing party has the right to contest any documents it believes should not be designated as confidential. *Id.* And, finally, at this stage, the party seeking the protection has the burden of proof to justify retaining the confidentiality designation. *Id. See also, Association Voice, Inc. v. AtHomeNet, Inc.*, No. 10-cv-00109-CMA-MEH, 2010 WL 1258062, at *2(D. Colo. March 29, 2010).

The respective protective orders proposed by the two parties[1] both generally meet the requirements set forth in *Gillard*. The primary disputed element is the plaintiff's request that the Protective Order contain provisions for two-tiered confidentiality marking, thus including a category of documents marked as "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY."[2] In addition to barring any litigant from seeing the relevant discovery, such a designation would mean that the only attorney in the case could not consult with anyone at AFRA about the marked documents. None of the pro se litigants, including Plaintiff herself, would be able to see and/or use relevant documents so marked in prosecuting or defending their cases. The only person who would be allowed to see documents so classified would be attorney Slater - this is clearly an absurd result.

In determining the proper level of protection, the Court must balance the requesting party's need for discovery against the resisting party's claimed harm that will result from

---

[1] The three *pro se* individual defendants did not submit proposed protective orders, but chose instead to rely on the form of protective order and arguments made by Defendant AFRA, the only party in the case represented by an attorney.

[2] This kind of designation, however, is plainly ludicrous on its face since the plaintiff would be prohibited from seeing her own documents since she is not an attorney.

disclosure. *See Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325 (10th Cir. 1981).

This case does not involve technical or scientific invention. Instead it involves "a collection of articles, papers, and documents, each written at a discrete time, each exploring a discrete subject and each constitutes [sic] a stand-alone copyrightable work." (Compl. [Doc. No. 1] ¶ 50.] The plaintiff alleges that the named defendants improperly obtained her protected property "by engaging in long-term and pervasive program designed to induce the breach of known obligations of authorized users of those trade secrets or to otherwise circumvent the restrictions and terms I place on the legitimate acquisition and use of that property." (*Id.* ¶ 71.) The misappropriation about which Plaintiff complains took place in approximately 2002–2006. (*Id.* ¶¶ 71-83.) Plaintiff complains that, "[b]y virtue of these publications and distributions, the defendants did acquire, by unauthorized means, my trade secrets and proprietary information and subsequently used it in their business operations and disseminated it widely." (*Id.* ¶ 85.)

By her own admission, then, Plaintiff's trade secrets have previously been in the possession of the named defendants and have also been published in public forums. Confidential Material generally includes "documents, information, and material that constitutes or reveals a trade secret or other confidential research, development or commercial information that is subject to protection under Fed. R. Civ. P. 26(c)." *Qwest Corp. v. AT&T Corp.*, Case No. 05-cv-00375-REB-BNB, 2006 WL 1684676, at *1 (D. Colo. June 14, 2006.). Generally, a producing party should not designate as even Confidential "any material that constitutes information that is publicly available at the time of disclosure." *Id*. If there is allowed a category of documents

designated as "Highly Confidential, " that material should only include particularly sensitive material that constitutes technical information regarding a party's telecommunications and data networks and information regarding products or services, financial information or plans, or business plans. *Id*. Justification for not allowing a party to view highly confidential material can only occur when the party clearly has not had previous access to the information; in other words, the material is something the defendants don't know about yet and which gives the plaintiff an earned competitive advantage which could be lost if the defendant parties gained access to it. There is nothing in this case to justify such a restrictive protective order, particularly in light of three of the four defendants being unrepresented and the plaintiff herself appearing *pro se*.

Therefore, it is **ORDERED**

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of any party, or information alleged to contain or consist of trade secrets. ***CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case***.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    a. attorneys actively working on this case;

    b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c. the parties, *__to the extent that the parties execute a statement indicating that they agree to comply with the terms of this Protective Order, as outlined in Paragraph 5 below__*;

    d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    e. the Court and its employees ("Court Personnel");

    f. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    g. deponents, witnesses, or potential witnesses; and

    h. other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person (BUT ONLY THOSE LISTED IN PART FOUR ABOVE other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), such person shall be provided with a copy of this

Protective Order and such person shall execute a written acknowledgment such as contained in Exhibit A hereto stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel or the pro se party obtaining such acknowledgement, and shall be subject to in camera review by the Court if good cause for review is demonstrated by another party.

6. Documents may only be designated CONFIDENTIAL by a party who is directing the confidentiality designation in good faith after review of the document in the sincere belief that such documents meet the definition of CONFIDENTIAL. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." To the extent the documents are marked "CONFIDENTIAL" by the Plaintiff, the Plaintiff will indicate in the marking to which Defendant the disclosure is being made. For instance, if the document is being produced to Defendant John Doe, the imbedded marking would read, "CONFIDENTIAL - JOHN DOE" or similar. The purpose of this provision is to be able to trace the origin of a document marked CONFIDENTIAL in the unlikely event the document appears in a public or unauthorized venue in direct violation of this Court Order.

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly

given to all counsel of record and pro se parties within thirty (30) days after notice by the court reporter of the completion of the transcript.

        8.       A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  The court expects the parties to seriously consider, before filing an objection pursuant to this paragraph, whether there is a sincere need to "de-designate" a given document and, if there is not such a need, to forego the filing and consideration of useless motions to de-designate which unduly burden the court and waste judicial resources without corresponding value to the litigants.  If an objection is filed and if the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation <u>of the party designating</u> the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. At the conclusion of this case (including the expiration of time for all appeals), unless other arrangements are agreed upon or ordered by the court, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

10. If any party files with the Court any paper that has been properly designated as "CONFIDENTIAL," that party shall file the document under seal, and shall file a Motion to Seal with the Court pursuant to D.C.COLO.L.CivR 7.2.

11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this 16th day of August, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

EXHIBIT A

ACKNOWLEDGEMENT AND AGREEMENT TO PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIALS PRODUCED IN SHELL v. AMERICAN FAMILY RIGHTS ASSOCIATION, ET AL,  CASE NO. 09-cv-309-MSK-KMT

I understand that certain documents and information produced during discovery in this case have been designated "CONFIDENTIAL" and are subject to a Protective Order. In the event that such Protected Materials are made available to me so that I can discharge essential functions, I hereby certify as follows:

1. I have read the Protective Order. I understand the Order and will abide by its terms.

2. I will not disclose any Protected Material to any person not authorized by the Order to receive disclosure nor will I use or disclose any Protected Material for any use other than the conduct of this case.

3. I understand that the unauthorized disclosure of Protected Material may constitute contempt of court.

4. I agree that the United States District Court for the District of Colorado has jurisdiction to
enforce the terms of the Order, and I consent to the personal jurisdiction in that Court for purposes of enforcement of the Order.


Signature: _____


Printed Name: _____


Date: _____