**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Kathleen M. Tafoya**

| | |
|---|---|
| **Civil Action No.** 09-cv-00309-MSK-KMT | FTR - Courtroom C-201 |
| **Date:** August 15, 2012 | Deputy Clerk, Nick Richards |

| | |
|---|---|
| SUZANNE SHELL, | Pro Se |
|     Plaintiff, | |
| v. | |
| AMERICAN FAMILY RIGHTS ASSOCIATION, | Daniel Bernard Slater |
| LEONARD HENDERSON, | Pro Se |
| FAMILIES AT RISK DEFENSE ALLIANCE, | |
| FRANCINE RENEE CYGAN, | |
| MARK CYGAN, | |
| ILLINOIS FAMILY ADVOCACY COALITION, | |
| GEORGIA FAMILY RIGHTS, INC., | |
| NATIONAL ASSOCIATION OF FAMILY ADVOCATES, | |
| CONNECTICUT DCF WATCH, | |
| BRENDA SWALLOW, | Pro Se |
| RANDALL BLAIR, and | Pro Se |
| UNKNOWN DEFENDANTS DOE 1-15, | |
|     Defendants. | |

**COURTROOM MINUTES / MINUTE ORDER**

**STATUS CONFERENCE AND MOTION HEARING
Court in session: 1:49 p.m.**
Court calls case.  Appearances of counsel.

Motion Hearing is called regarding defendant Henderson Motion to File an Amended Answer [Doc. No. 727, filed July 9, 2012], Plaintiff's Motion to Compel Defendant Blair to Respond to Plaintiff's Discovery Requests [Doc. No. 734, filed July 21, 2012], Plaintiff's Motion for Protective Order Pursuant to D.C.COLO.LCIVR 30.3 C [Doc. No. 735, filed July 21, 2012], Plaintiff's Motion to Compel Defendant Swallow to Respond to Discovery [Doc. No. 738, July 25, 2012], Plaintiff's Motion for Protective Order Pursuant to D.C.COLO.LCIVR 30.3C [Doc. No. 739, filed July 25, 2012], Defendant AFRA's Second Rule 26(C) Motion for Protective Order [Doc. No. 743, July 29, 2012], Henderson's Second Rule 26(C) Motion for Protective Order [Doc. No. 747, filed July

31, 2012], Plaintiff's Motion to Amend the Scheduling Order Pursuant to Fed. R. Civ. P 16(b)(4) [Doc. No. 751, filed July 31, 2012], Plaintiff's Motion for Sanctions Against Defendant AFRA for Failure to Obey Court Order [742] Dated July 29, 2012 [Doc. No. 761, filed August 3, 2012], and Defendant Henderson's Motion for Leave to File Document Under Restriction [Doc. No. 771, filed August 9, 2012].

The court advises the parties of Recommendation of United States Magistrate Judge [Doc. No. 786, filed August 15, 2012] filed by the court, recommending District Judge Marcia S. Krieger deny Defendant Blair's Corrected Motion to Amend Answer to Add Counterclaim [Doc. No. 572, filed February 15, 2012].

It is **ORDERED**:   Defendant Henderson's Motion to File an Amended Answer [727] is **GRANTED**. Henderson Answer Shell Complaint [Doc #1] [Doc. No. 650, filed March 20, 2012] is accepted as filed and will be considered the defendant's answer to the complaint. The court finds defendant Henderson did not delay in bad faith and there is no undue prejudice to plaintiff in allowing the answer.

Oral argument by plaintiff.
Oral argument by defendant Blair.

It is **ORDERED**:   Plaintiff's Motion to Compel Defendant Blair [734] is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED IN PART** with respect to Interrogatory No. 4 and Request for Production No. 3. Defendant Blair shall supplement responses to Interrogatory No. 4 and Request for Production No. 3 signed under oath before a notary public on or before August 27, 2012.

The motion is **DENIED** as to Interrogatory Nos. 3, 5, and 6. Interrogatory No. 6 is denied without prejudice. Interrogatory No. 6 does not count against plaintiff's total number of interrogatories and may be propounded again.

Original answers provided by defendant Blair must also be notarized and will be provided to plaintiff along with Interrogatory No. 4 and Request for Production No. 3 on or before August 27, 2012.

It is **ORDERED**:   Interrogatories may be self-sworn as to defendant Henderson **ONLY**. Self-sworn testimony will be treated by this court as though it was sworn under oath before a notary public.

Oral argument by plaintiff.
Oral argument by defendant Swallow.

Discussion regarding trade secrets list and the entry of a Protective Order in this matter.

It is **ORDERED**:　　Plaintiff shall submit a list of trade secrets on or before August 24, 2012. The trade secret list shall be filed under Restriction - Level 1.

The court will enter a protective order in this matter before documents are to be exchanged. Plaintiff shall differentiate documents being produced to each individual defendant with watermarks or other specified designations.

It is **ORDERED**:　　Plaintiff's Motion to Compel Defendant Swallow [738] is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED IN PART AND DENIED IN PART** as to Interrogatory No. 3 at this time. However, plaintiff will file her trade secret list on or before August 24 and defendant Swallow shall supplement her response on or before September 14, 2012.

　　The motion is **GRANTED** as to Interrogatory No. 5. Defendant Swallow shall be asked to provide instances where information or advice was provided to parents or families between the time of the seminar and when her certification was revoked. Defendant Swallow shall supplement her response under oath before a notary public on or before September 14, 2012.

　　The motion is **DENIED** as to Interrogatory Nos. 4 and 6.

　　As with Defendant Blair, all original answers provided by Defendant Swallow to plaintiff must be signed under oath before a notary public.

It is **ORDERED**:　　Plaintiff's Motions for Protective Order [735] and [739] are **DENIED**. Depositions will not be held in Colorado and will not be conducted in-person due to the danger of having such antagonistic litigants together for an extended period without the intervention of lawyers or police. However, depositions may be held electronically if plaintiff so requests to have them. Depositions are limited to 7 hours of actual deposition time.

　　The court notes parties participating in depositions via Skype or some other electronic mean must have access to documents in this case as reference.

It is **ORDERED**:　　Defendant Henderson's Second Rule 26(C) Motion for Protective Order [747] is **GRANTED**. Defendant Henderson does not have to leave his home for a deposition. However, he must participate in an

        electronic deposition if he receives notice. He may appear via Skype or some other electronic means if he is noticed. The deposition of defendant Henderson is limited to 7 hours in length.

It is **ORDERED**: Defendant AFRA's Second Rule 26(C) Motion for Protective Order [743] is **GRANTED**. Plaintiff must submit a new topic list as to her deposition of AFRA. The court reminds Ms. Shell that AFRA may select anyone it wishes to be its representative for a 30(b)(6) deposition.

It is **ORDERED**: Defendant Motion for Leave to File Document Under Restriction [771] is **GRANTED**. Document 772 will be kept under restriction and filed as Restriction - Level 3.

It is **ORDERED**: Plaintiff's Motion for Sanctions Against Defendant AFRA [761] is **DENIED** as stated on the record.

Discussion regarding Defendant Brenda Swallow's Reply to Plaintiff Shell's Motion for Protective Order Puruant (sic) to D.C.COLO.LCIVR 30.3C (Doc#739) [Doc. No. 755, filed August 1, 2012].

It is **ORDERED**: Defendant Swallow's Reply [755] shall be **SEALED** under Restriction - Level 2. The court informs defendant Swallow that any future responses of this nature will be stricken from the record and the motion to which the response would have been directed will be considered lacking a response.

Discussion regarding Plaintiff's Motion to Amend the Scheduling Order [751].

It is **ORDERED**: Plaintiff's Motion to Amend the Scheduling Order [751] is **GRANTED IN PART AND DENIED IN PART**. The discovery cut-off deadline currently set for September 18, 2012 is **VACATED** and reset to November 19, 2012. Each party shall be limited to 10 depositions, 50 interrogatories, and 50 requests for production of documents. The number of requests for admission shall remain at 25 for each party.

        The motion is **DENIED** as to additional time to depose defendants Henderson and AFRA without prejudice. Plaintiff may raise the issue of more time to depose defendants Henderson and AFRA in the future if necessary.

The court encourages all parties to stipulate to the authenticity of documents if no challenges are brought.

It is **ORDERED**: Defendant Blair's Motion for Protective Order [693] as to Interrogatory No. 2 is **GRANTED IN PART**. Defendant Blair shall provide an answer to plaintiff regarding the nature of his work during the various times. Defendant Blair shall omit the names of the employers during the time at issue and supplement his response on or before August 27, 2012.

It is **ORDERED**: Motion Hearing set for October 23, 2012 at 1:30 p.m. Defendants Henderson, Blair, and Swallow may participate via telephone. The court shall contact Mr. Henderson, Mr. Blair, and Ms. Swallow the day of the hearing and initiate a conference call with the three defendants.

**Court in Recess: 4:52 p.m.**
Hearing concluded.
Total In-Court Time    03:03

*To obtain a transcript of this proceeding, please contact Avery Woods Reporting at (303) 825-6119.