IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00309-MSK-KMT

SUZANNE SHELL,

    Plaintiff,

v.

AMERICAN FAMILY RIGHTS ASSOCIATION,
LEONARD HENDERSON,
FAMILIES AT RISK DEFENSE ALLIANCE,
FRANCINE RENEE CYGAN,
MARK CYGAN,
ILLINOIS FAMILY ADVOCACY COALITION,
GEORGIA FAMILY RIGHTS, INC.,
NATIONAL ASSOCIATION OF FAMILY ADVOCATES,
CONNECTICUT DCF WATCH,
BRENDA SWALLOW,
RANDALL BLAIR, and
UNKNOWN DEFENDANTS DOE 1-15,

    Defendants.

**ORDER**

This matter is before the court on "Plaintiff's Second Motion for Sanctions Against Defendant AFRA For Failure to Obey Court Orders [726 and 789]" filed August 28, 2012 [Doc. No. 812.]. This court does not believe further briefing on this motion would be helpful. *See* D.C.COLO.LCivR 7.1C ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.")

On August 15, 2012, the court held a hearing wherein the adequacy of AFRA's responses to Plaintiff's interrogatories and requests for production of documents was discussed in depth. The court has reviewed the audio file of the August 15, 2012 hearing in connection with the current motion.[1] At the hearing, the court found that, based on the representations of AFRA's attorney, AFRA had provided as much information responsive to the discovery requests as it could locate. The court reminded AFRA of its continuing duty to supplement discovery responses pursuant to Fed. R. Civ. P. 26(e). However, the court, while requiring the individual defendants to submit their discovery responses under oath by a given date, did not address when AFRA was required to re-submit its answers to interrogatories signed under oath in compliance with Fed. R. Civ. P. 33((b)(3).

Therefore, it is **ORDERED**

"Plaintiff's Second Motion for Sanctions Against Defendant AFRA For Failure to Obey Court Orders [726 and 789]"[Doc. No. 812.] is **GRANTED in part and DENIED in part**.

    1.    AFRA shall submit its previous interrogatory responses signed under oath on or before **September 7, 2012.** Further, the person swearing to the accuracy of the interrogatories must set forth and swear under oath to his/her understanding regarding the completeness of the responses, i.e., make a representation that what has been produced up to the point the interrogatory was compiled is the entirety of all the information possessed by AFRA which is responsive to the discovery requests.

---

[1] The parties may at any time order a transcript of a recorded hearing upon contacting the court's courtroom deputy clerk, Nick Richards, at 303-844-3433. Costs associated with preparing the transcript must be pre-paid by the person ordering the transcript.

2.	Since the court did not previously provide AFRA with a compliance date to re-submit discovery signed under oath and, further, granted AFRA's motion for protective order [743] and denied Plaintiff's motion for sanctions [761][2], it is not appropriate to award sanctions for non-compliance with this court's order.

Dated this 29th day of August, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

---

[2] The court did not "discard" Plaintiff's motion for sanctions as alleged in this renewed motion. (Mot. ¶¶ 1, 16,) The court <u>denied</u> the motion after briefing and hearing, finding against plaintiff's claim for relief.