IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00309-MSK-KMT

SUZANNE SHELL,

      Plaintiff,

v.

AMERICAN FAMILY RIGHTS ASSOCIATION,
LEONARD HENDERSON,
FAMILIES AT RISK DEFENSE ALLIANCE,
FRANCINE RENEE CYGAN,
MARK CYGAN,
ILLINOIS FAMILY ADVOCACY COALITION,
GEORGIA FAMILY RIGHTS, INC.,
NATIONAL ASSOCIATION OF FAMILY ADVOCATES,
CONNECTICUT DCF WATCH,
BRENDA SWALLOW,
RANDALL BLAIR, and
UNKNOWN DEFENDANTS DOE 1-15,

      Defendants.

---

**ORDER**

---

This matter is before the court on "Plaintiff's Motion to Compel Defendant AFRA to

Respond to Plaintiff's Discovery Requests" ("Mot.Compel") filed August 28, 2012 [Doc. No.

813] and "Plaintiff's Rule 26(c) Motion for Protective Order as to Defendant AFRA"

("Mot.P.O.") filed August 29, 2012 [Doc. No. 820].  Neither the Motion to Compel nor the

Motion for Protective Order are timely filed since they seek protection from something that has

not yet occurred.  However, having reviewed the Plaintiff's motions it appears that some

direction from the court would be helpful in framing potential discovery issues and in keeping

discovery in this case from once again bogging down in a mire of disputation.

When Rule 33(a) was amended to limit the number of interrogatories that can be

propounded, the draftsmen appreciated that the numerical restriction could be evaded by "joining

as 'subparts' questions that seek information about discrete separate subjects."  See Fed. R. Civ.

P. 33, Advisory Committee Note.  Identifying a "discrete subpart" is often one of the more

difficult tasks presented to a court.  While a draconian approach would be to view each

participial phrase as a subpart, *see Valdez v. Ford Motor Co*., 134 F.R.D. 296 (D. Nev.1991), the

courts have instead attempted to formulate more conceptual approaches, asking whether one

question is subsumed and related to another or whether each question can stand alone and be

answered irrespective of the answer to the others.  *See e.g. Bottoms v. Liberty Life Assur. Co. of*

*Boston,* Case No. 11-cv-01606-PAB-CBS, 2011 WL 6181423, *6 (D. Colo. Dec. 13,2011);

*Kendall v. GES Exposition Services*, 174 F.R.D. 684 (D. Nev.1997).  But, as another court has

stated, this is anything but a bright-line test.  *Safeco of America v. Rawstron*, 181 F.R.D. 441,

445 (C.D. Cal. 1998).  As one court posited by way of example

> Lawyers, sensitive to the numerical restriction, also subdivide interrogatories so
> that after they introduce a topic, they demand to know in detail all the particulars
> about it, frequently introducing their specific demands with the phrase "including
> but not limited to." Thus, they may ask their opponent to state whether a
> particular product was tested and then demand to know when the tests occurred,
> who performed them, how and where they were conducted and the result. In such
> a situation, all the questions relate to a single topic, testing, and it would unfair
> and draconian to view each of the demands as a separate interrogatory. This
> approach ends, however, the moment the interrogatory introduces a new topic that

2

is in a distinct field of inquiry. Thus, in the "testing" example, asking how the
results of the tests were used in any advertising about the product's fitness for a
particular purpose would have to be viewed as a separate interrogatory.

*Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 7, 10 (D.D.C. 2004).

> **A.** ***"Plaintiff's Motion to Compel Defendant AFRA to Respond to Plaintiff's Discovery Requests" [Doc. No. 813]***

The court has reviewed the discovery requests submitted to AFRA from Plaintiff with

respect to the Motion to Compel and makes the following findings with respect to Fed. R. Civ. P.

33(a)(1) which directs that subparts of questions will be treated as separate interrogatories and I

conclude the following:

> Pl. Interrogatory No. 4. DESCRIBE all WEB SITES created, moderated, owned and/or
> operated by AFRA between the creation of AFRA and February 13, 2009, identifying
> each site by name and URL, providing a descriptive chronology for each site detailing
> the date it was created, who created it, who owned it, the purpose of the web site,
> describing whether it was publicly accessible or private and why, describing any
> membership prerequisites and requirements, how members were solicited, what
> demographic population(s) the member or participants consisted of, the membership
> numbers, describe the rules of the group and where those rules were published, who
> enforced the rules, describe the published or unpublished procedures for member
> messages where the content contained potential or real wrongful content including
> threats, defamation, advertising, pandering, solicitation of any kind, fraud, abuse or
> violation of the group rules, and the date(s) and circumstance(s) where
> authority/ownership in the group changed, the date and reason the web site was
> terminated and who terminated it and any intervening variations of the aforementioned
> information.

The court finds that the first topic is "all web sites created moderated, owned and or

operated by AFRA" during the requested time period.  Included in that one interrogatory are

questions concerning name, URL, date of creation, ownership, moderator, public or private

accessibility, whether ownership or authority over the website changed during the relevant

period, whether the website is ongoing or cancelled, and if cancelled, when the cancellation occurred.  A second topic is "the purpose of each identified website" including why it was either public or private, the demographic population to which the website was targeted, membership demographic, methods of soliciting members, numbers of members and prerequisites for membership in each of the web sites.  The court finds these two interrogatories are generally directed to the make-up or composition of AFRA and therefore count only as two interrogatories related generally to AFRA directives and whether AFRA should be considered an entity.  As to any other questions about the rules, mandates or requirements concerning any individual web site, however, Plaintiff would have to interpose questions as to each specific website identified and each question with related subparts would be counted separately.  Therefore, Interrogatory No. 4 will be counted as two interrogatories and questions concerning rules or regulations on use of the website, including rules regarding sanctions for abuse, will be stricken with permission to again propound one or more interrogatories (so long as the interrogatories remain within the allowed number) with respect to any particular web site at the discretion of the Plaintiff.

> Pl. Interrogatory No. 5. For your [sic] each of your responses to Interrogatory no. 4, please IDENTIFY all individuals to whom AFRA granted authority to moderate, to add or remove members and/or content or to otherwise administer each web site, DESCRIBING what authority each person was granted (what actions did they have the power to perform pertaining to the web site), the dates they had said authority, the web sites for which they were authorized to exercise said authority, the reason AFRA granted each person said authority, and the reason said authority was terminated (if applicable).

The court deems this to be one interrogatory as all the subparts are related to the topic of "authority to administer a particular website," however, the interrogatory must be directed separately to each of the web sites which are identified (or whatever portion of the web sites

about which Plaintiff seeks further information).  Therefore, the court will strike this

interrogatory with permission to again propound interrogatories directed to any particular web

site at the discretion of the Plaintiff.  The stricken interrogatory will not count against Plaintiff's

numerical limits on discovery.

> Pl. Interrogatory No. 6. DESCRIBE all instances where AFRA was contacted by anyone alleging that infringed copyrighted content was published on any WEB SITE described in Interrogatory no. 4, including who published the infringing content, any communication(s) to anyone else discussing said infringement, identifying the method(s) of the communication, the communication audience and the basis of any statement(s) you made or position you took on the subject.

The court deems topic number one in this interrogatory to be "contact with AFRA

concerning copyright infringement on any of its web sites."  This would include the details of

any alleged infringement reported to AFRA including who allegedly published the copyrighted

content, how contact with AFRA was made by the reporter and to whom the copyrighted content

was allegedly published.  The second topic contained in this interrogatory is "AFRA's response

to and position on the contact about alleged copyright infringement" which would include with

whom AFRA shared the infringement allegation as well all positions AFRA took, publically or

privately.  Interrogatory No. 6 will therefore count as two interrogatories.

> Pl. Interrogatory No. 7. DESCRIBE all instances of communication on any AFRA web site described in Interrogatory no. 4, where the subject of that communication was any criminal or illegal act allegedly performed by the plaintiff, including identifying the author of the communication, the method of the communication, the communication audience and any official or unofficial act taken by AFRA in response to each identified communication.

The court deems this to be one interrogatory with the topic "accusations of illegal

conduct engaged in by Plaintiff which were conveyed to AFRA through any of its web sites."

The topic is communications to AFRA and is not a question specific to any one web site.  The

web sites are only a method of communication in the context of this question and its related

subparts.  Therefore this will count as one interrogatory.

> Pl Interrogatory No. 8. DESCRIBE all instances of communication that occurred on any AFRA WEB SITE described in Interrogatory no. 4, where the subject of the communication was any reference or inference to any report having been made about the plaintiff to any criminal, administrative or regulatory government agency, including identifying the author of the communication, the method of the communication, the communication audience and any official or unofficial act taken by AFRA in response to each identified communication.

The court deems this to be one interrogatory with the topic "communications to AFRA

through any of its web sites concerning reports made against Plaintiff" to any of the listed

agencies.  Again, the interrogatory concerns communications to AFRA – through which of its

web sites the communication was transmitted is only the means of conveying the

communication.  Therefore, this will count as one interrogatory.

> Pl. Interrogatory No. 9. DESCRIBE all instances of communication that occurred on any AFRA WEB SITE described in Interrogatory no. 4, where the subject of that communication was the mental health or mental or emotional state of the plaintiff, including identifying the author of the communication, the method of the communication, the communication audience and any official or unofficial act taken by AFRA in response to each identified communication.

The court deems this to be one interrogatory for the same reasons as expressed in

response to Interrogatories 7 and 8.

> Pl. Interrogatory No. 12. DESCRIBE in detail the procedures AFRA created and implemented to prevent copyright infringement from being committed on AFRA WEB SITES described in Interrogatory no. 4.

The court deems this to be one interrogatory which may be responded to on behalf of all AFRA web sites since it is asking for a general AFRA policy or rule applicable in a general sense to all web sites.  Therefore, it will be counted as one interrogatory.

Finally, as to the Requests for Production of Documents, those requests will be counted the same way as the interrogatories to which the requests relate for purposes of counting toward discovery limitations.

**B.**   ***"Plaintiff's Rule 26(c) Motion for Protective Order as to Defendant AFRA"***
***[Doc. No. 820]***

The court has reviewed the discovery requests submitted to Plaintiff from AFRA with respect to Doc. No. 820 and makes the following findings with respect to Fed. R. Civ. P. 33(a)(1) which directs that subparts of questions will be treated as separate interrogatories and I conclude as follows.

> Deft. AFRA Interrogatory No. 11. For each seminar listed in your response to
> Interrogatory No. 3, please detail:
> a. The number of attendees
> b. The sponsoring person or organization(s)
> c. The amount of money spent by YOU OR ANYONE ACTING ON YOUR
> BEHALF on the seminar, including (but not limited to) travel, lodging, materials,
> and promotion
> d. The amount of money YOU OR ANYONE ACTING ON YOUR BEHALF
> received in conjunction with the seminar, and from whom that money was
> received

The court deems this to be one interrogatory as all the subparts are related to the topic of "composition of seminars conducted by Plaintiff, including their net profitability."  However, the interrogatory must be directed separately to each of the seminars which were identified by the Plaintiff (or whatever portion of the seminars about which Defendant AFRA seeks further

information).  Therefore, the court will either strike this interrogatory with permission to again

interpose interrogatories directed to any particular seminar at the discretion of the Plaintiff or

will consider this to constitute twenty-five[1] interrogatories.  If the plaintiff elects to have the

interrogatory stricken, the stricken interrogatory will not count against Defendant AFRA's

numerical limits on discovery.  The Defendant AFRA will notify Plaintiff of its election within

five days of this Order.

> Deft. AFRA Interrogatory No. 12. Please IDENTIFY all DOCUMENTS which you believe were impermissively [sic] copied by AFRA, including evidence of your copyright for each DOCUMENT.

The court deems this to be one interrogatory directed at the identity of specific

documents as to which Plaintiff is claiming copyright infringement.  Therefore, it will be

counted as one interrogatory.

> 13. Please IDENTIFY all DOCUMENTS evidencing that AFRA had possession of or published your trade secrets, or any portion thereof.

The court deems this to be two interrogatories.  Topic number one is "AFRA's

possession of Plaintiff's trade secrets" and specifically in this case, the interrogatory requests

identification of documents which are evidence supporting that AFRA actually possessed

Plaintiff's trade secrets.  Topic number two is "AFRA's publication of Plaintiff's trade secrets,"

---

[1] Plaintiff represented in the Mot.P.O. that she had identified twenty-five seminars.  If that number is incorrect, the parties should consider the number of interrogatories contained in this request to be the actual number of separate seminars actually identified by the plaintiff in her responses to Interrogatory No. 3.

requesting identification of documents which are evidence supporting the contention that AFRA published Plaintiff's trade secrets.

As to the Request for Production of Documents, that request will be counted the same way as the interrogatories to which the request relates for purposes of counting toward discovery limitations.  Therefore, as to interrogatories number 12 and 13, there are three requests for production of documents.  The request as to interrogatory number 11 will be counted in accordance with Defendant AFRA's election.

Therefore, it is **ORDERED**

"Plaintiff's Motion to Compel Defendant AFRA to Respond to Plaintiff's Discovery Requests" [Doc. No. 813] is **DENIED** as premature; and

"Plaintiff's Rule 26(c) Motion for Protective Order as to Defendant AFRA" [Doc. No. 820] is **DENIED** as moot.

It is further **ORDERED**

Each party will respond to the propounded discovery, as limited and more precisely defined in this order, in accordance with the deadlines in place had the two motions which are the subject of this order not been filed.  Pursuant to Fed. R. Civ. P. 33(b)(2), each party's responses shall be due no later than 30 days after the party was served with the <u>original</u> discovery requests.

9

As to any newly revised requests submitted pursuant to this order, the responses shall be due within 30 days of the date those newly revised interrogatories are served.

Dated this 30th day of August, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge