IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00309-MSK-KMT

SUZANNE SHELL,

    Plaintiff,

v.

LEONARD HENDERSON,
FAMILIES AT RISK DEFENSE ALLIANCE,
FRANCINE RENEE CYGAN,
MARK CYGAN,
ILLINOIS FAMILY ADVOCACY COALITION,
GEORGIA FAMILY RIGHTS, INC.,
NATIONAL ASSOCIATION OF FAMILY ADVOCATES,
CONNECTICUT DCF WATCH,
BRENDA SWALLOW, and
RANDALL BLAIR,

    Defendants.

## ORDER

This matter is before the court on "Plaintiff's Renewed Motion for Protective Order Pursuant to D.C.COLO.L.CivR 30.3 as to Defendant Blair" [Doc. No. 864] filed October 2, 2012.

Plaintiff seeks to take a lawful deposition of Defendant Randall Blair. In spite of Mr. Blair seeing numerous other defendants in this case move the court for dismissal of the case for lack of personal jurisdiction and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) or

for judgment on the pleadings pursuant to Rule 12(c), Defendant Blair has deliberately failed to avail himself of these remedies. Therefore, the court must conclude that Mr. Blair is waiving these defenses to the case and intends to participate fully.

The Plaintiff is therefore entitled to pursue a deposition of Mr. Blair within the confines of the court's restrictions set forth at the August 15, 2012, hearing.[1] As a party, Mr. Blair must make himself available for deposition within the discovery period and is not entitled to be compensated in any manner for his time. The costs of the deposition, including the court reporter and costs for the reservation of a room, are to be borne by the person seeking to take the deposition. Mr. Blair, as a participating defendant, is not entitled to any fees or other compensation for his time or for any lost time from work.

**Therefore, on or before October 16, 2012, Defendant Blair will provide to the plaintiff three dates between October 19, 2012 and the close of discovery, November 19, 2012, where he will make himself available for a period of 7 hours[2] to have his deposition in**

---

[1] The court allowed the parties to conduct depositions by remote means pursuant to Fed. R. Civ. P. 30(b)(4). The hostility and rancor exhibited by all the *pro se* remaining litigants in this case renders it unreasonable, if not downright dangerous, to conduct face-to-face, in person depositions. Further, the parties for most of their association have dealt with each other only via internet and internet chat groups and the court, therefore, believes that any insistence on an in person deposition at this time is solely to annoy, embarrass or oppress the deponent and is unwarranted.

[2] Fed. R. Civ. P. 30(d)(1) provides "a deposition is limited to 1 day of 7 hours." Rule 30(d)(3) state "At any time <u>during a deposition </u>the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Such a motion can be made orally by contacted the court via telephone during the deposition.

**this case taken.** The dates provided shall be on regular business days, not on a weekend or a holiday.

After receiving the dates, the plaintiff may issue proper notice pursuant to Fed. R. Civ. P. 30(b)(1) to Mr. Blair of the date upon which Plaintiff will have made arrangements to take the deposition. If proper and timely notice is given and the date selected by Plaintiff is one of the three dates provided by Mr. Blair, Mr. Blair is ordered to present himself at the location and at the specified time to have his deposition taken.

To the extent Plaintiff's motion seeks to modify the court order restricting depositions to remote means, the motion is denied. Plaintiff would be required to provide the services of a person designated under Rule 28, authorized to administer oaths and record the proceedings verbatim in any event, whether remotely or in person. (See Fed. R. Civ. P. 30(b)(5).) Further, the court did not require that plaintiff take a video deposition; in fact, this seems wasteful to the court in light of Plaintiff's dealings with the remaining defendants solely via the internet for many years. Plaintiff may take the deposition by any means authorized by Rule 30(b)(4) and the remainder of the applicable Rules.

Although Defendant is proceeding in this case without an attorney, he bears the responsibility of complying with Court Orders and cooperating with Plaintiff in discovery. The Federal Rules of Civil Procedure give a district court ample tools to deal with recalcitrant litigants. *See Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir. 1993). Rule 37(b)(2) permits the court to enter judgment by default when a party fails to obey an order to provide or permit discovery. See *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir.1992). A judgment

entered by default can be collected like any other judgment, including attachment of property and garnishment of income.

The defendant is specifically advised that "[b]ecause dismissal with prejudice 'defeats altogether a litigant's right to access to the courts,' it should be used as a 'weapon of last, rather than first, resort.'" *Meade v. Grubbs*, 841 F.2d 1512, 1520 n.6 (10th Cir.1988). A trial court considering Rule 37 sanctions "should ordinarily" consider various criteria "on the record" prior to entering default judgment. *Ehrenhaus*, 965 F.2d at 921. These criteria include: "(1) the degree of actual prejudice to the [plaintiff]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id*. (internal citations omitted).

The court considers this fair warning to Mr. Blair that regardless of how he feels about the litigation, given his apparent willingness to stay in the case without filing any defensive motions, the court will enter sanctions against him, up to and including a recommendation for default judgment, if he fails to participate as directed by the court in Plaintiff's lawful right to take his deposition under the conditions authorized by the court.

Therefore, for the foregoing reasons, it is

**ORDERED** that "Plaintiff's Renewed Motion for Protective Order Pursuant to D.C.COLO.L.CivR 30.3 as to Defendant Blair" [Doc. No. 864] is GRANTED in part and DENIED in part, consistent with this Order.

Dated this 5th day of October, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge