IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00309-MSK-KMT

SUZANNE SHELL,

    Plaintiff,

v.

LEONARD HENDERSON,
FAMILIES AT RISK DEFENSE ALLIANCE,
FRANCINE RENEE CYGAN,
MARK CYGAN,
ILLINOIS FAMILY ADVOCACY COALITION,
GEORGIA FAMILY RIGHTS, INC.,
NATIONAL ASSOCIATION OF FAMILY ADVOCATES,
CONNECTICUT DCF WATCH,
BRENDA SWALLOW, and
RANDALL BLAIR,

    Defendants.

## ORDER

This matter is before the court on "Plaintiff's Partially Unopposed Motion to Amend the Scheduling Order Pursuant to Fed. R. Civ. P. 16(b)(4)" [Doc. No. 883] ("Mot.") and Defendant Randall Blair's response [Doc. No. 886] ("Resp.").

On October 5, 2012, the court ordered Defendant Randall Blair to "provide to the plaintiff three dates between October 19, 2012 and the close of discovery, November 19, 2012, where he will make himself available for a period of 7 hours to have his deposition in this case

taken." [Doc. No. 868 at 2.] It is undisputed that Defendant Blair obeyed the court order and provided three dates as required. Plaintiff states, however, "Defendant Blair did provide deposition dates pursuant to the court order, but they occur within the first weeks after my hospitalization, and I will not be able to conduct the deposition." (Mot. ¶ 13.) Plaintiff's period of hospitalization is scheduled to begin on October 29, 2012 and carries with it a six week recuperation period. (Mot. ¶ 5.) Mr. Blair states, "Defendant Blair emailed [Plaintiff] on 13 OCT 2012 the following one line message: 'I am available on the 22nd, 24th, and 26th of October for deposition.' " (Resp. ¶ 2.) Neither party produced the actual email sent by Mr. Blair but obviously "the 22nd, 24th and 26th of October" are not within the first weeks <u>after</u> Plaintiff's hospitalization.

The court intends to take up the issue of the discovery extension at the hearing on October 23, 2012; however given the limited availability of Mr. Blair and Plaintiff's anticipated lengthy recuperation period, addressing the issue of Mr. Blair's deposition is time sensitive.

It is therefore **ORDERED**

1.     To the extent the three dates provided by Mr. Blair to Ms. Shell wherein he would be available for a deposition lasting up to seven hours were October 22, 24 or 26, 2012, Mr. Blair has fully complied with the court's order and Ms. Shell shall pick one of the three dates and conduct the deposition she requested. Failure to take the deposition on one of the three provided dates, all of which occur prior to her hospitalization, may result in Plaintiff being foreclosed from taking Mr. Blair's deposition at a later time.

2.	To the extent any one of the three dates provided by Mr. Blair to Ms. Shell was a date on or after October 29, 2012, as Plaintiff alleges, the court will address the possibility of a January 2013 deposition of Mr. Blair in connection with Plaintiff's motion to extend the discovery cut off date at the hearing on October 23, 2012.

3.	The remaining issues concerning "Plaintiff's Partially Unopposed Motion to Amend the Scheduling Order Pursuant to Fed. R. Civ. P. 16(b)(4)" [Doc. No. 883] are held in abeyance to be addressed at the hearing on October 23, 2012 at 1:30 p.m.

Dated this 16th day of October, 2012.

BY THE COURT:

*[signature]*

Kathleen M Tafoya
United States Magistrate Judge