# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
## Magistrate Judge Kathleen M. Tafoya

| | |
|---|---|
| **Civil Action No.** 09-cv-00309-MSK-KMT | FTR - Courtroom C-201 |
| **Date:** October 23, 2012 | Deputy Clerk, Nick Richards |

| | |
|---|---|
| SUZANNE SHELL, | Pro Se |
|     Plaintiff, | |
| v. | |
| LEONARD HENDERSON, | Pro Se |
| FAMILIES AT RISK DEFENSE ALLIANCE, | |
| FRANCINE RENEE CYGAN, | |
| MARK CYGAN, | |
| ILLINOIS FAMILY ADVOCACY COALITION, | |
| GEORGIA FAMILY RIGHTS, INC., | |
| NATIONAL ASSOCIATION OF FAMILY ADVOCATES, | |
| CONNECTICUT DCF WATCH, | |
| BRENDA SWALLOW, and | Pro Se |
| RANDALL BLAIR, | Pro Se |
|     Defendants. | |

## COURTROOM MINUTES / MINUTE ORDER

**MOTION HEARING**
**Court in session: 1:27 p.m.**
Court calls case.  Appearances of counsel. Defendants Leonard Henderson, Brenda Swallow, and Randall Blair appear via telephone.

Motion Hearing is called regarding Plaintiff's Motion for Sanctions Against Defendants Swallow and Blair for Failure to Obey Court Orders [726 and 789] [Doc. No. 810, filed August 28, 2012], Defendant Brenda Swallow's Motion for Sanctions and Protective Order Against Plaintiff Due to Her Motion for Sanctions (Doc #810) [Doc. No. 827, filed September 4, 2012], Plaintiff's Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c) as to Defendant Swallow [Doc. No. 839, filed September 11, 2012], Defendant Brenda Swallow's Motion to Compel Production of Documents and Interrogatories and Response to Plaintiff's Motion for Protective Order (Doc #839) [Doc. No. 846, filed September 17, 2012], Plaintiff's Second Motion to Compel Defendant Swallow to Respond to Discovery Request [Doc. No. 852, filed September 23, 2012], Plaintiff's

Second Motion to Compel Defendant Blair and Respond to Discovery Request [Doc. No. 853, September 23, 2012], Plaintiff's Third Motion to Compel Defendant Blair to Respond to Discovery Request and for Other Relief [Doc. No. 863, filed October 2, 2012], Henderson Motion to Clarify [Doc. No. 870, filed October 5, 2012], Henderson Motion to Clarify [Doc. No. 871, filed October 4, 2012], Defendant Brenda Swallow's Second Motion to Compel Production of Documents and Interrogatories [Doc. No. 882, filed October 12, 2012], Plaintiff's Partially Unopposed Motion to Amend the Scheduling Order Pursuant to Fed. R. Civ. P. 16(b)(4) [Doc. No. 883, October 14, 2012], Defendant Brenda Swallow's Motion for Protective Order [Doc. No. 890, filed October 17, 2012], and Plaintiff's Objection to the Court's Order [888] [Doc. No. 896, filed October 19, 2012].

The court receives a note from Steven A. Foley, M.D. The document will be held under Restriction - Level 3.

Oral argument from Plaintiff.
Oral argument from Defendant's.

It is **ORDERED**:    Plaintiff's Partially Unopposed Motion to Amend [883] is **GRANTED**.

The discovery cut-off deadline of November 19, 2012 and the dispositive motion deadline of December 18, 2012 are **VACATED** and reset to the following dates:

Discovery cut-off: January 31, 2013
Dispositive motion deadline: February 28, 2013

Any motion that would require a response or reply between October 29, 2012 and December 17, 2012 will not be filed, and the matter is **STAYED** during this time period. The parties will resume counting days to file responses or replies and may resume filings after December 17, 2012.

It is **ORDERED**:    Plaintiff's Objection [896] is **GRANTED**. The Court will reconsider Order [Doc. No. 888, filed October 16, 2012]. Plaintiff shall be allowed to take the deposition of Defendant Blair on any one of three days in January, 2013 which Mr. Blair advises he will be available.

Defendant Blair states on the record he will be available for his deposition January 2, 3, and 4, 2013.

It is **ORDERED**: Defendant's Second Motion to Compel Defendant Blair [853] is **DENIED AS MOOT**.

It is **ORDERED**: Henderson Motion to Clarify [871] is **STRICKEN** from the record with the defendant's agreement that it was filed in error. Henderson's Motion to Clarify [870] will remain as the complete document and will be deemed a Motion for Reconsideration of Opinion and Order Granting and Denying Motions to Dismiss and Related Motions and Order to Show Cause [Doc. No. 861, filed September 28, 2012]. Document 870 will remain pending at this time.

It is **ORDERED**: Plaintiff's Motion for Sanctions [810] is **DENIED** except as follows: Defendant Swallow shall submit notarized responses as to ALL DISCOVERY to Plaintiff on or before October 29, 2012.  Defendant Blair shall supplement his work history from 2003 to February 13, 2009 and submit to Plaintiff on or before October 29, 2012.

The Court reminds all parties to abide by Federal Civil Judicial Procedure and Rules or sanctions may be awarded in the future.

It is **ORDERED**: Defendant's are precluded from using any information that would be deemed **CONFIDENTIAL** against Plaintiff and may not use that information for any purpose other than this litigation. The parties are reminded of the Protective Order filed in this matter, and the Court will mail the Protective Order to all parties.

It is **ORDERED**: Defendant Brenda Swallow's Motion for Sanctions and Protective Order [827] is **DENIED** as stated on the record.

It is **ORDERED**: Defendant Brenda Swallow's Motion for Protective Order [890] is **DENIED** as stated on the record.

It is **ORDERED**: The responsibility of the parties to confer before filing a motion in accordance with D.C.COLO.LCivR 7.1(A) is **hereby suspended** as useless and counterproductive because such conferral process is creating undue hardship amongst the parties.  Should discovery issues continue to arise, the parties may file a motion as they deem appropriate and as is otherwise compliant with the Federal Rules of Civil Procedure and the court's Local Rules without prior conferral.

It is **ORDERED**:   Plaintiff's Motion for Protective Order [839], Defendant Brenda Swallow's Motion to Compel [846], and Defendant Brenda Swallow's Second Motion to Compel [882] are **GRANTED IN PART AND DENIED IN PART**.

Plaintiff shall respond to the fourteen Interrogatories submitted by Defendant Swallow, as broken out by the Court, and the three Requests for Production on or before October 29, 2012.

Defendant Swallow's Interrogatory No. 13 shall be the same question asked with respect to James Filenbaum, but substituting Kay Henson in place of James Filenbaum and will be in reference to Ms. Henson's legal status, conduction, health, and financial transactions.  Interrogatory No. 14 shall do the same, substituting the named legal entities or person(s) for Filenbaum as was done with Kay Henson.

The motions are all **DENIED** as to sanctions.

It is **ORDERED**:   Plaintiff's Second Motion to Compel [852] is **DENIED WITHOUT PREJUDICE** as stated on the record. Plaintiff shall resend her set of interrogatories to Defendant Swallow. Defendant Swallow will answer the interrogatories and submit to Plaintiff on or before October 29, 2012.  The court agrees that this quick submission may be done without notarization at this time.  Defendant Swallow is required, however, to have her answers notarized and re-submitted to the Plaintiff on or before December 17, 2012. A copy of Plaintiff's Second Motion to Compel [852] will be mailed to Defendant Swallow by the Court since she did not receive it.

Discussion regarding responses to Requests for Admissions, spoliation of documents, and the use of profanity in filings.

It is **ORDERED**:   Plaintiff's Third Motion to Compel [863] is **GRANTED IN PART AND DENIED IN PART** as stated on the record.

It is **ORDERED**:   on December 17, 2012, Defendant Swallow shall provide three days to Plaintiff when she will be available for a deposition during the month of January, 2013. The dates may not be during the week of January 2-4, 2013.

It is **ORDERED**:     Plaintiff shall file a motion on or before December 21, 2012 stating her position on whether the court reporter, on a deposition taken remotely, may physically be present with Plaintiff rather than physically present with the deponent.

**Court in Recess: 4:27 p.m.**
Hearing concluded.
Total In-Court Time     03:00

*To obtain a transcript of this proceeding, please contact Avery Woods Reporting at (303) 825-6119.