### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
### Magistrate Judge Kathleen M. Tafoya

| | |
|---|---|
| **Civil Action No.** 09-cv-00309-MSK-KMT | FTR - Courtroom C-201 |
| **Date:** February 12, 2013 | Deputy Clerk, Nick Richards |

| | |
|---|---|
| SUZANNE SHELL, | Pro Se |
|      Plaintiff, | |
| v. | |
| LEONARD HENDERSON, | Pro Se |
| FAMILIES AT RISK DEFENSE ALLIANCE, | |
| FRANCINE RENEE CYGAN, | |
| ILLINOIS FAMILY ADVOCACY COALITION, | |
| GEORGIA FAMILY RIGHTS, INC., | |
| NATIONAL ASSOCIATION OF FAMILY ADVOCATES, | |
| CONNECTICUT DCF WATCH, | |
| BRENDA SWALLOW, and | Pro Se |
| RANDALL BLAIR, | Pro Se |
|      Defendants. | |

### COURTROOM MINUTES / MINUTE ORDER

**MOTION HEARING**
**Court in session: 1:27 p.m.**
Court calls case. Appearances of counsel. Defendants Henderson, Swallow, and Blair all appear via telephone.

Motion Hearing called regarding Defendant Brenda Swallow's Motion to Compel Discovery Responses [Doc. No. 913, filed October 30, 2012], Plaintiff's Second Motion for Sanctions Against Defendant Blair for Failure to Obey Court Order [910] [Doc. No. 917, filed December 16, 2012], Plaintiff's Second Motion for Sanctions Against Defendant Swallow for Failure to Obey Court Order [910] [Doc. No. 918, filed December 16, 2012], Plaintiff's Motion Stating Position Regarding Remote Depositions Pursuant to Court Order [910] [Doc. No. 935, filed December 21, 2012], Plaintiff's Third Motion for Protective Order as to Defendant Blair for Deposition Abuse Pursuant to D.C.Colo.L.CivR 30.3 and Fourth Motion for Sanctions [Doc. No. 940, filed January 3, 2013], Emergency Motion for Protective Order and Clarification [Doc. No. 942, filed January 7, 2013], Plaintiff's Third Motion to Compel Defendant Swallow to Respond to

Discovery Requests and Motion to Deem Matters as Admitted and for Other Relief [Doc. No. 950, filed January 7, 2013], Plaintiff's Fourth Motion to Compel, Defendant Blair to Respond to Discovery Requests and Motion to Deem Matters as Admitted and for Other Relief [Doc. No. 951, filed January 7, 2013], Plaintiff's Second Motion to Compel Henderson to Respond to Discovery Request, for Sanctions and to Deem Matters Admitted [Doc. No. 1001, filed January 20, 2013], Plaintiff's Motion for Sanctions or in the Alternative Motion to Compel [Doc. No. 1002, filed January 20, 2013], Plaintiff's 8th Motion for Sanctions Against Defendant Swallow for Violation of the Court Order [910] and for Her Subsequent Failure to Appear at the Scheduled Deposition, or in the alternative Motion to Compel and Renewed Motion to Appoint a Special Master, and Motion for Protective Order Pursuant to D.C.Colo.L.CivR 7.2 [Doc. No. 1006, filed January 24, 2013], Plaintiff's Third Motion for Sanctions or in the Alternative, Third Motion to Compel Defendant Henderson [Doc. No. 1007, January 24, 2013], Plaintiff's Verified Motion to Hold Defendant Blair's Motion [993] In Abeyance or in the Alternative Motion to Suspend Briefing on Defendant Blair's Motion or in the Alternative to Defer Ruling on Defendant Blair's Motion Pursuant to Fed. R. Civ. P. 56(d) [Doc. No. 1026, filed January 25, 2013], and Defendant Brenda Swallow's Resubmitted Motion for the Court to Sanction Plaintiff for Obstructing Discovery [Doc. No. 1045, filed February 6, 2013].

It is **ORDERED**:   Plaintiff's Motion Stating Position Regarding Remote Depositions Pursuant to Court Order [910] [935] is **DENIED** as stated on the record.

It is **ORDERED**:   Plaintiff's Motion for Sanctions or in the Alternative Motion to Compel [1002] is **DENIED** as stated on the record.

It is **ORDERED**:   Plaintiff's Second Motion to Compel Henderson to Respond to Discovery Request, for Sanctions and to Deem Matters Admitted [1001] is **GRANTED IN PART AND DENIED IN PART** as stated on the record.

The motion is **GRANTED** as to Request for Production Nos. 10, 12, and 13. The request is granted to the extent Request for Production No. 10 is made again and Defendant Henderson has produced all documents that would be responsive to the request. Defendant Henderson must supplement Request Nos. 12 and 13 with any relevant documents on or before February 26, 2013.

As to Request for Admission Nos. 9, 10, 11, 12, 13, and 14, Defendant Henderson neither admitted nor denied those requests. Defendant Henderson is allowed to amend his responses as either admitted or denied as to the above requests on or before February 26, 2013.

>    The motion is **DENIED** as to Interrogatory Nos. 9, 11, 12, 13, 14, 15, 16, 17, 18, 19, 26, and 27, Request for Production of Documents Nos. 8, 15, 16, 17, 18, 19, and 20, and Requests for Admission Nos. 15, 16, 17, and 18.
>
>    Interrogatory Nos. 9, 12, 13, 14, 17, 19, 26, and 27 are denied as moot.
>
>    The motion is **DENIED** as to sanctions and to answers being deemed admitted.

It is **ORDERED**: Plaintiff's Third Motion for Sanctions or in the Alternative, Third Motion to Compel Defendant Henderson [1007] is **GRANTED IN PART AND DENIED IN PART**. The deposition of Defendant Henderson will be held during the week of March 4, 2013 and will begin at 10:00 a.m. Mountain Standard Time. Plaintiff shall give a Notice of Deposition to Defendant Henderson. The day before the deposition, Plaintiff and Defendant Henderson shall attempt to connect via Skype to ensure their Skype connection is operable.

>    The motion is **DENIED** as to sanctions.

**Court in Recess: 3:25 p.m.**
**Court in Session: 3:37 p.m.**

The Court accepts Mr. Blair's resume is sworn to under oath, and Plaintiff now has a sworn copy of Mr. Blair's resume.

It is **ORDERED**: Plaintiff's Second Motion for Sanctions Against Defendant Blair for Failure to Obey Court Order [910] [917] is **GRANTED IN PART AND DENIED IN PART** as stated on the record.

It is **ORDERED**: Plaintiff's Third Motion for Protective Order as to Defendant Blair for Deposition Abuse Pursuant to D.C.Colo.L.CivR 30.3 and Fourth Motion for Sanctions [940] is **DENIED** as stated on the record.

>    The Court notes Plaintiff's objection for the record.

It is **ORDERED**: Plaintiff's Fourth Motion to Compel, Defendant Blair to Respond to Discovery Requests and Motion to Deem Matters as Admitted and for Other Relief [951] is **GRANTED IN PART AND DENIED IN PART** as stated on the record.

>    The motion is **GRANTED** as to Plaintiff's Fourth Set of

        Interrogatories, Requests for Production of Documents and Requests for Admission to Defendant Blair [Doc. No. 951-3, filed January 7, 2013]. Defendant Blair shall respond to the Plaintiff's Fourth Set on or before February 26, 2013.

        The Court accepts Defendant Blair's oath in Response to 951 [Doc. No. 1040, filed February 5, 2013], paragraphs 1-8, are deemed admitted.

        As to Plaintiff's Second Request for Admission to Defendant Blair [Doc. No. 951-2, filed January 7, 2013], Defendant Blair admits to Request No. 3 in full.

        The Court **STRIKES** Request No. 7, and Request No. 8 is **DENIED**.

        The motion is **DENIED** as to deeming matters admitted and other relief as stated on the record.

It is **ORDERED**: Plaintiff's Verified Motion to Hold Defendant Blair's Motion [993] In Abeyance or in the Alternative Motion to Suspend Briefing on Defendant Blair's Motion or in the Alternative to Defer Ruling on Defendant Blair's Motion Pursuant to Fed. R. Civ. P. 56(d) [1026] is **GRANTED IN PART AND DENIED IN PART** as stated on the record.

        Plaintiff may respond to Defendant Blair's Motion to Dismiss and/or for Summary Judgment [Doc. No. 993, filed January 15, 2013] on or before March 19, 2013.

It is **ORDERED**: The Discovery Cutoff is extended in this matter as to the factual basis for affirmative defense of each Defendant. Plaintiff is allowed to submit four more interrogatories, and discovery responses as to affirmative defenses ONLY on or before February 18, 2013. Defendants shall respond on or before March 8, 2013.

        The deposition of Defendant Henderson shall remain scheduled for the week of March 4, 2013

It is **ORDERED**: Defendant Brenda Swallow's Motion to Compel Discovery Responses [913] and Defendant Brenda Swallow's Resubmitted Motion for the Court to Sanction Plaintiff for Obstructing Discovery [1045] are **GRANTED IN PART AND DENIED IN PART** as stated on the record.

Plaintiff shall submit unredacted discovery material to Defendants on or before February 18, 2013.

It is **ORDERED**: Plaintiff's Second Motion for Sanctions Against Defendant Swallow for Failure to Obey Court Order [910] [918] is **GRANTED IN PART AND DENIED IN PART** as stated on the record. The Court accepts Defendant Swallow's oath to her responses to Document Nos. 918-1, 918-2, 918-3, and 918-4 that the responses are true and correct to the best of her information and belief and understands if that she will be held to those answers under penalty of perjury.

It is **ORDERED**: Plaintiff's Third Motion to Compel Defendant Swallow to Respond to Discovery Requests and Motion to Deem Matters as Admitted and for Other Relief [950] is **GRANTED IN PART AND DENIED IN PART** as stated on the record. Defendant Swallow shall re-submit her responses to Plaintiff on or before February 22, 2013.

It is **ORDERED**: Emergency Motion for Protective Order and Clarification [942] is **DENIED** as stated on the record.

it is **ORDERED**: Plaintiff's 8th Motion for Sanctions Against Defendant Swallow for Violation of the Court Order [910] and for Her Subsequent Failure to Appear at the Scheduled Deposition, or in the alternative Motion to Compel and Renewed Motion to Appoint a Special Master, and Motion for Protective Order Pursuant to D.C.Colo.L.CivR 7.2 [1006] is **GRANTED IN PART AND DENIED IN PART** as stated on the record.

The deposition of Defendant Swallow will be set for March 13, 2013 at a time agreeable to the parties. If a court reporter and a room at the courthouse in Crestview, Florida are available, Defendant Swallow will share that information with Plaintiff. Defendant Swallow agrees to pay any additional costs associated with taking the deposition in Crestview upon notification to Plaintiff.

The motion is **DENIED** as to sanctions.

It is **ORDERED**: Any discovery request propounded by any party subsequent to December 28, 2012 is late and does NOT require a response.

**Court in Recess: 5:49 p.m.**
Hearing concluded.
Total In-Court Time    04:10

*To obtain a transcript of this proceeding, please contact Avery Woods Reporting at (303) 825-6119.