IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00309-MSK-KMT

SUZANNE SHELL,

    Plaintiff,

v.

LEONARD HENDERSON,
FAMILIES AT RISK DEFENSE ALLIANCE,
FRANCINE RENEE CYGAN,
ILLINOIS FAMILY ADVOCACY COALITION,
GEORGIA FAMILY RIGHTS, INC.,
NATIONAL ASSOCIATION OF FAMILY ADVOCATES,
CONNECTICUT DCF WATCH,
BRENDA SWALLOW, and
RANDALL BLAIR,

    Defendants.

**ORDER**

This matter is before the court on Defendant Swallow's Emergency Motion for Protective Order from Harassment and Clarification in Scheduling Depositions." [Doc. No. 1061, filed February 20, 2013.] Ms. Swallow seeks protection from appearance at a deposition currently scheduled for March 13, 2013 in Pensacola, Florida which is approximately 53 miles from Defendant Swallow's home. Ms. Swallow claims that she has provided Plaintiff with information concerning a court reporter service in Crestview, Florida, a location closer to her

home, which Ms. Swallow claims will cost, at most, only a nominal amount more to conduct the deposition. Ms. Swallow indicated she is willing to pay $140.00 of the reporter fees as a contribution for any reasonable increase in fees in order to schedule the deposition in Crestview instead of Pensacola.

Upon receipt of the Motion the court entered a Minute Order stating, in part

**Plaintiff and Defendant Swallow each shall attach as an exhibit to her response/supplement, a written statement from a court reporter of her choosing outlining the costs for deposition services and/or a written fee schedule from a court report[er] of her choosing.**

The court intended to compare the fee schedules and rule accordingly given Ms. Swallow's willingness to pay a reasonable amount of increase in fees to save her from the approximately fifty minutes of automobile travel to Pensacola for her deposition. As has come to be expected, however, neither Plaintiff nor Defendant Swallow followed the court's orders to submit a written fee schedule from the court reporter of their choosing. Ms. Shell filed her response on February 25, 2013 [Doc. No. 1071] within which she included a ten seconds long voice recording purporting to be to Ms. Shell from the Crestview court reporters in which a female was heard to say that the fee for taking a deposition via Skype was the same as for a video conference, $100.00 per hour. Ms. Shell also included her own sworn affidavit stating her position regarding the difference in fees between the Pensacola and Crestview court reporters, which was considerably more than $140.00.

Ms. Swallow, in her Reply filed February 27, 2013, [Doc. No. 1082] attached nothing confirming any costs for the court reporter of her choosing, but instead focused on the usual

acrimonious email exchanges between the parties which accomplishes nothing and wastes the court's time.

The court, therefore, is left with nothing to truly compare. Depositions of witnesses, of course, most commonly can expect to have their depositions taken in reasonable proximity to where they reside. *See, In re A. H. Robins Co., Inc.*, 438 F. Supp. 942, 944 (Jud. Pan. Mult. Lit. 1977). Ms. Swallow is not merely a witness but also a party. This court finds that 53 miles is in "proximity" to Ms. Swallow's residence, particularly in light of the ample evidence that Ms. Swallow is able to travel to far more distant venues, such as Tampa, Florida, when she desires to watch a football game. *See* Fed. R. Civ. P. 45 ( Within100 miles from where a person resides, is employed, or regularly transacts business in person is presumptively in reasonable proximity to location of deposition.) Since Defendant Swallow did not submit evidence that the court reporter in Crestview, Florida would cost either the same amount or a nominal amount more for the services which Plaintiff requires, this court hereby

**ORDERS** that the deposition of Defendant Brenda Swallow **will take place in Pensacola, Florida on March 13, 2013 beginning at 9:00 a.m.**, as noticed by the Plaintiff and will continue day to day until complete or until exhaustion of seven hours *of testimony* (which excludes periods of breaks, lunch and conferences with the court) as determined by the neutral court reporter who administered the oath, whichever comes first. Defendant shall be personally present for the deposition at Pensacola Court Reporting, 220 West Garden St., Suite. 801,Pensacola, Florida 32502, which this court finds to be a neutral location. The deposition will be taken before an officer duly authorized by law to take depositions, will be

stenographically recorded, video recorded and will be conducted remotely via Skype or similar remote service.

All costs of the deposition of Ms. Swallow will be borne in full by the Plaintiff, however no costs for the travel associated with Ms. Swallow's transport between her home and Pensacola, Florida will be assessed. Ms. Swallow is a defendant in this case and will bear her own costs of travel to the neutral location as set forth above, especially in light of the fact she was given the full opportunity to establish that the deposition could proceed at a location more convenient to her without significant costs to the Plaintiff, but failed to do so.

Failure by Defendant Swallow to appear personally at the location and on the date and time noticed for her deposition without specific court authorization will result in this court, among other sanctions, awarding all costs associated with setting up the deposition and reserving a location, including any appearance fees for the court reporter and the time spent by Plaintiff, to Plaintiff. Such an award could be reduced to a judgment and levied against Defendant Swallow's assets if not otherwise timely remitted to Plaintiff.

It is therefore **ORDERED**

Defendant Swallow's Emergency Motion for Protective Order from Harassment and Clarification in Scheduling Depositions." [Doc. No. 1061] is **DENIED**.

Dated this 28th day of February, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge