IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00309-MSK-KMT

SUZANNE SHELL,

    Plaintiff,

v.

LEONARD HENDERSON,
FAMILIES AT RISK DEFENSE ALLIANCE,
FRANCINE RENEE CYGAN,
ILLINOIS FAMILY ADVOCACY COALITION,
GEORGIA FAMILY RIGHTS, INC.,
NATIONAL ASSOCIATION OF FAMILY ADVOCATES,
CONNECTICUT DCF WATCH,
BRENDA SWALLOW, and
RANDALL BLAIR,

    Defendants.

**ORDER**

This matter is before the court on "Defendant Swallow's Objection to and Motion for Clarification of Discovery Deadlines," [Doc. No. 1074, filed February 25, 2013]. The date for completion of discovery in this case is January 31, 2013. (See October 23, 2012 Minutes of Hearing [Doc. No. 910].) Ms. Swallow requests that this court order Plaintiff to respond to discovery requests which were submitted by Ms. Swallow on January 29, 2013.

The Order of this court setting forth the discovery schedule [Doc. No. 521] provides, "Written Discovery **shall be served** no later than 33 days prior to the discovery cutoff.[1]" *Id*. at 3. (emphasis added.)  Therefore, pursuant to the Federal Rules of Civil Procedure and as specifically directed by the scheduling orders of this court, the last day to submit written discovery to an opposing party was December 29, 2012.[2]  Ms. Swallow's new discovery requests are well outside the allowable time period and therefore Plaintiff is not obligated to respond.

To the extent Ms. Swallow is complaining about discovery she sought pursuant to her motion [Doc. 913], that motion was granted in part on February 12, 2013 and Plaintiff was ordered to provide discovery documents to Ms. Swallow on or before February 18, 2013 even though the official discovery cut off date had passed.

To the extent Ms. Swallow is objecting to the court's ruling that the Plaintiff be allowed very narrowly tailored additional discovery regarding the affirmative defenses asserts by Defendants, if any, the court has already heard arguments on the issue and has ruled.

---

[1] This schedule allows thirty days plus three days for mailing to the responding party, who must be able to answer the discovery on or before the discovery cut off date.

[2] Plaintiff suggested the date was December 28, 2012 at the hearing on February 12, 2013.  (See Minutes, [Doc. No. 1068].)  An exact calculation places the correct date as December 29, 2012.  This difference of one day is irrelevant to the issues raised in this motion.

Therefore, it is **ORDERED**

"Defendant Swallow's Objection to and Motion for Clarification of Discovery Deadlines," [Doc. No. 1074] is **DENIED**.

Dated this 28th day of February, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge