IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00309-MSK-KMT

SUZANNE SHELL,

      Plaintiff,

v.

LEONARD HENDERSON,
FAMILIES AT RISK DEFENSE ALLIANCE,
FRANCINE RENEE CYGAN,
ILLINOIS FAMILY ADVOCACY COALITION,
GEORGIA FAMILY RIGHTS, INC.,
NATIONAL ASSOCIATION OF FAMILY ADVOCATES,
CONNECTICUT DCF WATCH,
BRENDA SWALLOW, and
RANDALL BLAIR,

      Defendants.

---

**ORDER**

---

      This matter is before the court on "Defendant Swallow's Notice to the Court Pertaining to Order of Magistrate Judge (Doc.# 1090)" [Doc. No. 1094, filed March 8, 2013] (hereinafter "Notice").

      The issue presented on appeal to the District Court (see [Doc. No. 1094]) is whether Defendant Swallow should be required to appear for her deposition in Pensacola, Florida, approximately 50 miles from her home location.  Having granted the Defendants' requests that they not be required to appear in Denver, Colorado, for depositions as well as granting their

requests for special arrangements in the nature of remote video conferencing of depositions,

pursuant to Fed. R. Civ. P. 26(c), to "protect a party or person from annoyance, embarrassment,

oppression or undue burden or expense," this court found that Defendant Swallow should be

allowed to appear at the offices of a neutral court reporting service near her home location to

have her deposition taken by Plaintiff.  Plaintiff noticed the deposition for Pensacola, Florida, in

compliance with the court's previous order.  Upon Defendant Swallow's objection to driving to

Pensacola for her deposition, the court allowed her to present evidence that the deposition could

be taken in Crestview, Florida, with no adverse impact on Plaintiff.  In spite of these many

accommodations from the court, Ms. Swallow failed to make the required showing supporting

having her deposition taken in Crestview, and the court ordered that the deposition would

proceed as noticed in Pensacola, Florida.[1]

In the Notice, Defendant Swallow states,

7. The court obviously knows that a question has been raised about the legality of it's (sic) order, at the least the court should have issued a stay on that order on it's (sic) own initiative. The court should be asking itself at this point is a procedural

---

[1] The court does not make any findings or observations with respect to Defendant Swallow's alleged, but unspecified, disability.  However, at the hearing on motions on February 12, 2013, the court confronted Ms. Swallow with the evidence presented by Plaintiff in Doc. No. 949-1, including pictures and editorials Ms. Swallow herself had posted on a social media website about her football trip to Tampa, Florida.  Ms. Swallow acknowledged that she had indeed attended the event and had proceeded to Tampa via automobile, approximately 400 miles from her home, in late-November or early-December 2012 to attend a Tampa Bay Buccaneers football game.  Given the acknowledged fact that Defendant Swallow traveled by car for over six hours to attend an event for her pleasure, it did not appear to the court that there was a substantial hardship in requiring her to travel a little more than 50 miles to attend the deposition in Pensacola.

> question worth the complications associated with "reckless endangerment" is the
> least of the potential questions that might arise from this issue.

(Notice at ¶ 7.)

Defendant Swallow is proceeding *pro se.* Therefore the court must liberally construe her pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Viewed liberally, the court believes it is prudent to consider Ms. Swallow's Notice as a Motion for Stay pursuant to D.C.COLO.LCivR 30.2B ("Any stay of the magistrate judge's order must be sought and obtained separately by motion filed initially with the magistrate judge, . . . .").

When considering a stay of discovery, this court considers: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See String Cheese Incident, LLC v. Stylus Shows, Inc*., No. 02–CV–01934–LTB–PAC, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (*citing FDIC v. Renda*, No. 85–2216–O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)). Considering the relevant factors, a stay of this court's order [Doc. No. 1083] would not be prudent at this time. The Defendant has not supported the motion with good cause. The Defendant has not stated she is unable to attend the deposition, and, of course, the evidence shows otherwise. The discovery period ended on January 31, 2013, with the exception of the Swallow and Henderson depositions and the very limited additional written discovery the court allowed the Plaintiff to propound regarding Defendants' affirmative defenses. Dispositive motions are pending before the District Court. It is in the interests of all the parties to have this final

deposition completed and to end the interminable bickering between the remaining litigants.  The court's docket will certainly benefit by the close of discovery and the orderly progression toward trial or other disposition.

Therefore, it is **ORDERED**

1.      "Defendant Swallow's Notice to the Court Pertaining to Order of Magistrate Judge (Doc.# 1090)" [Doc. No. 1094], is hereby converted to a Motion to Stay directed at the Magistrate Judge pursuant to D.C.COLO.LCivR 30.2(B).

2.      The Motion to Stay  [Doc. No. 1094] is **DENIED**.

Dated this 12th day of March, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

4