IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00309-MSK-KMT

SUZANNE SHELL,

    Plaintiff,

v.

LEONARD HENDERSON,
FAMILIES AT RISK DEFENSE ALLIANCE,
FRANCINE RENEE CYGAN,
ILLINOIS FAMILY ADVOCACY COALITION,
GEORGIA FAMILY RIGHTS, INC.,
NATIONAL ASSOCIATION OF FAMILY ADVOCATES,
CONNECTICUT DCF WATCH,
BRENDA SWALLOW, and
RANDALL BLAIR,

    Defendants.

**ORDER**

This matter is before the court on "Plaintiff's Sixth Motion for Sanctions or in the Alternative, Fifth Motion to Compel and Motion for Extension of Time to Respond to the Defendant's Motion for Summary Judgment" ("Mot.") [Doc. No. 1096] filed March 12, 2013. Defendant Blair responded on March 13, 2013 ("Resp.") [Doc. No. 1101] and filed a Supplemental Response ("Supp.Resp") the same day after reading the court's March 12, 2013 Minute Order [Doc. No. 1102].

Plaintiff seeks sanctions against Defendant Randall Blair because of her allegation that he has failed to adequately respond to her discovery requests entitled "Plaintiff's Fourth Set of Interrogatories, Requests for Production of Documents and Requests for Admission to Defendant Blair" [Doc. No. 951-3]. For the reasons set forth herein, the motion is granted in part and denied in part.

On February 12, 2013, during the motions hearing, this court considered Plaintiff's motion to compel concerning the discovery referenced herein and Blair's lack of response. (Minutes, [Doc. No. 1068].) The court, having received unrebutted evidence that the discovery had not been responded to in any form by Mr. Blair,[1] ordered that he respond to the discovery. His response to the discovery ("Discovery Response") is attached to the Plaintiff's Motion.

### *LEGAL STANDARDS*

The scope of evidence that is subject to discovery under the federal rules is broad:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P 26(b)(1). Within this framework, the Court may limit discovery upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or

---

[1] Mr. Blair contended he had either not received the discovery requests or had inadvertently overlooked them among the morass of written documents in this case.

2

undue burden or expense." Fed. R. Civ. P. 26(c). The court may, among other actions, forbid the disclosure or discovery, specify terms for the disclosure or discovery, forbid inquiry into certain matters, or limit the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1).

All of the remaining four parties in this litigation, including Defendant Blair and the Plaintiff, are proceeding *pro se*. Therefore the court must liberally construe their pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nevertheless the court will not act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### *ANALYSIS and HOLDING*

#### A.  *Plaintiff's Fourth Set of Interrogatories, Requests for Production of Documents and Requests for Admission to Defendant Blair.*

Mr. Blair's discovery responses are not organized in a conventional fashion. Nevertheless, the court has determined that Mr. Blair provided a general objection to questions having to do with a Yahoo! group titled HWPINPROGRESS, stating:

> These Interrogatories are not propounded to promote justice for Suzanne Shell, but to further the unlawful goal of retaliation against those responsible for turning in Suzy Nickel, whom Defendant Blair believed to be a fugitive, to the proper authorities. Ms. Nickel happens to be under Ms. Shell's protection, and giving any further documentation to Ms. Shell could further harm the victims of felonious activities.

(Motion, Ex. 1, [Doc. No. 1096-1] at 2.) Mr. Blair provides evidence in support of this objection with the inclusion of the exhibits to his Response. (Resp., Ex. 1-4.) The court interprets this objection to be based upon Fed. R. Civ. P. 26(b)(1), attacking the relevancy of the discovery

requests and Fed. R. Civ. P. 26(c) claiming that the discovery requests are propounded for an improper purpose.

<u>Interrogatory 16</u> states, "DESCRIBE all aspects of your participation in HWPINPROGRESS Yahoo! group including dates, contributions, collaborations, and topics of discussion relating to the plaintiff her business or her associates."

In his Discovery Response, Defendant Blair states, "HWPINPROGRESS was a yahoo group, owned and operated by Bill Tower." Mr. Blair provided a lengthy response directed at this interrogatory which included Mr. Blair's *pro se* analysis of wiretap law[2] and ultimately stated that an individual named Suzy Nickel was allegedly "eavesdropping" on this Yahoo! group. Defendant Blair states that "members of HWPINPROGRESS reported Ms. Nickel to authorities." He also states that Suzy Nickel apparently was "eavesdropping" from a "website owned and operated by plaintiff known as familyrightsimprovementproject.com."

In support of the propriety of his Discovery Response as it related to the interrogatories concerning HWPINPROGRESS, Mr. Blair attaches emails which were allegedly exchanged between a number of individuals.[3] (See Resp., Ex. 1-4.) The emails do not reflect any involvement by Mr. Blair in the reporting of Suzy Nickel's whereabouts to child protection

---

[2] This court does not agree that the exhibits reflect illegal "wiretapping." However this issue is irrelevant to the determination of this motion and will not be further elaborated on in this order.

[3] It is unclear how Mr. Blair came into possession of the emails; whether they were provided in discovery by Plaintiff or whether Defendant Blair kept them as received during his membership in the HWPINPROGRESS group or from some other source.

authorities, but instead implicate a number of other individuals who are not parties in this case. The sole reference to Mr. Blair in the exhibits appears in a September 5, 2007, email from Ms. Nickel to dismissed Defendant William Tower wherein Nickel wrote

> They use Randy Blair for their "hacking" needs.  He is a computer genius, and Nancy has told me in the past that he is the one they use for these types of things. I was given Nancy's password by Nancy herself when Lynnae was with me...she forgot in all the firestorm that followed, so I have been watching her ever since. (Just in case you think I was the one trying to hack you...I assure you I do not have those kinds of skills)

(Doc. No. 1101-4 at 2.)  Seven minutes later Tower sent an email to Nickel disavowing that any "computer information" was obtained from Defendant Blair, stating "No, I have a good idea who it is and the IP will be providing me with the computer information of where it was coming from."  (*Id.*)

There is no identification of the "they" referenced in Ms. Nickel's email.  However, earlier that same day Ms. Nickel sent an email to Suzanne Shell, Plaintiff, telling Ms. Shell of her intent to contact William Tower and "see what he will tell me" and informed Ms. Shell that she would then "forward it to you."  (*Id.* at 3.)  Persons referenced as Nancy and the Lynnae are mentioned repeatedly in various transmissions throughout the exhibits; however these individuals are not and never have been defendants in this case.

This exchange does not convince the court that there is any relevance to Plaintiff's inquiries about Mr. Blair's involvement in the HWPINPROGRESS Yahoo! group other than that in his role as a member (*see* response to Interrogatory 18), he had knowledge of the swirling dispute over Nickel's status.

The court finds Defendant Blair's response to be adequate.

Interrogatory 17 states, "DESCRIBE the purpose and business of HWPINPROGRESS, and your reason for participating.

The court considers the defendant's general objection as applicable to this question. Blair nonetheless provides information suggesting that he had knowledge about certain members of the group being "involved in exposing Suzy Nickel" and "turning her in" to an unknown authority as a "fugitive." This limited information is not truly responsive to the interrogatory nor does it describe the "purpose and business of HWPINPROGRESS." That said, however, the court sees no relevance at all to this interrogatory with respect to the claims against Defendant Blair. Defendant Blair has responded that Mr. Tower owned the website and the documents attached to his Response indicate that Mr. Blair had no involvement in the dispute. Mr. Blair was, by his admission in Interrogatory 18, merely a member of the Yahoo! group. Therefore, he is not the person with knowledge about the "purpose and business" of HWPINPROGRESS.

Defendant Blair's objection is sustained and no further response will be required.

Interrogatory 18 states, "IDENTIFY the owners, moderators and members of HWPINPROGRESS."

Defendant Blair responded that "HWPINPROGRESS was a yahoo group, owned and operated by Bill Tower" and "Defendant Blair admits he was a member of HPWINPROGRESS." Blair states Plaintiff already knows who is a member of HWPINPROGRESS. This court finds that whether or not Plaintiff knows the identity of the members of HWPINPROGRESS is irrelevant. If the interrogatory were well-founded in the first

instance, the defendant would still be required to provide information in his possession about this group, or a response that he did not know who all the members of the group were. However, again, the court sees no relevance in who the other members of HWPINPROGRESS were to any of the claims asserted by Plaintiff against Defendant Blair. Discovery is limited to those issues involved in this copyright/trade secret case.

Defendant Blair's general objection is sustained and no further response will be required.

<u>Interrogatory 19</u> states, "DESCRIBE all instances where you conducted any surveillance of or investigation (i.e. snooping) into the plaintiff, including the date, the type of snooping, the purpose of the snooping, the methods employed, your findings, to whom you reported your findings or non-findings, what else you did with your findings."

Defendant responded, "Defendant Blair did not investigate Plaintiff in any manner" and also stated, "[l]egally investigating Suzanne Shell would not be a conspiracy, nor a crime, but Defendant Blair did not do so."

The court finds this response to be adequate.

<u>Interrogatory 20</u> states, "IDENTIFY any other groups in which you participated between 2002 and the filing of this complaint, IDENTIFYING the URL, group name and purpose of each group where the subject of the plaintiff was discussed."

Defendant Blair did not respond to this interrogatory. Therefore, the court considers the discovery request in light of the general objection. This interrogatory is limited to groups Blair belonged to "where the subject of the Plaintiff was discussed." To be discoverable, information must be reasonably calculated to lead to the discovery of admissible evidence which Plaintiff

may use to prove the allegations of her complaint. Fed. R. Civ. P. 26(b)(1). This interrogatory is therefore proper, except as to the time limitation which is overbroad. The time period for the response will be limited to 2002 through February 13, 2009. Defendant Blair will be compelled to fully and truthfully respond to this interrogatory.

Interrogatory 21 states, "DESCRIBE all circumstances under which you represented yourself to be or stood in for William Wiseman for any reason."

Defendant Blair did not respond to this Interrogatory. Therefore, the court considers the discovery request in light of the general objection. The court overrules the objection on this question with the exception that the interrogatory must be date limited. It is unclear whether or not William Wiseman had anything to do with HWPINPROGRESS. However, based on this court's knowledge of the case and the allegations of the Plaintiff against Mr. Blair, this question is "reasonably calculated to lead to the discovery of admissible evidence." Therefore, Defendant Blair will be required to fully respond to this Interrogatory, but only for the time period of 2002 through February 13, 2009.

Requests for Production of Documents and Things Nos. 16, 17 and 19 provide:

16. Provide all true and correct copies documents and things evidencing your participation in HWPINPROGRESS.
17. Provided (sic) true and correct copies of all content authored by you, in whole or in part, that was published on thetruthistold[dot]com, regardless of whether it was published with or without your permission or knowledge.
18. Provided (sic) true and correct copies of all content authored by you, in whole or in part, that was published on coloradoconfidential[dot]com in response to the article published on that site about the plaintiff, regardless of whether your content was published with or without your permission or knowledge.

No documents were produced with respect to document requests 16, 17 and 18. Therefore, the Plaintiff shall consider this to be Mr. Blair's affirmative response that he has no responsive documents in his possession.

<u>Request for Production of Documents and Things No. 19</u> states, "Provide all documents and things evidencing your snooping, findings and reporting on findings relevant to interrogatory #19."

Obviously, since Defendant Blair disavowed any participation in conduct inquired about in Interrogatory 19, no documents would be produced. The response of Defendant Blair is therefore adequate.

<u>Request for Admissions No. 10</u> states, "**ADMIT** that you assisted Billy Wiseman with his web site."

Defendant Blair's response was, "Deny." The court finds this denial adequate.

### B.   *Failure to Respond to Interrogatories Under Oath pursuant to Fed. R. Civ. P. 33(b)(3) and the Court's Previous Orders.*

In spite of repeated discussions at hearings about the Defendants' requirement that they submit discovery responses, particularly interrogatories, with a jurat "under oath" (*see* Fed. R. Civ. P. 33), Mr. Blair submitted unsigned, undated responses without any oath attesting to the truth of the statements contained therein and which lacked the certification of a notary public as previously required by the court and which had been discussed *ad nauseam* in previous hearings. The court ordered Defendant Blair to respond to this blatant failure to comply with the court's previous orders given that he had previously complied with this directive and obviously knew of

the requirement. (Minute Order, [Doc. No. 1100].) Defendant Blair responded by stating he "works approximately 12-16 hours a day, 6 or 7 days a week" (Supp. Resp. ¶ 7) and that "he simply doesn't have time to" go out on his lunch hour or during a fifteen minute break, appear at a bank and have his signature notarized.[4] (*Id*. ¶ 10.) He claims he "will get a notarized piece of paper to give to Plaintiff Shell as soon as is feasible." (*Id*. ¶ 12.) This attitude not only shows disrespect to the Plaintiff, it shows disrespect to the Federal Rules of Civil Procedure (which require an oath) and to this court, to whom Defendant Blair is brazenly "thumbing his nose." Therefore, sanctions are appropriate.

### C. *Request for Extension of Time to Respond to Defendant Blair's "Motion to Dismiss and/or for Summary Judgment"*

Given the court's orders herein, at most Plaintiff is missing a response to only two interrogatories from Defendant Blair at this point. The court sees no reason why the response to Mr. Blair's Motion [Doc. No. 993] should be further delayed. To the extent the response to Mr. Blair's two outstanding interrogatory responses are critical to the Plaintiff's response, she may seek leave to supplement her response accordingly.

Wherefore, it is **ORDERED**

"Plaintiff's Sixth Motion for Sanctions or in the Alternative, Fifth Motion to Compel and Motion for Extension of Time to Respond to the Defendant's Motion for Summary Judgment" [Doc. No. 1096] is **GRANTED** in part and **DENIED** in part as follows:

---

[4] He apparently does, however, have ample time to draft and file pleadings in this case on issues having nothing to do with him and which have already been addressed by the court. *(See, e.g.*, "Motion for the Court to Intervene" [Doc. No. 1113] filed March 13, 2013.

1. Defendant Blair is ORDERED to respond fully to Plaintiff's Interrogatory Nos. 20 and 21, under oath and with appropriate jurat of a notary public, on or before March 22, 2013.

2. Defendant Blair is ORDERED to re-submit his previous responses which are now attached to Plaintiff's Motion [Doc. No. 1096] with appropriate attestation under oath and with appropriate jurat of a notary public on or before March 22, 2013.

3. Defendant Blair is sanctioned in the amount of $100.00 payable to Plaintiff Suzanne Shell **in certified funds** on or before March 22, 2013, to compensate for her time in having to file the portion of the Motion to Compel concerning the failure of Defendant Blair to appropriately attest to his discovery responses.

4. Plaintiff shall file, within one business day of receipt of the certified funds from Mr. Blair, or no later than March 25, 2013, whichever first occurs, a certification acknowledging the receipt or non-receipt of the certified funds from Randall Blair in the amount of $100.00.

5. If Defendant Blair fails to submit the $100.00 sanction as ordered herein on or before March 22, 2013, he will be sanctioned an additional $100.00 for **each** day thereafter until such time as he remits payment in full.

6. The motion to compel is DENIED in all other respects, including any additional time within which to respond to Defendant Blair's Motion to Dismiss and/or for Summary Judgment. Plaintiff's response to the motions remains due on or before March 19, 2013.

Dated this 14th day of March, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge