IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00309-MSK-KMT

SUZANNE SHELL,

     Plaintiff,

v.

LEONARD HENDERSON,
FAMILIES AT RISK DEFENSE ALLIANCE,
FRANCINE RENEE CYGAN,
ILLINOIS FAMILY ADVOCACY COALITION,
GEORGIA FAMILY RIGHTS, INC.,
NATIONAL ASSOCIATION OF FAMILY ADVOCATES,
CONNECTICUT DCF WATCH,
BRENDA SWALLOW, and
RANDALL BLAIR,

     Defendants.

---

**ORDER**

---

This matter is before the court on "Plaintiff' (sic) Motion for Sanctions and for

Additional Time to Depose Defendant Henderson" [Doc. No. 1091] ("Motion") filed March 10,

2013. Two days previous to Plaintiff's Motion, on March 8, 2013, Defendant Henderson filed

"Henderson Responds to Deposition Issue" [Doc. No. 1095] ("Resp."). After the Plaintiff's

Motion was filed, he filed "Henderson Supplemental to Doc. 1095" [Doc. No. 1121]

("Supp.Resp."), and on March 18, 2013, filed "Henderson Response to Doc 1091 Plaintiff'

Motion for Sanctions and for Additional Time to Depose Defendant Henderson" [Doc. No.

1129] ("Supp.Resp.II").[1]  Plaintiff filed her Reply on March 17, 2013.  [Doc. No. 1123.]

Plaintiff seeks additional time to conduct the remainder of her deposition of Defendant

Henderson.[2]  She cites numerous examples of time wasted during the deposition where there

were distractions from Mrs. Henderson's interference, Mr. Henderson's providing non-

responsive commentary during questioning, and where Mr. Henderson's health issues caused

delays.  Plaintiff states that although she spent 5.5 hours of court reporter time, she has only

obtained 2.5 to 3 hours of usable testimony.  (Mot. ¶ 8.)

Defendant Henderson does not dispute Plaintiff's allegations and, in fact, acknowledges

that the deposition was hampered by his "disabilities and memory incompetence related to my

low blood oxygenation" (Supp.Resp. at 1) and "I cannot hear well and do not process spoken

words well at all.  Nor do I remember things said."  (Supp.Resp.II at 2.)  However, he asserts

that it was Plaintiff who caused some of the delay by her protocol for authentication of

documents.  Defendant Henderson sets forth two series of emails associated with authentication

of documents which were apparently being referenced during the deposition.  (Resp. at 1.)

During the morning from 10:29 a.m. to 11:31 a.m. the parties discussed a series of emails,

---

[1] The court would not normally allow a sur-reply, which is how this document is fairly
characterized.  However, the document itself responds numerically to each of Plaintiff's
paragraphs in her Motion.  In the interest of resolving this matter in a timely fashion for these
two *pro se* parties, the court will consider the filing.

[2] The deposition was undisputedly cut short as a result of the parties' belief they had
reached a viable settlement.

Plaintiff asked Defendant Henderson to authenticate documents, and Mr. Henderson attempted to download documents one at a time from Ms. Shell's "Google Drive." (*Id.*) Later there was a similar event ranging from 2:40 p.m. through 3:17 p.m. (*Id.* at 2.)

Plaintiff has advised the court that the transcript of the deposition will not be available for review by the court for approximately two weeks. (Reply at ¶ 7.) However, it is clear that a certain amount of time was lost during this deposition for reasons outside the control of either party. Mr. Henderson's health makes it imperative that the deposition be taken in his home. Each of the parties agreed to attempt the deposition via Skype, a technology which is not perfect but which is the most economical way to proceed remotely, given the *pro se* status of each party. Neither party, however, called the court when issues arose over responsiveness of the deponent's answers to the deposition questions. In the abstract, the court cannot definitively decide whether deposition time was "wasted" as a result without viewing the transcript. Furthermore, this case is in the last stages of discovery and it is in the best interests of the parties and the court to bring discovery to a close as soon as practicable. Finally, the court notes that settlement is to be encouraged and the court will not penalize the parties for concluding the deposition early in light of what they both, no doubt, hoped would be a resolution of the issues between them.

Fed. R. Civ. P. 30(d)(1) provides

a deposition is limited to 1 day of 7 hours. The court <u>must</u> allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.

*Id.* (emphasis added). Given the difficulties associated with taking the deposition of Defendant Henderson in his home via Skype and considering the defendant's health issues, the court finds Plaintiff has made a good faith showing that she needs additional time to depose Defendant Henderson. The court finds, that nine hours would be a more appropriate total length of deposition, thus allowing a two hour reserve for the unique circumstances presented by this deposition. Mr. Henderson did not dispute that Plaintiff had incurred 5.5 hours of court reporter time during the deposition on March 8, 2013, but it is unclear whether that 5.5 hours represents testimonial time or if that figure includes "off-record" intervals which Plaintiff estimated accounted for 45 to 60 minutes. Therefore, the court will estimate that of the nine hours' total to which Plaintiff is allowed to depose Mr. Henderson, she has used three hours of testimonial time in the first deposition session. Therefore, Plaintiff has six hours remaining to complete the deposition of Defendant Henderson.

The court agrees with both parties that the procedure utilized in the first deposition for authentication of documents[3] appears very cumbersome and too much time was utilized for this

---

[3] Fed. R. Evid. 901 provides in part, "Rule 901. Authenticating or Identifying Evidence. (a) In General. To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence *sufficient to support a finding that the item is what the proponent claims it is.*
(b) Examples. The following are examples only--not a complete list--of evidence that satisfies the requirement:
*(1) Testimony of a Witness with Knowledge. Testimony that an item is what it is claimed to be.*
(2) Nonexpert Opinion About Handwriting. A nonexpert's opinion that handwriting is genuine, based on a familiarity with it that was not acquired for the current litigation.
(3) Comparison by an Expert Witness or the Trier of Fact. A comparison with an authenticated specimen by an expert witness or the trier of fact.
(4) Distinctive Characteristics and the Like. The appearance, contents, substance, internal

usually routine process.  Authenticating a document means, in simple terms, that the witness can

testify from his own first hand knowledge why he knows the document before him is what the

proponent of the document says it is.  It is obviously a waste of time to attempt to ask a witness

to authenticate documents where he is neither the author, recipient or for some other reason has

first hand knowledge about the exhibit.  To the extent authentication will be undertaken in the

continued deposition and in order to aid the parties, the court will now require the Plaintiff to

provide notice and a copy to Defendant Henderson prior to the commencement of the deposition

of each document which she intends to ask the Defendant to authenticate.  In turn, the defendant

shall review each document submitted to him by Plaintiff prior to the commencement of the

deposition and be prepared to provide an answer of either: "yes, I authenticate (name of

document and deposition exhibit number) as it has been provided to me for purposes of this

deposition;" **or** "no, I cannot authenticate (name of document and deposition exhibit number) as

it has been provided to me for purposes of this deposition."  Plaintiff will provide an exact copy

of each document she submits to Defendant Henderson for authentication to the court reporter to

be marked and preserved as part of the deposition.

Further, Mrs. Henderson shall **not** be allowed to be physically present in the same room

as Defendant Henderson during the deposition.  Mrs. Henderson is familiar to the court as she

has, on numerous occasions, disrupted court proceedings by being vocal in spite of court

---

patterns, or other distinctive characteristics of the item, taken together with all the circumstances.
. . . *Id*. (emphasis added).

admonition.  Mrs. Henderson is not a party to this action and she is not allowed to make any statements or disrupt the deposition process.  To the extent Mrs. Henderson engages in distracting behavior, such as making noises outside the room or interjecting herself vocally, which interferes with the deposition, the court will consider extending the deposition time longer to allow Plaintiff to complete the deposition.  Therefore, Mr. Henderson should advise Mrs. Henderson that disruptive behavior in any form will only serve to make his deposition last longer.  All that said, however, Defendant Henderson of course is entitled to take reasonable breaks during the deposition and may communicate with his wife during those interludes.  Time spent on breaks or meals <u>does not count</u> against the six hours of remaining deposition time.

The parties are advised that should there be serious issues concerning responsiveness to deposition questions or the capacity in which deponent is answering questions or whether the deponent is cluttering the record with non-responsive chatter or other similar issues, the parties should immediately call the court for guidance.  However, time spent in hearing before the court <u>does not count</u> against Plaintiff's remaining six hours of testimony.

Therefore, it is **ORDERED**

"Plaintiff' (sic) Motion for Sanctions and for Additional Time to Depose Defendant Henderson" [Doc. No. 1091] is **GRANTED** in part and **DENIED** in part.  The Motion is **GRANTED** to the extent that Plaintiff will be given a total of nine hours of testimony time, three hours of which has been used.  Thus, Plaintiff will be allowed to continue the deposition of Defendant Henderson for an additional six hours under the parameters set forth herein.

The Motion is **DENIED** as to any award of sanctions against Defendant Henderson.

6

It is further **ORDERED**

The continued deposition of Defendant Henderson will be scheduled on or before March

29, 2013.

Dated this 19th day of March, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge