IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00309-MSK-KMT

SUZANNE SHELL,

    Plaintiff,

v.

LEONARD HENDERSON,
FAMILIES AT RISK DEFENSE ALLIANCE,
FRANCINE RENEE CYGAN,
ILLINOIS FAMILY ADVOCACY COALITION,
GEORGIA FAMILY RIGHTS, INC.,
NATIONAL ASSOCIATION OF FAMILY ADVOCATES,
CONNECTICUT DCF WATCH,
BRENDA SWALLOW, and
RANDALL BLAIR,

    Defendants.

## ORDER

This matter is before the court on "Henderson Motion for Sanctions Under FRCP 26(g)" [Doc. No. 1139]. Mr. Henderson complains that Plaintiff improperly video recorded Defendant Henderson's deposition in violation of the court's previous orders.

On August 15, 2012, this court held that Plaintiff would not be allowed to take the depositions of the remaining defendants in person but would be allowed to take the depositions electronically. (Minute Entry [Doc. No. 809] at 4.) The court also advised Plaintiff that she could not create the official record of the deposition herself but would need to hire an "officer"

pursuant to Fed. R. Civ. P. 30(b)(5). The officer's stenographic transcription would be the only official record of the deposition.

With respect to the method of taking oral testimony at a deposition, Federal Rule of Civil Procedure 30(b)(3)(A) specifies that "[t]he party who notices the deposition must state in the notice the method for recording the testimony" and "[u]nless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means." Prior to a noticed deposition, any party may specify an "additional method" of recording, as follows:

> With prior notice to the deponent and other parties, any party may designate another method for recording the testimony in addition to that specified in the original notice. That party bears the expense of the additional record or transcript unless the court orders otherwise.

Fed. R. Civ. P. 30(b)(3)(B). Thus, in general, "unless a court orders otherwise, a party may [video]tape a deposition as a matter of right, as long as notice is given of the party's intention to do so." *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y.2007).

The court has reviewed "Plaintiff's Notice of Deposition Pursuant to Fed. R. Civ. P. 30 and 45" [Doc. No. 1125-1] and notes that Plaintiff provided the following notice

> The deposition will be taken before an officer duly authorized by law to take deposition and continue from day to day until completion. The deposition will be stenographically recorded, *video recorded* and will be conducted remotely via Skype.

*Id.* (emphasis added.) *See Slaughter v. Boeing Co.,* 2:11–cv–537–DN–BCW, 2012 WL 5473134, *1 (D. Utah Nov. 9, 2012). Therefore the court finds that Plaintiff properly noticed the deponent of her intent to video record the deposition pursuant to the Rules and her thereafter doing so is in no way improper.

Nowhere in the Federal Rules is misuse of said deposition recordings deemed permissible. A court, in its discretion, may "for good cause" limit discovery or the disclosure thereof for purposes of protecting a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P 26(c). In fact, this court issued an immediate order striking Plaintiff's exhibits purportedly taken from a videotaped deposition of Defendant Henderson as being invasive of his privacy and not the official record of the deposition. [Doc. No. 1112.]

As previously ordered, the stenographically recorded version of the deposition proceedings is the official version for purposes of any court proceedings.

It is **ORDERED**

"Henderson Motion for Sanctions Under FRCP 26(g)" [Doc. No. 1139] is **DENIED**.

Dated this 26th day of March, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge