IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–00309-MSK-KMT

SUZANNE SHELL,

    Plaintiff,

v.

LEONARD HENDERSON, and
BRENDA SWALLOW,

    Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on Defendant American Family Rights Association's ("AFRA") "Motion for Attorney Fees" [Doc. No. 869] filed October 5, 2012. Plaintiff filed a Response on October 25, 2012 [Doc. No. 906], and AFRA filed a Reply on October 29, 2012 [Doc. No. 909]. The matter is ripe for recommendation and ruling.

AFRA seeks a judgment against plaintiff for its attorney's fees incurred in defending against Plaintiff Shell's claims given that the District Court granted AFRA's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b) [Doc. 485] and dismissed all claims against AFRA. The claims brought against AFRA were dismissed for lack of both general and specific personal jurisdiction as well as lack of jurisdiction based on an agency relationship. (See Order of Chief Judge Marcia S. Kreiger [Doc. No. 861] issued September 28, 2012 at pp. 9-20.)

In support of its Motion, AFRA relies upon Colo. Rev. Stat. § 13-17-201 which provides

> In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action. This section shall not apply if a motion under rule 12(b) of the Colorado rules of civil procedure is treated as a motion for summary judgment and disposed of as provided in rule 56 of the Colorado rules of civil procedure.[1]

*Id.* Plaintiff opposes the Motion. Plaintiff first claims that § 13-17-201 applies to only a certain "kind of tort" and alleges that the statute applies only in the event that the tort alleged caused physical damage to a person or to real property. (Resp. at 1.) This argument was rejected, however, almost twenty years ago in *Houdek v. Mobil Oil Corp.*, 879 P.2d 417 (Colo. App. 1994), where a Colorado appellate court held

> Contrary to plaintiffs' contentions, the statute neither explicitly nor implicitly contemplates the existence of some manner or degree of physical harm to a person or to property. We are not persuaded that the statute is limited in applicability to a "species" of tort claims and is inapplicable to a tort claim which alleges only economic injury.

*Id.* at 424. More recently the Tenth Circuit recognized the continued viability of this holding in *Infant Swimming Research, Inc. v. Faegre & Benson, LLP*, 335 F. App'x 707, 715 (10th Cir. June 9, 2009), where the court stated, "[t]he Colorado legislature enacted the statute to 'discourage unnecessary litigation of tort claims,' and it applies not only to tort actions involving

---

[1] While the statute references dismissal under the Colorado Rules of Civil Procedure, dismissal of Colorado state-law tort claims under the Federal Rules of Civil Procedure also falls under the provisions of this statute. *See Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000); *Torres v. American Family Mut. Ins. Co.*, 606 F. Supp. 2d 1286, 1288 (D. Colo. 2009) (J. Krieger).

death or injury to person or property, but also to tort actions involving mere economic injury." *Infant Swimming*, 335 F. App'x at 715.  Therefore, this court concludes that the Colorado fee-shifting statute, § 13-17-201, is not limited to only personal injury or real property injury but also applies to other tort claims alleging economic damages such as was alleged in this case.

Next Plaintiff argues that § 13-17-201 applies only to Colorado state court cases involving the Colorado Rules of Civil Procedure.  In the Tenth Circuit, however, attorney fee statutes promulgated by state courts are considered substantive. *See Boyd Rosene & Assocs. v. Kansas Mun. Gas Agency*, 174 F.3d 1115, 1118 (10th Cir. 1999) (finding that attorney fees are substantive for diversity purposes).  Again, the plaintiff misconstrues the applicability of the statute in this federal forum.  The Tenth Circuit has held

> Section 13-17-201 expressly applies only to actions dismissed under Rule 12(b) of the Colorado Rules of Civil Procedure.  However, we find the statute applies with equal force when a federal court dismisses a pendent state tort pursuant to Fed. R. Civ. P. 12(b)(6).

*Jones*, 203 F.3d at 757.  In other words, when a federal court is faced with a mix of federal question claims and pendent state tort claims, such as in this case, the fee shifting statute continues to apply. *Hardware Dealers Mut. Fire Ins. Co. v. Smart*, 293 F.2d 558, 560 (10th Cir. 1961).  Further, the plain language of § 13-17-201 provides for an attorney fees award in "*all actions brought as a result of . . .* injury to person or property occasioned by the tort of any other person." § 13-17-201 (emphasis added).  Nothing in the plain language limits the application of the statute to "state torts" as opposed to a "federal statutory tort." *US Fax Law Center, Inc. v. Henry Schein, Inc.*, 205 P.3d 512, 517 (Colo. App. 2009).  Therefore, whether the tort claim is

brought as a federal question or as a pendent state law claim is irrelevant to whether the fee shifting statute is applicable in a given case.

Finally, Plaintiff argues that § 13-17-201 is inapplicable in her case because most of her claims are not torts. Colorado courts have consistently held that a defendant who succeeds in dismissing a complaint under Rule 12(b) is entitled to the fee award even if the complaint includes a mix of tort and non-tort claims. When an action contains a mix of claims, "fees may be awarded if the action is primarily a tort action." *US Fax Law Center, Inc*., 205 P.3d at 517-18 (affirming award of attorneys' fees under § 13-17-201 where dismissed action included three state tort claims and one claim under the federal Telephone Consumer Protection Act, a seventy-five/twenty-five percent mix.). *See also Dubray v. Intertribal Bison Co-Op*., 192 P.3d 604, 607 (Colo. App. 2008) (where six of ten total claims were pleaded as tort claims, § 13-17-201 was applicable) (citing *Wark v. Bd. of County Commrs*, 47 P.3d 711, 717 (Colo. App. 2002). The Tenth Circuit has concurred in this result. *See Infant Swimming*, 335 F. App'x at 716.

At the time the District Court considered AFRA's motion to dismiss, Plaintiff had asserted ten claims applicable to AFRA: (1) misappropriation/theft of trade secrets; (2) copyright infringement; (3) contributory copyright infringement; (4) vicarious copyright infringement; (5) breach of contract; (6) tortious interference with business relationship and/or business contract; (7) false and misleading advertising; (8) unfair or deceptive trade practices and unfair methods of competition; (9) civil conspiracy; and (9) antitrust violations under the Sherman Act. (*See* September 28, 2012 Order.) Ms. Shell sought both compensatory and punitive damages from

AFRA, and injunctive relief enjoining further unlawful acts and requiring AFRA to print retractions and apologies.

The majority of these claims are torts or because of the damages sought, sound in tort.

To prove misappropriation of a trade secret, a plaintiff must show: (i) that he or she possessed a valid trade secret, (ii) that the trade secret was disclosed or used without consent, and (iii) that the defendant knew, or should have known, that the trade secret was acquired by improper means. *Gates Rubber Co. v. Bando Chemical Industries, Ltd.*, 9 F.3d 823, 847 (10th Cir. 1993) (citing Colorado Uniform Trade Secrets Act, Colo. Rev. Stat. § 7-74-101 et seq.). Misappropriation of trade secrets is a tort, but not always an intentional tort. *Notwen Corp. v. American Economy Ins. Co.*, 206 F. App'x, 811, 814 (10th Cir. 2006).

To demonstrate copyright infringement, a plaintiff must demonstrate two elements: (i) ownership of a valid copyright; and (ii) unlawful appropriation of protected portions of the copyrighted work. *See La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1177 (10th Cir. 2009) (citing *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). Several circuits specifically have characterized copyright infringement as a tort and suggested that willful infringement is an intentional tort. *Brayton Purcell LLP*, 606 F.3d at 1128 (9th Cir. 2010); *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 674 -675 (9th Cir. 2012); *Screen Gems–Columbia Music, Inc. v. Metlis & Lebow Corp.*, 453 F.2d 552, 554 (2d Cir.1972) ("[C]opyright infringement is in the nature of a tort.); *Society of Holy Transfiguration Monastery, Inc. v. Gregory*, 689 F.3d 29, 58 (1st Cir. 2012)(same); *Gnossos Music v. Mitken, Inc.*, 653 F.2d 117, 120 (4th Cir. 1981).("[C]opyright infringement is a tortious interference with

a property right for which Congress created the remedy for damages.")  *See also, DeGette v. Mine Co. Restaurant*, 751 F.2d 1143, 1145 (10th Cir. 1985) (referencing copyright and theft of trade secret claims as tort claims).  Contributory infringement occurs when a defendant induces or encourages direct infringement and vicarious infringement occurs when a defendant profits from direct infringement while declining to exercise a right to stop or limit it.  Obviously such secondary liability would have the same tortious character as personal copyright infringement.

Under Colorado law, a plaintiff asserting a tortious interference with a contract claim must show that: (i) the plaintiff has a contract with another party; (ii) the defendant knew or should have known of such contracts existence; (iii) the defendant intentionally induced the other party to the contract not to perform the contract with the plaintiff; and (iv) the defendant's actions caused plaintiff to incur damages.  *Memorial Gardens, Inc. v. Olympian Sales & Management Consultants, Inc.*, 690 P.2d 207 (Colo. 1984).  It is clear that by its very name that this claim involves tort liability, and Plaintiff has not argued otherwise.

To establish a claim under the Lanham Act, 15 U.S.C. § 1125(a), for false and misleading advertising, the plaintiff must prove, (i) that defendant made material false or misleading representations of fact in connection with the commercial advertising or promotion of its product; (ii) in commerce; (iii) that are either likely to cause confusion or mistake as to (a) the origin, association or approval of the product with or by another, or (b) the characteristics of the goods or services; and (iv) injury the plaintiff.  *Cottrell, Ltd. v. Biotrol Int'l, Inc.*, 191 F.3d 1248, 1252 (10th Cir. 1999) (citations omitted); *Proctor & Gamble Co. v. Haugen*, 222 F.3d 1262, 1273-74 (10th Cir. 2000).  Both trademark infringement and false advertising are considered

business torts. *Nightingale Home Healthcare, Inc. v. Anodyne Therapy, LLC*, 626 F.3d 958, 964 (7th Cir. 2010); *Vector Products, Inc. v. Hartford Ins. Co.*, 397 F.3d 1316, 1319 (11th Cir. 2005) (Lanham Act claim of false advertising is a tort).

To prevail on an unfair trade practices claim under the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101, et seq., a plaintiff must prove that the defendant engaged in an unfair or deceptive trade practice; that the challenged practice occurred in the course of defendant's business, vocation, or occupation; that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; that the plaintiff suffered injury in fact to a legally protected interest; and that the challenged practice caused the plaintiff's injury. *Hall v. Walter*, 969 P.2d 224, 235 (Colo. 1998). Unfair competition or trade practices is a common-law tort. *See College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 674 (1999). *See also American Television & Communications Corp. v. Manning*, 651 P.2d 440 (Colo. App. 1982)(unfair competition and misappropriation are common law torts).

A civil conspiracy, of course, assumes the same character as the underlying unlawful actions. "[T]he essence of a civil conspiracy claim is not the conspiracy itself, but the actual damages resulting from the acts done in furtherance of the conspiracy." *Double Oak Constr., L.L.C. v. Cornerstone Development Int'l, L.L.C.*, 97 P.3d 140, 146 (Colo. App. 2003). Civil conspiracy is a derivative cause of action that is not independently actionable. *Id*. The purpose of the conspiracy claim is to hold AFRA liable for the unlawful acts allegedly committed by its purported co-conspirators. *Sterenbuch v. Goss*, 266 P.3d 428, 435 (Colo. App. 2011) ("it is

wrongful acts, not the mere existence or continuation of a conspiracy, that injure the plaintiff."); *Farmland Indus. v. Frazier–Parrott Commodities, Inc.*, 871 F.2d 1402, 1409 (8th Cir. 1989) ("[T]he 'doctrine of civil conspiracy extends liability for tort . . . to persons other than the actual wrongdoer . . . but it is the acts causing damage to the plaintiff that give rise to liability for damages, not the conspiracy itself.' ").

The only two claims of the ten alleged against AFRA that do not sound in tort are breach of contract and antitrust violations under the Sherman Act.[2] Therefore, eighty percent of the complaint involves tort allegations. This case is, by any measure, primarily a tort action.

Section 13-17-201 was enacted to discourage unnecessary litigation of tort claims. *See e.g. Employers Ins. of Wausau v. RREEF USA Fund-II (Colorado), Inc.*, 805 P.2d 1186, 1188 (Colo. App. 1991). A defendant must prevail on the entire action as to that defendant under Rule 12(b), and on no other grounds, in order to recover fees. *Jones v. Haga*, Case No. 05-cv-02268-PSF-CBS, 2007 WL 433126, at *1-2 (D. Colo. Feb. 2, 2007). Such is the case between Plaintiff Shell and Defendant AFRA.

Both the plain language of the statute and numerous court decisions make clear that an award of attorney fees is mandatory when a trial court dismisses an action under Rule 12(b). *Infant Swimming*, 335 F. App'x at 716. *See also, e.g., Kreft v. Adolph Coors Co.*, 170 P.3d 854,

---

[2]The relevant antitrust statute, 15 U.S.C. § 2, provides penalties for any person "who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States." Judge Krieger gave short shrift to this claim in her September 28, 2012 Order, noting that Plaintiff had set forth nothing in her complaint except the elements of the claim without supporting facts. Antitrust is not technically a tort, but its presence in this case is marginal, at best.

859 (Colo. App. 2007); *Wark*, 47 P.3d at 717; *Barnett v. Denver Publishing Co.*, 36 P.3d 145, 148 (Colo. App. 2001).

Further, Colorado has ruled that courts can consider evidence outside the pleadings in ruling on a Rule 12(b)(1) motion to dismiss for lack of jurisdiction without converting it to a motion for summary judgment, and, in such a case, an award of attorney fees is, under the "plain language of § 13-17-201," nonetheless "mandatory." *Smith v. Town of Snowmass Vill.*, 919 P.2d 868, 873 (Colo. App. 1996); *Infant Swimming*, 335 F. App'x at 716; *Crandall v. City and County of Denver*, 238 P.3d 659, 665 (Colo.2010) ("the express statutory language of sections 13-16-113(2) and 13-17-201 mandates award of costs and attorney fees to the defendant in the event that a plaintiff's tort action is dismissed pretrial on a . . . 12(b) motion to dismiss").

The only issue left to this court's discretion, then, is the task of determining what is a reasonable fee in this case. *See Grynberg v. Ivanhoe Energy, Inc.*, Civ. Action No. 08-cv-02528-WDM-BNB, 2011 WL 3294351, at *3-4  (D. Colo. Aug. 1, 2011).

**WHEREFORE**, for the foregoing reasons, I respectfully

**RECOMMEND** that Defendant American Family Rights Association's "Motion for Attorney Fees" [Doc. No. 869] be **GRANTED**.  I further

**RECOMMEND** that

> Within 21 days of the District Court's Order on this Recommendation, Defendant AFRA shall submit to the court a specifically itemized accounting of all attorney fees incurred in defending this action, and that
>
> Plaintiff shall have 14 days to file any objection relating to the reasonableness of AFRA's submitted attorney fees.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342,

1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 24th day of July, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge