**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

**Civil Action No. 09-cv-00309-MSK-KMT**

**SUZANNE SHELL,**

    Plaintiff,

v.

**LEONARD HENDERSON, and
BRENDA SWALLOW,**

    Defendants.

---

**OPINION AND ORDER IMPOSING SANCTIONS AGAINST DEFENDANTS**

---

**THIS MATTER** comes before the Court pursuant to the Court's Order to Show Cause **(#198)**, Ms. Swallow's response **(# 1200)**, and Mr. Henderson's response **(# 1203)**.

In a May 31, 2013 Order, the Court directed that the parties "shall appear at a Pretrial Conference" on July 25, 2013. Ms. Swallow and Mr. Henderson failed to personally appear as directed at the conference. Accordingly, the Court ordered **(# 1198)** that they show cause why default should not be entered against them. Both Defendants responded **(# 1200, 1203)**.

Reduced to their essence, both responses offered the following explanations: (i) both Defendants live in other states a great distance from Colorado; (ii) both Defendants have limited financial resources to engage in travel to Colorado; (iii) both Defendants suffer from disabling medical conditions that limit their mobility; and (iv) both Defendants assumed that, because they had previously been permitted to appear telephonically at all hearings conducted by the Magistrate Judge, they would be permitted to appear by telephone at the Pretrial Conference as well.

1

When a party fails to comply with an order of the Court, the Court evaluates the appropriate sanction to be imposed by considering the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992). *See Schroeder v. Southwest Airlines,* 129 Fed.Appx. 481, 483 (10th Cir. 2005) (unpublished), *citing Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). Those factors are: (i) the degree of actual prejudice to the opposing party resulting from the noncompliance; (ii) the degree of interference with the judicial system occasioned by the noncompliance; (iii) the culpability of the noncompliant litigant; (iv) whether the Court has previously informed the litigant of the possibility of dispositive sanctions; and (v) the potential efficacy of a sanction short of dismissal or default. *Id.*

Taking those factors sequentially, the Court finds that Ms. Swallow's and Mr. Henderson's failures to appear at the Pretrial Conference resulted in no particular prejudice to Ms. Shell. The purpose of the conference was for the Court to address any outstanding motions (of which none filed by Ms. Swallow or Mr. Henderson were pending), to address various issues of trial procedure, and to set a date for trial. The Defendants' absence from the hearing did not prevent the Court from performing those tasks with regard to Ms. Shell, and thus, the Court finds that Ms. Shell was not prejudiced by the Defendants' absence. Accordingly, this factor weighs in favor of a minimal sanction.

The Court finds that the Defendants' absence did, however, result in some degree of interference with the judicial process. Among other things, the Defendants' absence prevented the Court from ascertaining the Defendants' availability for trial, from addressing various procedural matters to ensure the smooth flow of trial, from addressing any questions the Defendants might have about the trial process, and from giving the Defendants certain advisements about the utility of trial as a means for resolving disputes. Moreover, the

Defendants' failure to appear required the Court to consume additional resources in issuing the Order to Show Cause, reviewing the Defendants' responses, and issuing this Order.  Thus, the Court finds that the prejudice resulting from the Defendants' noncompliance was largely directed at the judicial process generally.

With regard to the question of culpability, the Court observes that its Practice Standards, available on the Court's website, specifically state that "parties [ ] shall appear personally at all hearings unless leave to appear by telephone has been timely sought and expressly granted." MSK Practice Standards (Civil), § III.A.4.  Although the parties here appear *pro se*, as the Court has noted on many occasions, *pro se* status does not relieve parties from the obligation to be aware of and comply with applicable procedural rules, and that in that regard, *pro se* parties are held to the same requirements as licensed attorneys.  *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).  On the other hand, the Court is mindful that all of the proceedings in this case prior to the Pretrial Conference were conducted before the Magistrate Judge, and apparently, in each instance, the Defendants were permitted to appear by telephone.[1]  Mindful of the parties' potential unfamiliarity with the distinction between District and Magistrate Judges, the potential for disparate courtroom protocols, and the appearance of an overarching practice that might be inferred from the numerous telephonic proceedings before the Magistrate Judge, the Court is inclined to find that the Defendants are wholly culpable for their failure to appear, but that such culpability is

---

[1]  The Court notes, however, that each order by the Magistrate Judge setting a hearing contained an express requirement that parties intending to appear by telephone give advance notice of that fact to chambers.  *See* Docket # 92, 481, 742, 1037.  This Court notes that neither Defendant contacted the undersigned's chambers prior to the hearing date, requesting leave to appear at the hearing telephonically.  Both Defendants did contact the Court by telephone on the date of the hearing, but did so only after the hearing had commenced.

moderated by the unusual procedural history of the case.[2]  This factor thus weighs in favor of a sanction, but weighs against imposition of a dispositive sanction.

With regard to the fourth factor, the Court notes that that May 31, 2013 Order expressly states that "failure to comply with this Order may result in the imposition of sanctions against the offending party."  The Court notes that the advisement does not necessarily advise of the possibility of a dispositive sanction, but generally, this factor tips in favor of imposition of an appropriate sanction.

Finally, the Court turns to the question of whether a sanction short of holding the Defendants in default is sufficient to cure the prejudice here.  The Court may impose the extreme sanction of default only as a "last resort," when no other sanction would be sufficiently curative.  *Ehrenhause*, 965 F.2d at 920 & n. 2.  As noted above, the only prejudice resulting from the Defendants' noncompliance is a prejudice to the judicial system itself, and the appropriate sanction should be directed at curing that prejudice and preventing further noncompliance by the Defendants.

As the Court has previously stated, the purpose of the conference was largely twofold: to convey certain information from the Court to the parties about trial procedures and the practicalities of trial, and to permit the parties the opportunities to ask any questions or raise any issues pertinent to the trial process.  This was especially important because the parties are appearing *pro se*. Notwithstanding the Defendants' absence, the Court proceeded, on the record, to give the same advisements about trial procedural and practicalities that it would have given if the Defendants had been present. Among those matters addressed, the Court defined the issues to

---

[2]   The Court nevertheless emphasizes that <u>all</u> parties in this matter will be strictly held to the Federal Rules of Civil Procedure, Federal Rules of Evidence, and this Court's Civil Practice Standards for purposes of trial.  *Pro se* status or unfamiliarity with the rules or procedures will not constitute an excuse for noncompliance.

be tried and advised that although pleadings and papers filed by *pro se* litigants are interpreted liberally, the Court can provide no assistance to any party during a jury trial. The Court emphasized that due to the complexity of issues and skills necessary for trial, unrepresented parties are advised to obtain the assistance of counsel.

The prejudice that results from the Defendants not having received these advisements can be readily cured by the Defendants' review of a transcript[3] of proceedings from the conference; doing so essentially places the Defendants in the same position that they would have been in had they attended the hearing (except that they have lost their ability to orally raise questions or issues of trial procedure or object to the trial date that was set). Moreover, requiring the Defendants to bear the expense of obtaining that transcript renders the sanction sufficiently painful as to discourage future noncompliance. The Court is mindful that both Defendants are of limited means. Having consulted with the Court Reporter regarding an estimate of the transcript's cost, the Court is advised that it will be approximately $100 per person or less. The Court finds that amount is sufficient, but not more burdensome than is necessary, to adequately sanction the Defendants for their noncompliance.

Accordingly, the Court directs that Ms. Swallow and Mr. Henderson shall each contact the Court Reporter, Terri Linblom, via e-mail at terrilindblom@gmail.com, or via telephone at (303) 628-7877, and make appropriate arrangements to order and pay for a copy of the transcript of the July 25, 2013 conference. Once the Defendants have remitted payment to Ms. Lindblom, they shall file a notice in this action attesting that they have done so. The Defendants shall complete this task, including the remittance of payment to Ms. Lindblom, on or before **Friday,**

---

[3] In all proceedings before the District Judge, the record is prepared by a court reporter, not recorded audibly. A Court Reporter's certified transcript is the only record of proceedings.

**August 16, 2013**. **No extensions will be granted**. Failure to comply with these requirements will result in the imposition of dispositive sanctions against the noncompliant party.

The Court further notes that a jury trial has been set, and the Court expects that both Defendants will be physically present in the Courtroom at trial.[4] Failure of a Defendant to appear in person on the scheduled trial date without prior authorization[5] will result in entry of default

---

[4]   To the extent either Defendant requires particular courtroom accommodations because of medical or other issues, the Defendant shall promptly contact the Courtroom Deputy to address the nature and extent of such accommodations.

[5]   Because the matter involves trial to a jury, and the parties are expected to both conduct examination of all witnesses and to serve as the primary witnesses in support of their own cases, it is highly unlikely that the Court will permit any party to appear at trial via a remote video connection. (Given the expected use of documentary evidence and the need of the jury to evaluate witness' demeanor, the Court categorically denies the parties leave to appear at trial by telephone.)

Any request for leave to appear remotely at trial must comprehensively address the considerations set forth in MSK Practice Standards (Civil), § II.H.1 and 3, with particular emphasis on items (b) of subsection 1, and (c), (d), and (h) of subsection 3. Any showing under item (d) of subsection 3 shall be accompanied by a doctor's certification addressing the particular restrictions on the party, and any showing under items (c) and (h) shall be accompanied by appropriate technical evidence. The Court will not entertain any motion for remote appearance that does not include a demonstration of sufficient video and audio quality at both ends of the video connection to permit suitable use at trial (a minimum of 640x840 video resolution at no less than 20 frames per second, and sufficient network bandwidth to ensure the absence of any delays in audio or video transmission, among other technical matters). The Court may direct the party requesting remote appearance to confer with the Court's IT department, or to make a sufficient demonstration of technological capability using the actual equipment (both courtroom and remotely) to be used during trial. To provide sufficient time to assess the matter, the Court will require any motion for leave to appear remotely to be filed on or before **August 16, 2013**. No extensions of this deadline will be granted.

against that Defendant and conversion of the trial of claims against that Defendant to an immediate hearing pursuant to Fed. R. Civ. P. 55(b)(2)(B) and (C).

Dated this 7th day of August, 2013.

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
Chief United States District Judge