**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

Civil Action No. 09-cv-00309-MSK-KMT

**SUZANNE SHELL,**

    Plaintiff,

v.

**LEONARD HENDERSON, and
BRENDA SWALLOW,**

    Defendants.

_____

**OPINION AND ORDER OVERRULING OBJECTIONS, DECLINING TO ADOPT
RECOMMENDATION, AND DENYING MOTION FOR ATTORNEY'S FEES**
_____

**THIS MATTER** comes before the Court pursuant to Ms. Shell's Objections **(# 1205)** to the Magistrate Judge's July 24, 2013 Recommendation **(# 1194)** that former Defendant American Family Rights Association's ("AFRA") Motion for Attorney's Fees **(# 869)** be granted.

The Court assumes the reader's familiarity with the proceedings to date in this action. It is sufficient to note that Ms. Shell's claims against AFRA -- sounding in, among other things, copyright infringement, tortious interference with business relationships, and deceptive trade practices – were dismissed **(# 861)** by the Court on September 28, 2012 for lack of personal jurisdiction.  AFRA then moved **(# 869)** for an award of its attorney's fees pursuant to C.R.S. § 13-17-201, which requires the award of attorney's fees to a prevailing defendant where a plaintiff's tort claims are dismissed pursuant to a Rule 12 motion.

The Court referred that motion to the Magistrate Judge for a recommendation, and on July 24, 2013, the Magistrate Judge issued a Recommendation **(# 1194)** that AFRA's motion be granted. Specifically, the Magistrate Judge found: (i) that C.R.S. § 13-17-201 applies to all tort claims alleging personal injury or economic damage; (ii) the statute applies to state-law claims asserted via supplemental jurisdiction in actions in federal court; (iii) the statute applies where tort claims are asserted alongside statutory claims (and applies to statutory claims that are tort-like); (iv) the bulk of Ms. Shell's claims in this action are common-law torts or tort-like statutory claims; (v) AFRA fully prevailed on Ms. Shell's claims; (vi) an award under C.R.S. § 13-17-201 is mandatory where the statute applies; and (vii) the fact that the Court considered material outside the four corners of the Complain in adjudicating a jurisdictional challenge does not deprive the decision of its Rule 12(b) character.

Ms. Shell filed timely Objections **(# 1205)** to the Recommendation. Most of Ms. Shell's arguments are irrelevant, complaining about various decisions by the Court in the administration of the case that she considers to have been unfair. She raises one specific legal argument: that the Magistrate Judge should have afforded her a hearing on the matter, *citing Pedlow v. Stamp*, 776 P.2d 382 (Colo. 1989).

The Court reviews the objected-to portions of a Magistrate Judge's Recommendation *de novo*, and the remaining portion under whatever standard of review it deems appropriate. Fed. R. Civ. P. 72(b); *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). Given Ms. Shell's *pro se* status, the Court construes her Objections liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).

Turning to Ms. Shell's specific point of objection, the Court finds *Pedlow* – the Ms. Shell's proposition that an in-court hearing was required before the Magistrate Judge could

recommend granting AFRA's motion – is inapposite. *Pedlow* involved a situation where a defendant sought an award of attorney's fees on the grounds that the complaint was frivolous, in violation of C.R.S. § 13-17-102(4). The trial court granted that motion, but made only a perfunctory factual finding that the complaint failed to state a claim. Citing to C.R.S. § 13-17-103(1), which requires a specific discussion of eight factors if a court makes a discretionary award of fees. The Colorado Supreme Court held that the trial court's findings were insufficiently specific and remanded the case for more detailed factual findings. 776 P.2d at 385-86. *Pedlow* further appears to require that the court grant a hearing on the question of whether the action was frivolous, if a party requests. *Id.*

*Pedlow* is inapposite here because C.R.S. § 13-17-201 requires an award of fees if a Rule 12(b) motion is granted. In that sense, it is distinguishable from requests for attorney's fees under C.R.S. § 13-17-102, which requires not only dismissal of the action, but a separate finding that the action was frivolous. The question of frivolousness is not necessarily resolved simply because the case was dismissed: "there may be a good explanation, not apparent from the evidence adduced at the trial on the merits, why a facially frivolous or groundless claim or defense was not, in fact, of such a character." *Christian v. Westmoreland*, 809 P.2d 1105, 1106 (Colo.App. 1991). Thus, it is logical to require the court to convene a separate hearing on the question of frivolousness when fees are sought under C.R.S. § 13-17-102.

But application of that same logic does not result in the conclusion that a hearing is required under C.R.S. §13-17-201. When a claim or complaint is dismissed for failure to state adequate grounds for relief, there are no additional predicate findings required by C.R.S. §13-17-201 for an award of attorney fees. Indeed, an award of fees under C.R.S. § 13-17-201 is mandatory, *Wallin v. McCabe*, 293 P.3d 81, 84 (Colo.App. 2011), and thus, it is entirely unclear

3

what "evidence" Ms. Shell believes she could have put on at a hearing on AFRA's motion in order to defeat it.[1]  Accordingly, the Court cannot say that the Magistrate Judge erred in not affording Ms. Shell an evidentiary hearing on AFRA's motion.

Although Ms. Shell did not object to any of the Magistrate Judge's other findings, this Court has nevertheless reviewed those findings under the otherwise *de novo* standard of review. Upon such review, the Court concludes that it cannot adopt the Recommendation.

The Magistrate Judge properly found that, under C.R.S. § 13-17-201, an award of fees is mandatory in a dismissed action that mixed tort and non-tort claims if the tort claims predominated.  *See Dubray v. Intertribal Bison Co-Op*, 192 P.3d 604, 607 (Colo.App. 2008). The Magistrate Judge noted that Ms. Shell pled nine claims against AFRA: (i) theft of trade secrets; (ii) copyright infringement; (iii) contributory copyright infringement; (iv) vicarious copyright infringement (all under the federal copyright statute); (v) tortious interference with business relationships; (vi) false advertising (pursuant to federal statute); (vii) unfair trade practices (pursuant to state statute); (viii) civil conspiracy; and (ix) federal antitrust violations. Assuming *Dubray* simply requires the Court to tally up the various claims (rather than qualitatively valuing their significance to the underlying claims); the Court reaches an initial count of 5 claims asserting federal statutory violations, 1 claim asserting state statutory violations, and 3 claims asserting common-law torts under state law.  At this initial step, it appears that Ms. Shell's tort claims do not predominate over the statutory claims.

The Magistrate Judge concluded that statutory claims – including federal statutory claims – could be counted as tort claims for purposes of applying *Dubray*'s "predominance" rule if the

---

[1]  At best, Ms. Shell could only advance the legal arguments she presented – *e.g.* her claims were not "torts," or were federal claims rather than state claims, etc.  But these legal arguments are not disputed "facts" for which an evidentiary hearing would be appropriate.

statutory claims were themselves "federal statutory torts." The major support cited for this proposition is *U.S. Fax Law Center, Inc. v. Henry Schein, Inc.,* 205 P.3d 512, 517 (Colo.App. 2009). This Court does not read *Fax Law Center* to stand for that proposition.

In *Fax Law Center*, the court considered whether C.R.S. § 13-17-201 applied in a case where the plaintiff pled one federal statutory claim, one state statutory claim, and two state tort claims. In addressing an argument by the plaintiff that § 13-17-201 applied only to state tort claims, the court noted that the plaintiff "does not dispute that a claim under the [federal statute] is properly characterized as a 'tort.' Rather, it argues that this claim is a 'federal statutory tort' and thus outside the scope of section 13-17-201." *Id.* at 517. Thus, in the first instance, the court in *Fax Law Center* itself did not hold that federal statutory claims are "torts"; it merely recognized that the plaintiff conceded this point.

The court in *Fax Law Center* went on to reject an argument by the plaintiff that it should only consider the state tort claims, although, as discussed momentarily, this portion of the court's analysis is *dicta*. It rejected an apparent argument by the plaintiff that "federal statutory torts" should not be counted as torts; the court explained that "nothing in the plain language limits the application of the statute to 'state torts' as opposed to . . . a 'federal statutory tort'," and it rejected the plaintiff's argument that *Kennedy v. King Soopers, Inc.*, 148 P.2d 385, 388 (Colo.App. 2006), restricted consideration to only state law claims, finding *Kennedy*'s reference to "state tort claims" to be "merely descriptive," not limiting. *Id.* Ultimately, however, these findings are irrelevant, as the court proceeded to cite *Dubray*'s "predominance" analysis and found that the plaintiff "pleaded four counts, three of which alleged torts under Colorado law," making the ultimate characterization of the fourth (federal) claim irrelevant. *Id.* at 518.

Thus, there are at least two questions that must be resolved before the Court can conclude that § 13-17-201 applies here: (i) whether federal statutory claims can be considered to be "torts"; and (ii) if so, whether they should be aggregated with torts arising under state law in assessing whether tort claims predominated over non-tort claims. Resolution of these issues does not result in application of § 13-17-201.

The Colorado Court of Appeals recently issued guidance for determining whether a state statutory claim should be characterized for purposes of applying § 13-17-201 in *Coats v. Dish Network, Inc.*, 303 P.3d 147, 153 (Colo.App. 2013). In *Coats*, the plaintiff asserted a single statutory claim under Colorado's Civil Rights Act, C.R.S. § 24-34-402.5. That claim was dismissed on Rule 12 grounds, and the defendant sought an award of fees under § 13-17-201, claiming that the statutory claim was tort-like in nature. *Id.* In determining whether the statute implicated tort concerns, the Court of Appeals looked to whether the statutory scheme was consistent with "the primary purpose of tort law[:] to compensate plaintiffs for injuries wrongfully suffered at the hands of others." *Id.* at 154. It found that the primary purpose of the Civil Rights Act was to abolish discrimination, with compensation to the aggrieved plaintiff only an "incidental" benefit. *Id.* It also found that the statutory scheme offered limited make-whole remedies, rather than the type of "broad compensation for pain and suffering, harm to reputation, emotional distress, and other injuries often available in a tort claim." *Id.* Thus, it concluded that the statutory claim was not the equivalent of a "tort," and thus, § 13-17-201 did not apply.

Assuming, without necessarily finding, that the *Coats* analysis applies to federal statutory claims as well, the question becomes whether the federal Copyright Act's primary purpose and remedial scheme are tort-like. (Because Ms. Shell asserts three state torts and three copyright

6

claims, the predominance analysis is resolved if the copyright claims are deemed to be "torts," regardless of how the other claims are construed.)

The Magistrate Judge cited to several cases in which courts have described federal copyright claims as being "in the nature of a tort." Without addressing these cases in detail (they mostly equate copyright claims to tort claims for purposes of ascertaining the existence of personal jurisdiction), this Court is not persuaded that they suffice to establish that copyright infringement claims are "torts" under the *Coats* analysis. Rather, the Court finds that, like the Colorado Civil Rights Act, the federal Copyright Act limits the remedies available to a plaintiff, precluding the type of non-economic damages awardable for on tort claims. The Copyright Act provides for remedies either in the form of "actual damages and any additional profits by the infringer" or specified "statutory damages," plus the potential for doubled damages in cases of willful infringement. 17 U.S.C. § 504. Like the Colorado Civil Rights Act, the Copyright Act does not offer tort-like damages for "pain and suffering," "emotional distress," etc. Moreover, like the Colorado Civil Rights Act, the Copyright Act is not necessarily directed at securing the rights of persons against injury; rather, it reflects a careful balancing of personal economic interests in creative works against the public interest in making derivative and other permissible uses of such works. *See generally* U.S. Const., Art. I, § 8, cl. 8; *Eldred v. Ashcroft*, 537 U.S. 186 (2003). As a result, the Copyright Act is replete with exceptions carving out permissible public use of copyrighted works to the detriment of the copyright holder. Thus, this Court does not agree that, under the test articulated in *Coats*, claims under the federal Copyright Act are tortious in nature.

There is another reason the Court is reluctant to treat a federal copyright claim as a tort so to allow the invocation of C.R.S. § 13-17-201. Congress has provided a statutory basis for the

7

award of attorney's fees in claims brought under the Copyright Act, leaving such an award to the Court's discretion. 17 U.S.C. § 505. If federal copyright claims are construed to be tort-like, such that an action with mixed federal copyright and state tort claims is dismissed under Rule 12, § 13-17-201 would suggest that an award of attorney's fees is <u>mandatory</u>, rather than discretionary, potentially subverting Congressional intent. This same reasoning prompted the Colorado Supreme Court to refuse to permit § 13-17-201 to operate where the "tort" claim in question was a claim brought pursuant to 42 U.S.C. § 1983, as 42 U.S.C. § 1988 conferred discretion on the court to award attorney's fees to a successful defendant in such circumstances. *State v. Golden's Concrete Co.*, 962 P.2d 919, 925-26 (Colo. 1998). Consequently, the Colorado Supreme Court deemed § 13-17-201 to be "preempted" by the federal statute governing fee awards. The same logic applies here: the Copyright Act provides discretion to courts in awarding attorney's fees in cases involving copyright claims, and that statute must necessarily preempt a state statute that would <u>require</u> such an award where federal copyright claims are implicated.

Accordingly, the Court finds that Ms. Shell's copyright claims cannot be considered "torts" in determining whether her tort claims predominated in this action. A similar analysis yields the conclusion that her federal statutory false advertising and antitrust claims also may not be considered "torts." *See e.g.* 15 U.S.C. § 1117 (specific damage scheme for false advertising claims under the Lanham Act); 15 U.S.C. § 4304 (specific scheme for awarding attorney's fees in antitrust cases). Thus, since her 5 federal statutory claims constitute the numerical majority of claims presented here, this Court cannot say that tort claims predominated here, such that § 13-17-201 applies.

Accordingly, the Court **OVERRULES** Ms. Shell's Objections **(# 1205)**. However, upon *de novo* review, the Court disagrees with the Magistrate Judge's Recommendation and **DECLINES** to adopt it. For the reasons set forth above, AFRA's Motion for Attorney's Fees **(#869)** is **DENIED**.

Dated this 10th day of September, 2013.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge