IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-00309-MSK-KMT

SUZANNE SHELL,

    Plaintiff,

v.

LEONARD HENDERSON, and
BRENDA SWALLOW,

    Defendants.

_____

**OPINION AND ORDER DENYING MOTIONS TO AMEND NOTICE OF APPEAL**
_____

**THIS MATTER** comes before the Court pursuant to Ms. Shell's Motion to Amend Notice of Appeal **(# 1258)**, former Defendant American Family Rights Association's ("AFRA") response **(# 1260)**, and Ms. Shell's reply **(# 1261)**.

An extended chronicle of this lengthy and heavily-contested litigation is unnecessary. It is sufficient to note that Ms. Shell, proceeding *pro se*, brought this action against numerous defendants, alleging claims of copyright infringement and various torts. Ms. Shell's claims against many of the Defendants were dismissed at the pleading stage; others were the subject of summary judgment awarded against Ms. Shell. Ultimately, claims against two Defendants proceeded to trial, but because these Defendants failed to appear at the scheduled trial, the Court deemed these Defendants in default and conducted a hearing pursuant to Fed. R. Civ. P. 55. At the conclusion of that hearing on October 1, 2013, the Court entered judgment **(# 1229)** in favor of Ms. Shell against Defendant Leonard Henderson, and against Ms. Shell in favor of Defendant Brenda Swallow.

Mr. Henderson promptly moved **(# 1231)** to alter or amend the judgment against him, and Ms. Shell later sought the Court's review **(# 1243)** of the Clerk of the Court's taxation of costs in her favor. Also pending at the time of entry of judgment was a motion by former Defendant AFRA for reconsideration **(# 1221)** of the Court's denial of its request for attorney fees against Ms. Shell. The Court resolved all of the outstanding motions in an Opinion and Order entered[1] on July 28, 2014 **(# 1249)**.

On August 19, 2014, Ms. Shell filed a Notice of Appeal **(# 1250)**, identifying only the July 28, 2014 Order as being the subject of the appeal.[2] That appeal proceeded through its initial stages before the 10th Circuit Court of Appeals. On September 9, 2014, Ms. Shell filed a motion before the 10th Circuit, requesting leave to "amend my Notice of Appeal" to encompass 35 additional interlocutory orders entered by the Magistrate Judge or the undersigned over the life of the case. On September 24, 2014, the 10th Circuit denied that motion as "not properly before this Court." It went on to explain:

> The time to appeal from the underlying judgment has run. Fed. R. App. P. 4(a)(1)(a) and Fed. R. App. P. 4(a)(4). In order for Appellant to file an amended notice of appeal, she must ask the district court to reopen the time to appeal. *See* Fed. R. App. P. 4(a)(6).

Ms. Shell then filed the instant motion in this Court.

Ms. Shell's motion speaks of "amending" her Notice of Appeal, but the Federal Rules of Appellate Procedure contemplate the notion of "amending" an existing notice only in circumstances where the party has timely appealed from an order or judgment and the District

---

[1] The Opinion and Order in question is dated July 25, 2014, but was entered on the docket on July 28, 2014. The Court will use the later date for purposes of the analysis here.

[2] Of the three matters decided in the July 28, 2014 Opinion and Order, only Ms. Shell's challenge to the taxation of costs was decided adversely to her, and thus, that would appear to be the only matter over which the 10th Circuit clearly has jurisdiction in her appeal.

Court subsequently rules on certain kinds of specified post-judgment motions; in such circumstances, the party may "amend" the existing Notice of Appeal to also include a challenge to the Court's subsequent ruling on the post-judgment motions as well.  *See* Fed. R. App. P. 4(a)(4)(B)(ii) (contemplating amendment of the Notice of Appeal where "a party intend[s] to challenge an order disposing of any [post-judgment] motion listed in Rule 4(a)(4)(A)," if such amendment is sought "within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion").  Nothing in the Federal Rules of Appellate Procedure seem to contemplate an "amendment" of the Notice of Appeal in the form Ms. Shell seeks: an attempt, made after the time provided by Rule 4(a)(1)(A) has elapsed, to modify the Notice of Appeal to reflect a challenge to pre-existing court orders that were omitted, mistakenly or otherwise, from the original Notice of Appeal.

The 10th Circuit's September 24, 2014 Order indicates that it construes Ms. Shell's motion as one seeking "to reopen the time for appeal" under Fed. R. App. P. 4(a)(6).  Under Rule 4(a)(6), this Court may "reopen the time to file an appeal" for a brief period, "but only if <u>all</u> the following conditions are satisfied." (Emphasis added.)  The Court need not recite all of the listed conditions as Ms. Shell fails to demonstrate the first: that she "did not receive notice . . . of the entry of the judgment or order sought to be appealed within 21 days after entry."  Fed. R. App. P. 4(a)(6)(A).  Regardless of whether one deems the "judgment or order sought to be appealed" to mean the 35 various interlocutory orders she lists in her proposed Amended Notice of Appeal; the October 1, 2013 Judgment that operated to render final those various interlocutory orders; or the July 28, 2014 Order that resolved the remaining post-judgment motions that operated to start the appeal clock running by operation of Fed. R. App. P. 4(a)(4)(B)(ii), the fact remains that Ms. Shell does not allege that she was not timely served with any such order or judgment.  Put

another way, Ms. Shell does not contend that her failure to list the 35 interlocutory orders in her Notice of Appeal was because she lacked knowledge that those orders had been entered; rather, her motion makes clear that she "intended" to include all of those orders within her Notice, but failed to do so because she misunderstood what the Notice was required to contain.  Thus, the Court cannot grant her relief pursuant to Fed. R. App. P. 4(a)(6).

The Federal Rules of Appellate Procedure contemplate a second means by which a District Court might extend the time in which a party may file a Notice of Appeal.  Fed. R. App. P. 4(a)(5) permits this Court to extend the time to file such a notice if: (i) the party moves for such relief within 30 days after the time for appealing under Rule 4(a)(1) has expired, and (ii) the party shows "excusable neglect and good cause" for an extension.  Fed. R. App. P. 4(a)(5)(A)(i), (ii). The Court assumes, without necessarily finding, that Ms. Shell's motion is timely under the first requirement.[3]

However, the Court finds that Ms. Shell has not established the second requirement: excusable neglect.  Ms. Shell explains that her failure to include the 35 interlocutory orders in her initial Notice of Appeal was due to "ambiguous instructions I was able to find for filling out [the Notice of Appeal] form" and her misunderstanding that identifying only the last order in the case "would include all issues I intended to bring."  In *Goldwyn v. Donahoe*, 562 Fed.Appx. 655, 657-78 (10th Cir. 2014) (unpublished), the 10th Circuit held that a *pro se* litigant's "inexperience[ ] and ignoran[ce] of procedures" in filing an untimely Notice of Appeal did not constitute excusable neglect warranting an extension of time under Rule 4(a)(5), as "excusable neglect is

---

[3]     Assuming that, by operation of Rule 4(a)(4)(A)(iv), the Court's July 28, 2014 Order resolving Mr. Henderson's Rule 59 motion operated to start Rule 4(a)(1)(A)'s 30-day time for filing a Notice of Appeal running, Ms. Shell had 60 days (30 from Rule 4(a)(1)(A), and 30 more from Rule 4(a)(5)(A)(i)) from that date to move for an extension of the time to file a Notice of Appeal.  60 days from July 28, 2014 is September 26, 2014, and Ms. Shell's instant motion was filed on September 24, 2014.

not established simply by lack of familiarity with federal procedure," c*iting Weinstock v. Cleary, Gottlieb, Steen & Hamilton*, 16 F.3d 501, 503 (2d Cir. 1994), and because "*pro se* litigants are held to the same rules of procedure which apply to other litigants," *citing Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). *See also Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 392 (1993) ("inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect").  Although the Court is mindful of Ms. Shell's *pro se* status and her apparent lack of familiarity with federal procedure, *Goldwyn* teaches that when such unfamiliarity is the sole explanation for an untimely or incomplete Notice of Appeal, the result cannot be characterized as "excusable neglect" for purposes of Rule 4(a)(5).[4]

Accordingly, the Court finds nothing in the Federal Rules of Appellate Procedure that would permit Ms. Shell to "amend" her existing Notice of Appeal or otherwise entitle her to now

---

[4] Even assuming that *Goldwyn* was distinguishable, this Court has also independently considered the four *Brunswick* factors for purposes of determining whether Ms. Shell's actions reflect "excusable neglect." Although three of those factors (prejudice to the Appellees, the length of the delay, and the appellant's good faith) tip in favor of finding excusable neglect on Ms. Shell's part, the fourth factor, the reason for the delay, tips against Ms. Shell as the mistakes she made were within her control. Being "the most important single factor" in the analysis, that fourth factor is sufficient to overcome the other three. *Biodiversity Conservation Alliance v. Bureau of Land Mgmt.*, 438 Fed.App. 669, 672-72 (10th Cir. 2011).

file a new Notice of Appeal encompassing the 35 interlocutory orders. The motion **(# 1258)** is therefore **DENIED**.

Dated this 5th day of December, 2014.

**BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
Chief United States District Judge